# EXHIBIT F

# UNITED STATES OF AMERICA
## BEFORE FEDERAL TRADE COMMISSION

COMMISSIONERS:  **Jon Leibowitz, Chairman**
**J. Thomas Rosch**
**Edith Ramirez**
**Julie Brill**
**Maureen K. Ohlhausen**

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| **CoStar Group, Inc.** | ) |
| a corporation, | )  **Docket No. C-4368** |
| | ) |
| **Lonestar Acquisition Sub, Inc.** | ) |
| a corporation, | ) |
| | ) |
| **and** | ) |
| | ) |
| **LoopNet, Inc.** | ) |
| a corporation. | ) |
| | ) |

## DECISION AND ORDER
### [Redacted Public Version]

The Federal Trade Commission ("Commission") having initiated an investigation of the proposed acquisition by Respondent CoStar Group, Inc., and Respondent Lonestar Acquisition Sub, Inc., of Respondent LoopNet, Inc., and Respondents having been furnished thereafter with a copy of a draft Complaint that the Bureau of Competition proposed to present to the Commission for its consideration and which, if issued by the Commission, would charge Respondents with violations of Section 7 of the Clayton Act, as amended, 15 U.S.C. § 18, and Section 5 of the Federal Trade Commission Act, as amended, 15 U.S.C. § 45; and

Respondents, their attorneys, and counsel for the Commission having thereafter executed an Agreement Containing Consent Order ("Consent Agreement"), containing an admission by Respondents of all the jurisdictional facts set forth in the aforesaid draft Complaint, a statement that the signing of said Consent Agreement is for settlement purposes only and does not constitute an admission by Respondents that the law has been violated as alleged in such Complaint, or that the facts as alleged in such Complaint, other than jurisdictional facts, are true, and waivers and other provisions as required by the Commission's Rules; and

The Commission having thereafter considered the matter and having determined that it

had reason to believe that Respondents have violated the said Acts, and that a Complaint should issue stating its charges in that respect, and having accepted the executed Consent Agreement and placed such Consent Agreement on the public record for a period of thirty (30) days for the receipt and consideration of public comments, and having carefully considered the comments received from interested persons, and having modified the Decision and Order in certain respects, now in further conformity with the procedure described in Commission Rule 2.34, 16 C.F.R. § 2.34, the Commission hereby makes the following jurisdictional findings and issues the following Decision and Order ("Order"):

    1.    CoStar Group, Inc. is a corporation organized, existing and doing business under and by virtue of the laws of the state of Delaware, with its office and principal place of business located at 1331 L Street, NW, Washington, DC 20005.

    2.    Lonestar Acquisition Sub, Inc. is a wholly-owned subsidiary of CoStar Group, Inc., and is a corporation organized, existing and doing business under and by virtue of the laws of the state of Delaware, with its office and principal place of business located at 1331 L Street, NW, Washington, DC 20005.

    3.    LoopNet, Inc. is a corporation organized, existing and doing business under and by virtue of the laws of the state of Delaware, with its office and principal place of business located at 185 Berry Street, Suite 4000, San Francisco, CA 94107.

    4.    The Commission has jurisdiction over the subject matter of this proceeding and of Respondents, and the proceeding is in the public interest.

## ORDER

## I.
## Definitions

**IT IS ORDERED** that, as used in this Order, the following definitions shall apply:

### DEFINITIONS OF PERSONS

A.    "Commission" means the Federal Trade Commission.

B.    "CoStar" or "Respondent CoStar" means CoStar Group, Inc., its directors, officers, employees, agents, representatives, predecessors, successors, and assigns; and its joint ventures, subsidiaries, divisions, groups and affiliates controlled by CoStar Group, Inc., and the respective directors, officers, employees, agents, representatives, predecessors, successors, and assigns of each. After the Acquisition Date, CoStar includes LoopNet.

C.    "DMGI" means DMG Information, Inc., a corporation organized, existing, and doing business under and by virtue of the laws of Delaware, with its offices and principal place

2

of business located at 3 Stamford Landing, Suite 400, 46 Southfield Avenue, Stamford, CT 06902.

D.    "LoopNet" or "Respondent LoopNet" means LoopNet, Inc., its directors, officers, employees, agents, representatives, predecessors, successors, and assigns; and its joint ventures, subsidiaries, divisions, groups and affiliates controlled by LoopNet, Inc., and the respective directors, officers, employees, agents, representatives, predecessors, successors, and assigns of each.

E.    "Lonestar" or "Respondent Lonestar" means Lonestar Acquisition Sub, Inc., its directors, officers, employees, agents, representatives, predecessors, successors, and assigns; and its joint ventures, subsidiaries, divisions, groups and affiliates controlled by Lonestar Acquisition Sub, Inc., and the respective directors, officers, employees, agents, representatives, predecessors, successors, and assigns of each.

F.    "Person" means any individual, partnership, joint venture, firm, corporation, association, trust, unincorporated organization, joint venture, or other business or governmental entity, and any subsidiaries, divisions, groups or affiliates thereof.

G.    "Xceligent" means Xceligent, Inc., a corporation, organized, existing, and doing business under and by virtue of the laws of the state of Missouri, with its office and principal place of business located at 4231 S. Hocker Dr., Building 13, Independence, MO 64055.

## GENERAL DEFINITIONS

H.    "Acquirer" means DMGI or any other Person approved by the Commission to acquire the Xceligent Interest and the LoopNet Assets.

I.    "Acquisition" means the proposed acquisition of LoopNet, Inc., by Respondent CoStar pursuant to an Agreement and Plan of Merger dated April 27, 2011, among LoopNet, Inc., CoStar Group, Inc., and Lonestar Acquisition Sub, Inc.

J.    "Acquisition Date" means the date the Acquisition closes and is consummated.

K.    "Commercial Real Estate" or "CRE" means land or real property in the United States, with or without any structures, fixtures, or other improvements of any kind, used at any time, suitable for use, or offered for sale or lease solely or primarily for retailing, manufacturing, shipping, governmental, the exploitation of natural resources, commercial, or business purposes of any kind. Commercial Real Estate includes residential structures containing five or more units used as short-term residences (e.g., hotels and motels) or as long-term residences (e.g., condominium and apartment buildings).

L.    "Commercialsearch.com" means a domain name currently assigned to LoopNet under the rules of the International Corporation for Assigned Names and Numbers, and the rights in such domain name appurtenant to such assignation, but not the content or files associated with such domain name.

3

M. "CoStar Competitor" means any Person (other than Respondents) who regularly markets, sells, or licenses CRE Listings or CRE Information; *provided, however*, a Person that supplies CRE Listings or CRE Information as part of such Person's CRE brokerage or appraisal services shall not be considered a CoStar Competitor.

N. "CoStar Database" means an organized collection of CRE Listings or CRE Information owned solely by Respondent CoStar (including such materials as may be licensed from third parties) supporting CoStar's CRE Product Offerings, whether stored digitally, electronically, magnetically, or in any other format.

O. "CoStar Sales Market" means each CoStar sales market listed on Appendix A.

P. "CRE Information" means information or databases containing property-level information (e.g., information about specific real property or structures) about Commercial Real Estate gathered and made available primarily to enable users to locate, research, or evaluate Commercial Real Estate. CRE Information includes, but is not limited to, Commercial Real Estate addresses, the prices at which property has been offered for lease or sale, the prices at which comparable property has been offered, leased or sold in the past, lease histories, property descriptions, detailed floor plans, photographs, tenant history, and vacancy rates. CRE Information does not include (i) Commercial Real Estate market analyses, market forecasts, or market projections prepared based upon the information gathered concerning Commercial Real Estate, (ii) software applications or products (and any related software integration services) offered for sale or lease, or sold or leased separately, from data relating to Commercial Real Estate. CRE Information does not include information or databases relating to the rental or leasing of residential units in residential structures containing five or more residential units, or the sale of individual units in such structures, which information or databases are not used by purchasers or sellers (or agents for purchasers or sellers) of residential structures containing five or more residential units to locate, research, or evaluate Commercial Real Estate, or to list Commercial Real Estate for sale or lease.

Q. "CRE Listings" means the information or a collection of information concerning Commercial Real Estate available for lease or for sale. CRE Listings includes, but is not limited to, Commercial Real Estate addresses, price information, square footage, photographs, narrative descriptions of the property, and Representative's contact information.

R. "CRE Product Offerings" means the offering, sale, lease, licensing, or other provision of data or other information from or constituting databases containing CRE Listings or CRE Information, and services and product support relating primarily to the offering, sale, lease or other provision of CRE Listings or CRE Information. CRE Product Offerings shall be defined as CoStar Property, CoStar COMPS, CoStar Tenant, LoopNet Premium Lister, and LoopNet Premium Searcher, and any modified or successor versions of those products (regardless of their names) that, in whole or in part, are functionally equivalent or substantially similar to them.

S. "Currently Restricted Customer" means the Customers described on Confidential Appendix B.

4

T.  "Customer" means any Person who purchases, leases, licenses, subscribes to, or otherwise acquires a right to use one or more CRE Product Offerings marketed, sold, licensed, or otherwise made available by Respondents.

U.  "Customer Contract(s)" means any oral or written agreement between Respondents and any other Person for the sale, lease, license, subscription to, or other authorized use of one or more CRE Product Offerings marketed, sold, licensed, or otherwise made available by Respondents.

V.  "Divestiture Agreement(s)" means:

1.  The Purchase Agreement between Xceligent, Inc., Xceligent Holdings, Inc., DMG Information, Inc., and CoStar Group, Inc. (dated March 28, 2012), or any other agreement(s) approved by the Commission that effectuate the divestiture of the Xceligent Interest and the LoopNet Assets as required by this Order; or,

2.  Any other agreements between or among the Respondents, the Divestiture Trustee, and an Acquirer approved by the Commission that effectuate the divestiture of the Xceligent Interest and the LoopNet Assets as required by this Order.

W.  "Divestiture Date" means the date the Divestiture required by this Order is completed.

X.  "Divestiture Trustee" means the trustee appointed by the Commission pursuant to the relevant provisions of this Order.

Y.  "Divestiture Trustee Agreement" means any agreement between Respondents and the Divestiture Trustee approved by the Commission pursuant to the relevant provisions of this Order.

Z.  "Future Restricted Customer" means a Customer having a Customer Contract in effect at any time after the date the Agreement Containing Consent Order is executed by any one of the Respondents that:

1.  Permits the Customer to receive a data extract or the right to maintain data from a CoStar Database in the Customer's database; and,

2.  Conditions, restricts, or otherwise limits the Customer in a manner consistent with this Order from providing or furnishing CRE Information or CRE Listings derived independently from the CoStar Database to a CoStar Competitor.

AA.  "Intellectual Property" means any type of intellectual property, including all rights to intellectual property owned by any third party, and including without limitation, copyrights, trademarks, domain names, trade dress, trade secrets, customer data, customer lists, techniques, data, inventions, patents, practices, methods and other confidential know-how and proprietary technical, business, financial, research, or development information.

BB.  "LoopNet Assets" means:

1.  All of LoopNet's rights, title, and interest in Commercialsearch.com; and,

5

2.     LoopNet Customer Data.

CC.     "LoopNet Customer Data" means a copy of an electronic data compilation transferable via an internet download, external hard drive, or some other technically feasible and commercially reasonable manner compatible with the information technology systems of Respondents, the Acquirer, and Xceligent that includes, for each of the geographic areas listed on Confidential Appendix C:

1.     The customer or company name, street address, phone number, and name of a natural Person who is a contact for each Person who has entered, updated, imported, or electronically modified from January 1, 2009, to the Divestiture Date listings for the sale or lease of Commercial Real Estate in any database created, maintained, marketed, or sold by LoopNet on LoopNet.com, but not including listings solely maintained on LandAndFarm.com, LandsOfAmerica.com, Cityfeet.com, BizBuySell.com, and BizQuest.com; and,

2.     The number (e.g., quantity) of the listings, by customer and by listing type (e.g., office, industrial, mixed-use), that have been entered, updated, imported, or electronically modified from January 1, 2009, to the Divestiture Date in any database created, maintained, marketed, or sold by LoopNet on LoopNet.com, but not including listings solely maintained on LandAndFarm.com, LandsOfAmerica.com, Cityfeet.com, BizBuySell.com, and BizQuest.com.

DD.     "Monitor" means any Monitor appointed by the Commission pursuant to the relevant provisions of this Order.

EE.     "Monitor Agreement" means any agreement between Respondents and the Monitor approved by the Commission pursuant to the relevant provisions of this Order.

FF.     "Non-Competition Restriction" means any contractual provision, or any restriction based on or arising from common law, that directly or indirectly restricts the ability or legal right of a Potential Employee to:

1.     Accept employment or enter into an agency relationship with the Acquirer or Xceligent; or,

2.     Otherwise participate, directly or indirectly, in any business of the Acquirer or Xceligent.

GG.     "Non-Represented Property" means Commercial Real Estate for which a Person does not act, or in the prior 48 months has not acted, as a Representative.

HH.     "Non-Solicitation Restriction" means any contractual provision, or any restriction based on or arising from common law, that directly or indirectly restricts the ability or legal right of a Potential Employee to solicit, to provide any services or information (other than Respondent Confidential Information) to, to receive any information from, or otherwise contact any past, current, future, or potential customer, supplier, agent, or employee of the Acquirer or Xceligent.

II.     "Order Date" means the date this Order becomes final.

6

JJ.  "Potential Employee(s)" means all Persons employed by Respondent LoopNet at any time between April 27, 2011, and the Divestiture Date, but not including those Persons listed on Confidential Appendix D to this Order.

KK.  "REApplications" means the web-based software marketed, leased or sold to customers as REApplications and used by them for managing market research (including property inventory), listings and comparables, commissions, customer relationships, project tracking, and transactions.

LL.  "Record Keeping Requirements" means, with respect to any CRE Listings or CRE Information relating to Non-represented Property provided by a Customer to a CoStar Competitor, a log or other record certified by the Customer that includes:

    1.  The source and manner of collection of the CRE Listings or CRE Information;

    2.  The date(s) the information was gathered and the name of the Person who gathered it;

    3.  A copy of the CRE Listings or CRE Information provided to the CoStar Competitor; and,

    4.  The name of the CoStar Competitor to whom the CRE Listings or CRE Information was provided and the date it was provided.

MM.  "Relevant Information" means any knowledge or information that directly or indirectly relates to the:

    1.  Collection, organization, or research of CRE Listings or CRE Information;

    2.  Marketing or sale of CRE Listings or CRE Information; or,

    3.  The business of LoopNet.

        *Provided, however*, Relevant Information does not include:

        a.  Any electronic, magnetic, or paper reproduction, or copy in any format, of all or any part of any CRE Listings or CRE Information database owned solely by LoopNet; or,

        b.  Respondent Confidential Information.

NN.  "Relevant Person" means any Potential Employee:

    1.  Who has accepted an offer of employment from, or entered into an agency relationship with, the Acquirer or Xceligent at any time between the date the Agreement Containing Consent Order was signed and six (6) months after the Order Date; or

    2.  Whose employment has been terminated by Respondents, at any time between the date the Agreement Containing Consent Order was signed and six (6) months after the date this Order becomes final, and who has accepted an offer of employment from, or entered into an agency relationship with, the Acquirer or Xceligent.

OO.    "Relevant Restriction" means any:

1.    Non-Competition Restriction;

2.    Non-Solicitation Restriction; and,

3.    Restriction On The Use Of Relevant Information In Memory.

PP.    "Representative" means a Person who has been retained, whether exclusively or jointly with other Persons:

1.    To act as an agent to market the lease or sale of Commercial Real Estate, or to identify or negotiate with Persons interested in leasing or purchasing Commercial Real Estate, as a listing agent or broker; or,

2.    To act as an agent to manage or operate all or any portion of Commercial Real Estate.

QQ.    "Represented Property" means Commercial Real Estate for which a Person acts, or in the prior 48 months has acted, as a Representative.

RR.    "Respondent Confidential Information" means any material, non-public information of Respondents relating to patents, technologies, processes, and future or planned products, or corporate-level marketing methods, business plans, and business strategies, including:

1.    Design structure, technical specifications, databases, software structure, sequence and organization, and software source code related to LoopNet's proprietary CRE listings search and display database technology;

2.    Design structure, technical specifications, databases, software structure, sequence and organization and software source code related to LoopNet's proprietary models used in search engine marketing and search engine optimization; and,

3.    Design structure, technical specifications, databases, software structure, sequence and organization and software source code related to LoopNet's proprietary models used to analyze LoopNet's community of users for the purpose of identifying and scoring sales leads.

4.    Without limiting the foregoing, Respondent Confidential Information does not include information of or relating to CRE Product Offerings, past or present pricing, marketing methods and practices, or sales methods and practices used by Potential Employees in the ordinary course of their duties in offering for lease or sale, or leasing or selling, CRE Product Offerings to Customers.

*Provided, however*, that Respondent Confidential Information shall not include:

a.    Information that is in the public domain;

b.    Information that is not in the public domain when received by a Person and thereafter becomes public through no act or failure to act by the Person who received it;

c.    Information that a Person develops or obtains independently, without violating any applicable law or this Order; and,

8

<table>
<tr><td></td><td>d.</td><td>Information that becomes known to Respondents from a third party not in breach of applicable law or a confidentiality obligation with respect to the information.</td></tr>
</table>

SS. "Restricted Customer" means all Currently Restricted Customers and all Future Restricted Customers.

TT. "Restriction On The Use Of Relevant Information In Memory" means any contractual provision, or any restriction based on or arising from common law, that directly or indirectly restricts the ability or legal right of a Potential Employee to use Relevant Information:

1. Obtained by the Potential Employee at any time that the Potential Employee was an officer, director, employee, or agent of LoopNet; and,

2. Retained by the Potential Employee only in his or her memory after ceasing to be an officer, director, employee, or agent of LoopNet.

UU. "Xceligent Confidential Information" means any material non-public information relating to Xceligent either prior to or after the Divestiture Date, including, but not limited to, all customer lists, price lists, marketing methods, patents, technologies, processes, future or planned products or business strategies, or other trade secrets, and that is:

1. Obtained by Respondents prior to the Acquisition Date; or,

2. Obtained by Respondents after the Acquisition Date, in the course of performing Respondents' obligations under this Order or under any agreement with an Acquirer.

   *Provided, however*, that Xceligent Confidential Information shall not include:

   a. Information that is in the public domain when received by Respondents;
   b. Information that is not in the public domain when received by Respondents and thereafter becomes public through no act or failure to act by Respondents;
   c. Information that Respondents develops or obtains independently, without violating any applicable law or this Order; and
   d. Information that becomes known to Respondents from a third party not in breach of applicable law or a confidentiality obligation with respect to the information.

VV. "Xceligent Database" means an organized collection of data owned solely by Xceligent (including the materials licensed from third parties), whether stored digitally, electronically, magnetically, or in any other format.

WW. "Xceligent Interest" means all of CoStar's or LoopNet's right, title, and interest in Xceligent, Inc.

9

## II.

**IT IS FURTHER ORDERED** that:

A.  Not later than five (5) calendar days after the Acquisition Date, Respondents shall divest, absolutely and in good faith, the Xceligent Interest and the LoopNet Assets to DMGI pursuant to and in accordance with the Divestiture Agreement.

*Provided, however*, if Respondents have divested the Xceligent Interest and the LoopNet Assets to DMGI prior to the Order Date, and if at the time the Commission determines to make this Order final and effective the Commission notifies Respondents that DMGI is not an acceptable acquirer of the Xceligent Interest and the LoopNet Assets, then Respondents shall immediately rescind the transaction with DMGI, in whole or in part, as directed by the Commission, and shall divest the Xceligent Interest and the LoopNet Assets within five (5) months of the Order Date, absolutely and at no minimum price, to an Acquirer that receives the prior approval of the Commission and in a manner that receives the prior approval of the Commission.

*Provided further, however*, if Respondents have divested the Xceligent Interest and the LoopNet Assets to DMGI prior to the Order Date, and if at the time the Commission determines to make this Order final and effective the Commission notifies Respondents that the manner of the divestiture is not acceptable, the Commission may direct Respondents, or direct a Divestiture Trustee, to effect such modifications to the manner of divestiture of Xceligent Interest and the LoopNet Assets as the Commission may determine are necessary to satisfy the requirements of the Order.

B.  The Divestiture Agreement:

1.  May require the Acquirer to obtain Xceligent's consent that the Monitor may review and audit, upon Respondent's request and at Respondents' sole cost and expense and not more than once per six-month period, for a period ending on the fifth anniversary of the Divestiture Date, the Xceligent Database and the records supporting the Xceligent Database for the purpose of confirming and verifying that Xceligent has not obtained any CRE Listings or CRE Information derived improperly from any CoStar Database.

*Provided, however*, that upon Respondents' request and at Respondents' sole cost and expense, and in the discretion of the Monitor in consultation with the Commission's staff, the Monitor may conduct one additional audit per twelve-month period consistent with the requirements above if Respondents provide information and documents to the Monitor sufficient to establish to the satisfaction of the Monitor and the Commission's staff that there is good cause to believe that the Xceligent Database contains any CRE Listings or CRE Information derived improperly from any CoStar Database.

*Provided further*, that if at Respondents' request the Acquirer obtains Xceligent's consent for the Monitor to review and audit the Xceligent Database and the

10

records supporting the Xceligent Database as provided in Paragraph II.B.1. above, the Divestiture Agreement shall also require Respondents to consent, upon the Acquirer's or Xceligent's request and at the Acquirer's or Xceligent's sole cost and expense and not more than once per six-month period, for a period ending on the fifth anniversary of the Divestiture Date, to permit the Monitor to review and audit the CoStar Database and the records supporting the CoStar Database for the purpose of confirming and verifying that Respondents have not obtained any CRE Listings or CRE Information derived improperly from any Xceligent Database.

*Provided further*, that upon the Acquirer's or Xceligent's request and at the Acquirer's or Xceligent's sole cost and expense, and in the discretion of the Monitor in consultation with the Commission's staff, the Monitor may conduct one additional audit per twelve-month period consistent with the requirements above if the Acquirer or Xceligent provides information and documents to the Monitor sufficient to establish to the satisfaction of the Monitor and the Commission's staff that there is good cause to believe that the CoStar Database contains any CRE Listings or CRE Information derived improperly from any Xceligent Database.

2. For a period of three (3) years following the Divestiture Date, may require Respondents (through another Person mutually acceptable to Respondents and the Acquirer), upon the Acquirer's written request exercisable at such time as Xceligent commences the marketing, sale, or lease of CRE Product Offerings in each of the geographic areas listed on Confidential Appendix C, on a one-time per geographic area basis:

   a. To prepare an email that provides notice that Xceligent has or will commence the marketing and sale of CRE Listings or CRE Information, contains a brief description of the products that Xceligent will offer, states the date that Xceligent will begin offering those products, and provides information reasonably sufficient to permit Customers to contact Xceligent for additional information or to request Xceligent to contact the Customer; and,

   b. To transmit, within thirty (30) days of Respondents' receipt of Xceligent's written request, one such email to each Person that (before or after the Acquisition Date), at any time within three (3) years prior to the date of Xceligent's written request, entered, updated, imported, or electronically modified listings for the sale or lease of Commercial Real Estate in any database created, maintained, marketed, or sold by LoopNet on LoopNet.com, but not including listings solely maintained on LandAndFarm.com, LandsOfAmerica.com, Cityfeet.com, BizBuySell.com, and BizQuest.com.

C. Notwithstanding any term of the Divestiture Agreement, Respondents shall divest, and transfer and deliver to the Acquirer, the LoopNet Customer Data in a form and manner that is consistent with the purposes of the Order.

11

D. Respondents:

1. Shall, not fewer than thirty five (35) days prior to the Acquisition Date, provide the Acquirer or Xceligent with an opportunity to interview any one or more of the Potential Employees in a manner (including, but not limited to, interviewing any one or more Potential Employees outside of the presence of any employee or agent of Respondent CoStar or Respondent LoopNet) sufficient to enable the Acquirer or Xceligent to determine whether to make offers of employment to them or to enter into agency relationships with them.

   *Provided, however*, that if Respondent divests the Xceligent Interest and LoopNet Assets to DMGI pursuant to Paragraph II.A., then such divestiture shall satisfy the timing requirements of this Paragraph II.D.1.;

2. Shall, not fewer than twenty five (25) days prior to the Acquisition Date, provide the Acquirer or Xceligent with an opportunity, upon the request of a Potential Employee, to review the personnel files of all of the Potential Employees in a manner sufficient to enable the Acquirer or Xceligent to determine whether to make offers of employment to any one or more of them.

   *Provided, however*, that if Respondent divests the Xceligent Interest and LoopNet Assets to DMGI pursuant to Paragraph II.A., then such divestiture shall satisfy the timing requirements of this Paragraph II.D.2.;

3. Shall not in any way, between the date the Agreement Containing Consent Order was signed and six (6) months after the date the Order becomes final, prohibit, hinder, or interfere with:

   a. The Acquirer or Xceligent making offers of employment to, employing, or entering into agency relationships with (including, but not limited to, retention as independent contractors or consultants), any one or more of the Potential Employees; and,

   b. Any one or more of the Potential Employees accepting any offers of employment or entering into agency relationships with the Acquirer or Xceligent;

4. Shall provide all Potential Employees employed by Respondent LoopNet as of the date the Agreement Containing Consent Order is executed by Respondent LoopNet with reasonable financial incentives to continue in their positions until the Divestiture Date. Such incentives shall include, but are not limited to, a continuation of all such employee benefits (including offering Potential Employees the same employee benefits to LoopNet's employees prior to the Acquisition), including regularly scheduled raises, bonuses, and vesting of pension benefits (as permitted by law and for Potential Employees covered by a pension plan), offered by Respondents;

5. Shall waive, and not threaten to enforce or enforce against any Relevant Person, the Acquirer, Xceligent, or any customer or supplier of the Acquirer or Xceligent, any Relevant Restriction relating directly or indirectly to a Relevant Person;

12

6. Shall not:

    a. For a period of one (1) year following the date upon which each Potential Employee becomes an employee of the Acquirer or Xceligent, directly or indirectly, solicit or otherwise attempt to induce any such Potential Employee to terminate his or her employment with the Acquirer or Xceligent; and,

    b. For a period of one (1) year following the Divestiture Date, directly or indirectly, solicit or otherwise attempt to induce any employee of the Acquirer or Xceligent to terminate his or her employment with the Acquirer or Xceligent;

*Provided, however*, Respondents may:

    (i) Advertise for employees in newspapers, trade publications or other media, or engage recruiters to conduct general employee searches for employees, in each either case not targeted specifically at employees of the Acquirer or Xceligent; and,

    (ii) Hire Potential Employees who become employees of the Acquirer or Xceligent, or other employees of the Acquirer or Xceligent, who apply for employment with Respondents, so long as such employees were not solicited by Respondents in violation of this Order;

*Provided further*, that this Paragraph shall not prohibit Respondents from making offers of employment to or employing Persons: (i) who were Potential Employees and who became employees of the Acquirer or Xceligent; or, (ii) who were employees of the Acquirer or Xceligent, if the Acquirer or Xceligent has notified Respondents the Acquirer or Xceligent has terminated the employment of such Person; and,

7. Shall not threaten to seek or seek any damages or injunctive relief against any Relevant Person, the Acquirer, Xceligent, or any customer or supplier of the Acquirer or Xceligent for the violation of any Relevant Restriction relating directly or indirectly to a Relevant Person.

E. Respondents shall not seek, directly or indirectly, pursuant to any dispute resolution mechanism incorporated in any Divestiture Agreement or in this Order, a decision the result of which would be inconsistent with the terms or achieving the purposes of this Order.

F. Respondents shall comply with all terms of the Divestiture Agreement, and any breach by Respondents of any term of the Divestiture Agreement shall constitute a violation of this Order. If any term of the Divestiture Agreement varies from the terms of this Order ("Order Term"), then to the extent that Respondents cannot fully comply with both terms, the Order Term shall determine Respondents' obligations under this Order. Any modification of the Divestiture Agreement, without the prior approval of the

13

Commission, or any failure to meet any material condition precedent to closing (whether waived or not), shall constitute a failure to comply with this Order.

G.    The purpose of the divestiture of the Xceligent Interest and the LoopNet Assets is to preserve Xceligent as an independent, viable, and effective competitor in the relevant markets in which Xceligent was engaged at the time of the announcement of the Acquisition, to facilitate Xceligent's expansion of its product line and its geographic coverage, and to remedy the lessening of competition resulting from the Acquisition as alleged in the Commission's Complaint.

## III.

**IT IS FURTHER ORDERED** that, acting directly or indirectly, or through any corporate or other device, in connection with the actual or potential marketing, sale, or other provision of CRE Listings or CRE Information, in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act:

A.    For five (5) years after the Order Date, Respondents shall cease and desist from inviting, entering into, implementing, continuing, enforcing, or attempting or threatening thereto, any existing or future oral or written condition, requirement, policy, agreement, contract or understanding (in effect on the Order Date or that goes into effect after the Order Date) with any Customer that:

1.    Directly or indirectly prohibits or restricts a Customer from providing any CoStar Competitor (including, but not limited to, the Acquirer and Xceligent) CRE Listings or CRE Information that relates to Represented Property or Non-represented Property, which CRE Listings or CRE Information was obtained or derived by the Customer from a source other than a CoStar Database.

*Provided, however*, that Respondents may condition its agreement to any written contract or contractual amendment with a Restricted Customer on such Restricted Customer's agreement that the contract include provisions that:

    i.    Prohibit such Restricted Customer from downloading or otherwise providing all or any portion of a CoStar Database to any Person; and,

    ii.    Prohibit such Restricted Customer from entering into any written or oral agreement or understanding with any CoStar Competitor to employ, retain, or otherwise make available to the CoStar Competitor on a regular or recurring basis any employees or agents of the Restricted Customer for the purpose of gathering or collecting and providing to the CoStar Competitor any CRE Information or CRE Listings;

    iii.    Require such Restricted Customer to comply with Record Keeping Requirements for Non-represented Properties provided to any CoStar Competitor; and,

14

iv.   Require such Restricted Customer to permit the Monitor to review and audit, at Respondents' sole expense and cost and no more than once each calendar quarter, such Restricted Customers' compliance with the requirements of Paragraph III.A.1.(i)–(iii) above;

*Provided, however*, Respondents shall not require the Restricted Customer to provide the Respondents with any information or conclusions directly or indirectly relating to any review or audit of any Person conducted by the Monitor;

2.   Directly or indirectly prohibits a Customer from subscribing to any service provided by, or purchasing access to any database containing CRE Listings or CRE Information from, a CoStar Competitor;

3.   Directly or indirectly prohibits or otherwise restricts a Customer from purchasing a passive ownership or equity interest of up to twenty percent (20%) in a CoStar Competitor.

*Provided, however*, Respondents may prohibit or restrict a Customer from participating in the management (other than voting its shares of stock in any corporation or exercising its rights as a limited partner of a limited partnership) of a CoStar Competitor.

*Provided further*, Respondents may require that any Customer purchasing a passive ownership or equity interest of more than ten percent (10%) and less than twenty percent (20%) in a CoStar Competitor enter into a written agreement that requires such Customer to adhere to the provisions stated in Paragraph III.A.1.(i)–(iv) above; and,

4.   Directly or indirectly prohibits a Customer from publicly endorsing or recommending that Persons subscribe to any service provided by, or purchase access to any database containing CRE Listings or CRE Information from, a CoStar Competitor.

B.   For five (5) years after the Order Date, Respondents shall:

1.   Allow each Customer who is a party to a Customer Contract, written agreement, contract or understanding (whether in effect on or after the Order Date) having a term longer than one (1) year the right, on a one-time basis, for no or any cause, without payment or penalty of any kind, to terminate the Customer Contract, written agreement, contract, or understanding by delivering to Respondents a written notice of the Customer's intent to terminate at least one (1) year prior to the effective date of termination;

2.   Include in any Customer Contract, written agreement, contract or understanding executed or formed after the Order Date a right of termination consistent with Paragraph III.B.1.; and,

3.   Not modify its usual and customary practices and policies relating to the terms or periodic renewal cycle of Customer Contracts (including, but not limited to,

15

adopting practices or policies that result in either, (i) a significant increase in the number of Customer Contracts having terms longer than one (1) year; or, (ii) a significant increase in the number of Customer Contracts expiring in the same calendar quarter), in either case with the intent or effect of significantly reducing the number of Customers or other Persons for which a CoStar Competitor commencing business in a geographic area can compete for the sale, lease, or license of CRE Listings or CRE Information.

C.    For five (5) years after the Order Date, Respondents shall not suspend or terminate the provision of CRE Listings or CRE Information pursuant to a Customer Contract:

    1.    Without the Customer's consent;

        *Provided, however*, where explicitly provided by the Customer Contract, Respondents may, without obtaining the Customer's consent, suspend or terminate the provision of CRE Listings or CRE Information to natural Persons who: (a) cease to be employees or agents of a Customer; or (b) provide or otherwise allow other natural Persons to use their assigned user names and passwords to access a CRE Product Offering; or,

    2.    Without obtaining an order or injunction issued by a state or federal court or an arbitrator and providing written notice to the Monitor; or,

    3.    Unless:

        a.    The Respondents have made a good faith determination (and created and retained a written record in reasonable detail of that determination) that the Customer is violating, or is engaged in a current pattern of repeated violations, of the Intellectual Property or use restrictions of the Customer Contract;

        b.    The Respondents first provide a copy of the written record of its good faith determination to the Monitor;

        c.    The Respondents agree, no more than two (2) calendar days after suspension or termination: (i) to meet in person at the Customer's principal place of business; or, (ii) to participate in a telephone call with the Customer to discuss and attempt in good faith to resolve Respondents' objections to the conduct by the Customer that the Respondents contend violates the Customer Contract;

        d.    The Respondents, no more than five (5) calendar days after any meeting or telephone call with the Customer, notify the Customer and Monitor whether Respondents continue to believe that the Customer's conduct (or refusal to agree not to resume conduct) violates the Customer Contract, and if Respondents do not so believe, Respondents restore provision of CRE Listings or CRE Information to the Customer as promptly as practicable; and,

        e.    If the Respondents agree that it terminated the provision of CRE Listings or CRE Information to the Customer without just cause, Respondents, in addition to any other remedy available to the Customer, provide the

Customer with a double credit for the time that service was terminated or suspended.

*Provided, however*, that if the Customer disagrees with Respondents' determination it reserves the right to bring its grievance to the Monitor for further review; or,

4.  For alleged breach of the Customer's obligation to make payment under the Customer Contract, unless:

    a.  Respondents have delivered to the Customer (and, if known, to its legal counsel) a notice of default of the Customer's payment obligation, provided to the Customer a commercially reasonable opportunity to cure the default, and the Customer has failed to cure the default; and,

    b.  Respondents have provided reasonable written notice to the Customer (and, if known, to its legal counsel) that Respondents will suspend or terminate the provision of CRE Listings or CRE Information no less than five (5) business days before suspension or termination.

D.  For five (5) years after the Order Date, Respondents shall allow, and each currently existing or future written agreement, contract or understanding with any Customers shall provide that, any Customer against whom Respondents have filed, or threatened to file, a judicial action alleging violation of Respondents' Intellectual Property rights or the use restrictions of a Customer Contract in any state or federal court may elect to resolve the Respondents' claims through arbitration, according to the following conditions:

1.  The arbitration will be governed by the American Arbitration Association's Rules and Commercial Arbitration Rules;

2.  Respondents must provide reasonable written notice to the Customer (and, if known, to its legal counsel) that the Customer may (i) elect to resolve Respondents' claims through arbitration; and, (ii) may request a meeting or telephonic conference with Respondents as provided by Paragraph III.C.3.c. of this Order, either:

    a.  By certified mail delivered within five (5) days after a Complaint is filed in a state or federal court; or,

    b.  By service with the summons and complaint on the Customer;

3.  The Customer must notify the Respondents no later than twenty (20) days after it receives service of a summons and complaint, or after it receives notice of Respondents' intent to file a court action, of its election to seek arbitration of the dispute, and the Customer's failure to provide such notice may (at Respondent's election) be a waiver of any right to arbitrate hereunder;

4.  The arbitration will take place in Washington, DC, or at such other place as may be specified in the Customer Contract; and,

5.  The arbitrator will determine the dispute according to the law applicable in Washington, DC, or such other law as may be specified in the Customer Contract.

17

E.     Nothing in this Order shall be construed to prohibit or prevent Respondents from requesting any legal or equitable relief or remedy of any kind in any action commenced in state or federal court or in any arbitration proceeding.

F.     For five (5) years after the Order Date, Respondents shall cease and desist from inviting, entering into, implementing, continuing, enforcing, or attempting thereto, or threatening to enforce any oral or written condition, requirement, policy, agreement, contract or understanding with any Customer that either explicitly or implicitly:

     1.     Conditions the sale, lease, or license of, or the subscription to, one or more of Respondents' CRE Product Offerings to the sale, lease, or license of, or subscription to, one or more other of Respondents' CRE Product Offerings;

     2.     Conditions the sale, lease, or license of, or the subscription to, one or more of Respondents' CRE Product Offerings to the sale, lease, or license of, or subscription to, one or more of Respondents' CRE Product Offerings in more than one CoStar Sales Market; or,

     3.     Conditions the sale, lease, or license of, or the subscription to, one or more of Respondents' CRE Product Offerings to the sale, lease, or license of, or subscription to, one or more of Respondents' CRE Product Offerings in a different CoStar Sales Market.

     *Provided, however*, Respondents may continue to offer LoopNet Premium Lister and LoopNet Premium Searcher on a national basis only.

     *Provided further*, Respondents may offer to or provide Customers commercially reasonable or customary discounts and other incentives if Customers purchase more than one of Respondents' CRE Product Offerings or purchase CRE Product Offerings in more than one geographic area.

     *Provided further*, that Respondents may offer CRE Product Offerings and/or other products together within a new product or within a new platform (e.g., an Android® application), or otherwise integrate data available from CRE Product Offerings and/or other products within a new product or within a new platform, but in each case only if Respondents, for three (3) years after the Divestiture Date, continue to offer for sale, license, or subscription, on a standalone basis, and at commercially reasonable prices, all CRE Product Offerings (and support for such CRE Product Offerings) offered or available to Customers at any time between April 27, 2011, and the Divestiture Date.

     *Provided further*, that Respondents may prohibit a Customer from subscribing for access to a CRE Product Offering for a particular CoStar Sales Market at offices outside such CoStar Sales Market unless the office(s) of such Customer located within such CoStar Sales Market also subscribe to the CRE Product Offering for such CoStar Sales Market.

G.     For three (3) years after the Order Date, Respondents shall not prohibit, and each currently existing or future written or oral agreement, contract or understanding with any Customers for the sale, lease, or license of REApplications shall not prohibit, Customers

from using REApplications to support, or in connection with, their purchase, lease, or license of CRE Listings or CRE Information from a CoStar Competitor for so long as Respondents continue to market, lease, license, or sell REApplications to any Customer.

*Provided, however*, Respondents are not obligated to customize, modify, or revise REApplications in any way to enable or improve its use with any products marketed, leased, licensed, or sold by any Person; and,

*Provided further*, that Respondents may discontinue the marketing, leasing, licensing, or sale of REApplications altogether.

H.   Respondents shall not discriminate against, penalize, or otherwise retaliate against a Customer because the Customer: (i) provides or considers providing CRE Listings or CRE Information obtained or derived by the Customer from a source other than a CoStar Database when such Customer has complied with its agreement to the provisions of Paragraph III.A.1.(i)–(iv) of this Order; (ii) subscribes, or considers subscribing, or leases or purchases access, or considers leasing or purchasing access, to any database containing CRE Listings or CRE Information from a CoStar Competitor; (iii) purchases or considers purchasing a passive ownership or equity interest of twenty percent (20%) or less in a CoStar Competitor (without participating in the management of the CoStar Competitor except by voting its shares or exercising its rights as a limited partner, and so long as the Customer complies with its agreement to the provisions of Paragraph III.A.1.(i)–(iv) of this Order); (iv) publicly endorses or recommends, or considers publicly endorsing or recommending, that Persons subscribe to any service provided by, or purchase or lease access from, a CoStar Competitor to any database containing CRE Listings or CRE Information; or, (v) exercises the Customer's right to terminate its Customer Contract as provided by Paragraph III.B. of this Order.

Examples of prohibited retaliation shall include, but not be limited to, the following:

1.   Respondents' unilateral termination of services to a Customer or the unilateral termination of the provision of CRE Listings or CRE Information to a Customer without providing timely notice to the Monitor and complying with the provisions of Paragraph III.C. of this Order;

*Provided, however*, it shall not, by itself, constitute prohibited retaliation if Respondents unilaterally terminate or suspend services, or unilaterally terminate or suspend the provision of CRE Listings or CRE Information, to a Customer in compliance with Paragraph III.C. of this Order;

2.   Respondents' imposition of unfavorable contract terms on a Customer including, but not limited to:

a.   Offering materially less favorable price terms to Customers who purchase or lease services, CRE Listings, or CRE Information from a CoStar Competitor than to Customers who purchase or lease such products only from Respondents;

19

> *Provided, however*, that, by itself, it shall not be considered offering materially less favorable price terms if the terms are comparable to terms offered or provided to Customers engaged in similar lines of business (e.g., brokers, financial institutions, real estate investment firms, etc.) who purchase, license, or subscribe to CRE Product Offerings for a comparable number of Persons who will use or have access to the CRE Product Offerings and who are located in a comparable CoStar Sales Market;

    b.    Offering fewer products and services to Customers who purchase or lease services, CRE Listings, or CRE Information from a CoStar Competitor than to Customers who purchase or lease such products only from Respondents; and,

    c.    Offering products and services relating to fewer or smaller geographic areas to Customers who purchase or lease services, CRE Listings, or CRE Information from a CoStar Competitor than to Customers who purchase or lease such products only from Respondents.

3.    Respondents' (1) termination of a Customer Contract, or (2) refusal to renew a Customer Contract upon commercially reasonable terms;

*Provided, however*, it shall not constitute prohibited retaliation, by itself, if Respondents terminate or refuse to renew a Customer Contract because: (i) a Restricted Customer refuses to agree to the provisions of Paragraph III.A.1.(i)–(iv) of this Order and provides CRE Listings or CRE Information on Non-Represented Properties to a CoStar Competitor; or, (ii) a Restricted Customer purchases a passive ownership or equity interest of more than ten percent (10%) and less than twenty percent (20%) in a CoStar Competitor and (A) participates in the management of the CoStar Competitor (beyond merely voting its shares or exercising its rights as a limited partner) or (B) refuses to agree to the provisions of Paragraph III.A.1.(i)–(iv) of this Order; or (iii) a Restricted Customer breaches or fails to comply with its agreement to the provisions of Paragraph III.A.1.(i)–(iv) of this Order that are included in a Customer Contract.

*Provided further, however*, that, for Paragraphs H.2., and H.3(2) of this Paragraph III., Respondents may decline to include in New Customer Contracts CoStar Database extracts to, or allow the creation of internal databases incorporating portions of the CoStar Database by, Customers who purchase, license, or subscribe to CRE Product Offerings from CoStar Competitors. For purposes of this proviso, "New Customer Contracts" mean only: 1) the first or initial Customer Contract between CoStar and a Customer; or 2) a Customer Contract that results from a new agreement between CoStar and that Customer. For the avoidance of doubt, a New Customer Contract does not include any extension, continuation, or renewal of a Customer Contract by the Customer pursuant to the terms of that Customer Contract. During the initial, extension, continuation, or

renewal term of any Customer Contract that expressly entitles a Customer to receive a CoStar Database extract or allows the Customer to create internal databases incorporating portions of CoStar's Database, CoStar shall honor such Customer Contract and shall not refuse to provide such CoStar Database extract or disallow the creation of such internal databases.

I. Respondents shall waive on the Order Date any oral or written condition, requirement, policy, agreement, contract or understanding with any Customer that is inconsistent with the terms of this Order. Within thirty (30) days after the Order Date, Respondents shall amend or modify any oral or written condition, requirement, policy, agreement, contract or understanding with any Customer that is in effect on the Order Date to conform the condition, requirement, policy, agreement, contract or understanding to the terms of this Order.

J. Any wrongful termination or suspension by Respondents of the provision of CRE Listings or CRE Information to a Customer in retaliation for the Customer's purchase or lease of CRE Listings or CRE Information from a CoStar Competitor shall constitute a violation of this Order, with each day the wrongful termination or suspension continues constituting a separate violation of this Order.

K. Respondents shall not seek, directly or indirectly, pursuant to any dispute resolution mechanism incorporated in any Customer Contract or in this Order, or in any judicial action, a decision the result of which would be inconsistent with the terms or achieving the purposes of this Order.

L. Respondent CoStar shall:

1. Within thirty (30) days of the Order Date:

   a. Mail a copy of Appendix E to this Order by first class mail to each Currently Restricted Customer of Respondent CoStar; and,
   b. Mail a copy of Appendix F to this Order by first class mail to each Respondent CoStar's Customers who is not a Currently Restricted Customer;

2. Not fewer than five (5) business days prior to executing a Customer Contract after the Order Date that results in the Customer becoming a Future Restricted Customer, deliver a copy of Appendix G to the Customer (or to the Person that will become a Customer if the Customer Contract becomes effective); and,

3. Deliver a copy of Appendix F to any Person who was not a Customer on the Order Date prior to or at the time that the Person executes a Customer Contract with Respondent CoStar.

M. Nothing in this Order shall limit or reduce, or be construed to limit or reduce any rights or benefits of any Customer under any Customer's contract with CoStar.

21

**IV.**

**IT IS FURTHER ORDERED** that:

A.      Respondents shall not use, disclose or convey any Xceligent Confidential Information, directly or indirectly, to any Person who is not an agent or employee of the Respondents, except that Respondents may disclose Xceligent Confidential Information to the Acquirer or Persons specifically authorized by the Acquirer to receive such information.

B.      Within ten (10) days of the Acquisition Date, Respondents shall provide written notice of the restrictions on the disclosure and use of Xceligent Confidential Information contained in this Order to all employees who had or have access to Xceligent Confidential Information. Respondents shall provide such written notice by electronic mail with return receipt requested or similar transmission, and keep a file of such receipts for one (1) year after the Divestiture Date.

**V.**

**IT IS FURTHER ORDERED** that:

A.      For five (5) years after the Order Date, Respondents shall not, without providing advance written notification to the Commission in the manner described in Paragraph V.C., and without complying with the terms of the waiting period described in Paragraph V.D., acquire, directly or indirectly, any stock, share capital, equity, or other interest in or assets of any Person, corporate or non-corporate that gathers, markets, or sells CRE Listings or CRE Information in the United States, or has done so within six (6) months prior to the acquisition.

*Provided, however*, that such advance notification to the Commission is not required for any acquisition, directly or indirectly, of any stock, share capital, equity or other interests in or assets of any Person, corporate or non-corporate, that offers for sale, lease, or licensing only Commercial Real Estate software (and any related software integration services) or Commercial Real Estate analytic services.

B.      For an additional five (5) years after the Order Date (i.e., until ten (10) years after the Order Date), Respondents shall not, without providing advance written notification to the Commission in the manner described in Paragraph V.C., and without complying with the terms of the waiting period described in Paragraph V.D., acquire, directly or indirectly, any stock, share capital, equity, or other interest in or assets of any Person, corporate or non-corporate, that gathers, markets, or sells CRE Listings or CRE Information in the United States, or has done so within six (6) months prior to the acquisition, which Person had gross annual revenues exceeding fifteen Million Dollars ($15,000,000.00) from the sale, lease, or licensing of CRE Listings and CRE Information in the most recently concluded full fiscal year.

22

*Provided, however*, that such advance notification to the Commission is not required for any acquisition, directly or indirectly, of any stock, share capital, equity or other interests in or assets of any Person, corporate or non-corporate, that offers for sale, lease, or licensing only Commercial Real Estate software (and any related software integration services) or Commercial Real Estate analytic services.

C.    The advance written notification provided by Respondents shall include:

1.    A description of the acquisition and any executed letter agreement, letter of intent, purchase and sale agreement,  stock acquisition agreement, or other contract or agreement between Respondents and the Person describing or effecting the proposed acquisition;

2.    All documents that would be responsive to Items 4(c) and 4(d) of the Premerger Notification and Report Form under the Hart-Scott-Rodino Premerger Notification Act, Section 7A of the Clayton Act, 15 U.S.C. § l8a, and Rules, 16 C.F.R. § 801-803, relating to the proposed acquisition;

3.    Gross annual revenues of CRE Listings and CRE Information:

a.    Of the Person, stated separately for each geographic area (e.g., Metropolitan Statistical Area) in which the Person does or has done business for the last three (3) completed fiscal years;

b.    Of Respondents stated separately for each geographic area in which the Person does business;

4.    The name and address of the ten largest customers:

a.    Of the Person, stated separately for each geographic area (when available in the normal course of business) and in the most recently completed fiscal year, the gross revenues generated by transactions with each customer, and the name and phone number of a contact person at each customer; and,

b.    Of Respondents in each geographic area in which the Person does business and, stated separately for each geographic area (when available in the normal course of business) in the most recently completed fiscal year, the gross revenues generated by transactions with each customer, and the name and phone number of a contact person at each customer;

5.    The total number of customers (e.g., Persons who purchase, lease, or license CRE Listings or CRE Information):

a.    Of the Person (when available, in each geographic area in which the Person does business) in the most recently completed fiscal year; and,

b.    Of Respondents in each geographic area in which the Person does business.

6.    Information in reasonable detail to identify Persons who were, but no longer remain, Respondents' Customers in each of the three (3) most recently completed fiscal years in each geographic area in which the Person does business, to the extent such information is available in the normal course of business; and,

23

7.      A description in reasonable detail of the products and services offered by the Person from whom Respondents propose to acquire equity or assets, as well as the geographic areas in which such products and services are offered.

*Provided, however*, that prior notification shall not be required by this Paragraph for a transaction for which Notification is required to be made, and has been made, pursuant to Section 7A of the Clayton Act, 15 U.S.C. § 18a.

D.      Respondents shall provide the advance written notification at least thirty (30) days prior to consummating the transaction that is the subject of the notification (hereinafter the "First Waiting Period"). If, within the First Waiting Period, representatives of the Commission make a written request for additional information or documentary material (within the meaning of 16 C.F.R. § 803.20), Respondents shall not consummate the transaction until thirty (30) days after submitting all of the additional information and documentary information (hereinafter the "Second Waiting Period"). Early termination of the First Waiting Period and the Second Waiting Period may be requested and, where appropriate, granted by a letter from the Commission's Bureau of Competition.

# VI.

**IT IS FURTHER ORDERED** that:

A.      The Commission appoints Guy Dorey as Monitor and approves the Monitor Agreement between Guy Dorey and Respondents, attached as Appendix H.

B.      Respondents shall facilitate the ability of the Monitor to comply with the duties and obligations set forth in this Order, and shall take no action that interferes with or hinders the Monitor's authority, rights or responsibilities as set forth in this Order or any agreement between the Monitor and Respondents.

C.      The Monitor's duties and responsibilities shall include the following, among other responsibilities that may be required:

1.      The Monitor shall act in a fiduciary capacity for the benefit of the Commission;

2.      The Monitor shall serve until the earlier of the date this Order terminates by its terms and such other time as the Commission may order;

3.      The Monitor shall have the power and authority to monitor Respondents' compliance with Paragraphs II. through V. of the Order and the Divestiture Agreement, including, but not limited to:

     a.      Respondents' divestiture of the Xceligent Interest and the LoopNet Assets;
     b.      Respondents' compliance with its Order obligations relating to Potential Employees as set forth in Paragraph II.D. of this Order;

24

     c.     The waiver of any terms, and the amendment or modification, of any Customer Contracts as may be required by Paragraphs III.A. and III.D. of this Order; and,

     d.     Respondents' compliance with any of Respondents' obligations under this Order or with any Customer Contract term required by this Order;

4.     The Monitor shall have power and authority to review and audit, at Respondents' sole cost and expense, compliance by Customers with their agreement to the provisions of Paragraph III.A.1. of this Order. The Monitor also shall have power and authority to verify that Customers' investments in CoStar Competitors are passive. The Monitor shall expeditiously provide written notice to any Customer, the Commission, and the Respondents if the Monitor reasonably believes that the Customer has failed to comply with their agreement to the provisions of Paragraph III.A.1.(i)–(iv) of this Order or that the Customer's investment in a CoStar Competitor is not passive. The written notice shall only:

     a.     Identify the Customer;

     b.     Identify the Commercial Real Estate to which the CRE Listings or CRE Information relates;

     c.     State the date upon which the CRE Listings or CRE Information was provided;

     d.     Identify the CoStar Competitor to which the CRE Listings or CRE Information was provided;

     e.     Describe any violation of the Customer's agreement to the provisions of Paragraph III.A.1.(i)–(iv) of this Order; and,

     f.     Identify the CoStar Competitor in which the Customer's investment is not passive;

5.     The Monitor shall have power and authority to review and audit, at the Acquirer's or Respondents' sole cost and expense (with the party responsible for the cost and expense determined by which party requested the review and audit), the books and records of Xceligent and Respondents pursuant to and for the purposes set forth in Paragraph II.B. of this Order. The Monitor shall expeditiously provide written notice to Xceligent, the Commission, and the Respondents if the Monitor reasonably believes that Xceligent or Respondents has received any CRE Listings or CRE Information derived from the database of the other. The written notice shall only:

     a.     State that Xceligent or Respondents have received the CRE Listings or CRE Information;

     b.     Identify the Commercial Real Estate to which the CRE Listings or CRE Information relates; and,

     c.     State the date upon which the CRE Listings or CRE Information was received;

6. The Monitor shall exercise such power and authority and carry out his or her duties and responsibilities in a manner consistent with the purposes of the Order and in consultation with the Commission and its staff;

7. The Monitor shall, in his or her sole discretion, consult with Third Parties in the exercise of his or her duties under this Order or any agreement between the Monitor and Respondents;

8. The Monitor shall review all reports submitted to the Commission by Respondents pursuant to the Order and the Consent Agreement, and within thirty (30) days from the date the Monitor receives a report, and upon request of the Commission or its staff, report in writing to the Commission concerning performance by Respondents of their obligations under Paragraphs II. through V. of this Order; and,

9. The Monitor shall provide periodic written reports to the Commission upon a schedule (but at least annually) that is sufficient to provide the Commission with timely information to determine if Respondents have complied and are complying with their obligations under this Order (including the Divestiture Agreements). In addition, the Monitor shall provide such additional written reports as Commission staff may request that reasonably are related to determining if Respondents have complied and are complying with their obligations under this Order (including the Divestiture Agreements). The Monitor shall not provide to Respondents, and Respondents shall not be entitled to receive, copies of these reports.

D. Respondents shall grant and transfer to the Monitor, and such Monitor shall have, all rights, powers, and authority necessary to carry out the Monitor's duties and responsibilities, including, but not limited to, the following:

1. Respondents shall cooperate with any reasonable request of the Monitor and shall take no action to interfere with or impede the Monitor's ability to monitor Respondents' compliance with Paragraphs II. through V. of this Order;

2. Subject to any demonstrated legally recognized privilege, Respondents shall provide the Monitor full and complete access to Respondents' personnel, books, documents, records kept in the ordinary course of business, facilities and technical information, and such other relevant information as the Monitor may reasonably request, related to Respondents' compliance with its obligations under Paragraphs II. through V. of this Order;

3. Within five (5) calendar days of submitting a report required by this Order or the Consent Agreement to the Commission, Respondents shall deliver a copy of such report to the Monitor;

4. Except as otherwise set forth in this Order, the Monitor shall serve, without bond or other security, at the expense of Respondents, on such reasonable and customary terms and conditions to which the Monitor and Respondents agree and that the Commission approves;

26

5.	The Monitor shall have authority to employ, at the expense of Respondents (except as otherwise set forth in this Order), such consultants, accountants, attorneys and other representatives and assistants as are reasonably necessary to carry out the Monitor's duties and responsibilities;

6.	Respondents shall indemnify the Monitor and hold the Monitor harmless against any losses, claims, damages, liabilities, or expenses arising out of, or in connection with, the performance of the Monitor's duties, including all reasonable fees of counsel and other reasonable expenses incurred in connection with the preparations for, or defense of, any claim, whether or not resulting in any liability, except to the extent that such losses, claims, damages, liabilities, or expenses result from gross negligence, willful or wanton acts, or bad faith by the Monitor; and,

7.	Respondents may require the Monitor and each of the Monitor's consultants, accountants, attorneys and other representatives and assistants to sign a customary confidentiality agreement.

	*Provided, however*, that such agreement shall not restrict the Monitor from providing any information to the Commission or its staff, or require the Monitor to report to Respondents the substance of communications to or from the Commission, its staff, or the Acquirer.

E.	Respondents shall comply with all terms of the Monitor Agreement, and any breach by Respondents of any term of the Monitor Agreement shall constitute a violation of this Order. Notwithstanding any paragraph, section, or other provision of the Monitor Agreement, any modification of the Monitor Agreement, without the prior approval of the Commission, shall constitute a failure to comply with this Order.

F.	The Commission may, among other things, require the Monitor and each of the Monitor's consultants, accountants, attorneys and other representatives and assistants to sign an appropriate confidentiality agreement related to Commission materials and information received in connection with the performance of the Monitor's duties.

G.	If the Commission determines that the Monitor has ceased to act or failed to act diligently, the Commission may appoint a substitute Monitor. The Commission shall select the substitute Monitor, subject to the consent of Respondents, which consent shall not be unreasonably withheld. If Respondents have not opposed, in writing, including the reasons for opposing, the selection of any proposed substitute Monitor within ten (10) days after notice by the staff of the Commission to Respondents of the identity of any proposed substitute Monitor, Respondents shall be deemed to have consented to the selection of the proposed substitute Monitor. Not later than ten (10) days after the appointment of the Monitor, Respondents shall execute an agreement that, subject to the prior approval of the Commission, confers on the Monitor all the rights and powers necessary to permit the Monitor to monitor Respondents' compliance with the relevant requirements of this Order and the Divestiture Agreement in a manner consistent with the purpose of this Order. If a substitute Monitor is appointed, Respondents shall consent to

27

the terms and conditions regarding the powers, duties, authorities, and responsibilities of the Monitor as set forth in this Paragraph.

H.  The Commission may on its own initiative, or at the request of the Monitor, issue such additional orders or directions as may be necessary or appropriate to assure compliance with the requirements of the Order.

I.  A Monitor appointed pursuant to this Order may be the same Person appointed as the Divestiture Trustee pursuant to the relevant provisions of this Order.


## VII.


**IT IS FURTHER ORDERED** that:

A.  If Respondents have not fully complied with the obligations to assign, grant, license, divest, transfer, deliver or otherwise convey relevant assets as required by this Order, the Commission may appoint a Divestiture Trustee to assign, grant, license, divest, transfer, deliver or otherwise convey the assets required to be assigned, granted, licensed, divested, transferred, delivered or otherwise conveyed pursuant to each of the relevant Paragraphs in a manner that satisfies the requirements of each such Paragraph. In the event that the Commission or the Attorney General brings an action pursuant to § 5(*l*) of the Federal Trade Commission Act, 15 U.S.C. § 45(*l*), or any other statute enforced by the Commission, Respondents shall consent to the appointment of a Divestiture Trustee in such action to assign, grant, license, divest, transfer, deliver or otherwise convey the relevant assets. Neither the appointment of a Divestiture Trustee nor a decision not to appoint a Divestiture Trustee under this Paragraph shall preclude the Commission or the Attorney General from seeking civil penalties or any other available relief, including a court-appointed Divestiture Trustee, pursuant to § 5(*l*) of the Federal Trade Commission Act, or any other statute enforced by the Commission, for any failure by Respondents to comply with this Order.

B.  The Commission shall select the Divestiture Trustee, subject to the consent of the Respondents, which consent shall not be unreasonably withheld. The Divestiture Trustee shall be a Person with experience and expertise in acquisitions and divestitures. If Respondents have not opposed, in writing, including the reasons for opposing, the selection of any proposed Divestiture Trustee within ten (10) days after notice by the staff of the Commission to Respondents of the identity of any proposed Divestiture Trustee, Respondents shall be deemed to have consented to the selection of the proposed Divestiture Trustee.

C.  Not later than ten (10) days after the appointment of a Divestiture Trustee, Respondents shall execute a trust agreement ("Divestiture Trustee Agreement") that, subject to the prior approval of the Commission, transfers to the Divestiture Trustee all rights and

28

powers necessary to permit the Divestiture Trustee to effect the divestiture required by this Order.

D.     If a Divestiture Trustee is appointed by the Commission or a court pursuant to this Paragraph, Respondents shall consent to the following terms and conditions regarding the Divestiture Trustee's powers, duties, authority, and responsibilities:

   1.     Subject to the prior approval of the Commission, the Divestiture Trustee shall have the exclusive power and authority to assign, grant, license, divest, transfer, deliver or otherwise convey the assets that are required by this Order to be assigned, granted, licensed, divested, transferred, delivered or otherwise conveyed;

   2.     The Divestiture Trustee shall have one (1) year from the date the Commission approves the trust agreement described herein to accomplish the divestiture, which shall be subject to the prior approval of the Commission. If, however, at the end of the one (1) year period, the Divestiture Trustee has submitted a plan of divestiture or believes that the divestiture can be achieved within a reasonable time, the divestiture period may be extended by the Commission;

   *Provided, however*, the Commission may extend the divestiture period only two (2) times;

   3.     Subject to any demonstrated legally recognized privilege, the Divestiture Trustee shall have full and complete access to the personnel, books, records and facilities related to the relevant assets that are required to be assigned, granted, licensed, divested, delivered or otherwise conveyed by this Order and to any other relevant information, as the Divestiture Trustee may request. Respondents shall develop such financial or other information as the Divestiture Trustee may request and shall cooperate with the Divestiture Trustee. Respondents shall take no action to interfere with or impede the Divestiture Trustee's accomplishment of the divestiture. Any delays in divestiture caused by Respondents shall extend the time for divestiture under this Paragraph in an amount equal to the delay, as determined by the Commission or, for a court-appointed Divestiture Trustee, by the court;

   4.     The Divestiture Trustee shall use commercially reasonable efforts to negotiate the most favorable price and terms available in each contract that is submitted to the Commission, subject to Respondents' absolute and unconditional obligation to divest expeditiously and at no minimum price. The divestiture shall be made in the manner and to an Acquirer as required by this Order,

   *Provided, however*, if the Divestiture Trustee receives bona fide offers from more than one acquiring entity, and if the Commission determines to approve more than one such acquiring entity, the Divestiture Trustee shall divest to the acquiring entity selected by Respondents from among those approved by the Commission.

   *Provided further*, that Respondents shall select such entity within five (5) business

29

days after receiving notification of the Commission's approval;

5.　　The Divestiture Trustee shall serve, without bond or other security, at the cost and expense of Respondents, on such reasonable and customary terms and conditions as the Commission or a court may set.  The Divestiture Trustee shall have the authority to employ, at the cost and expense of Respondents, such consultants, accountants, attorneys, investment bankers, business brokers, appraisers, and other representatives and assistants as are necessary to carry out the Divestiture Trustee's duties and responsibilities.  The Divestiture Trustee shall account for all monies derived from the divestiture and all expenses incurred.  After approval by the Commission of the account of the Divestiture Trustee, including fees for the Divestiture Trustee's services, all remaining monies shall be paid at the direction of Respondents, and the Divestiture Trustee's power shall be terminated.  The compensation of the Divestiture Trustee shall be based at least in significant part on a commission arrangement contingent on the divestiture of all of the relevant assets that are required to be divested by this Order;

6.　　Respondents shall indemnify the Divestiture Trustee and hold the Divestiture Trustee harmless against any losses, claims, damages, liabilities, or expenses arising out of, or in connection with, the performance of the Divestiture Trustee's duties, including all reasonable fees of counsel and other expenses incurred in connection with the preparation for, or defense of, any claim, whether or not resulting in any liability, except to the extent that such losses, claims, damages, liabilities, or expenses result from gross negligence, willful or wanton acts, or bad faith by the Divestiture Trustee;

7.　　The Divestiture Trustee shall have no obligation or authority to operate or maintain the relevant assets required to be divested by this Order,

*Provided, however*, that the Divestiture Trustee appointed pursuant to this Paragraph may be the same Person appointed as Monitor pursuant to the relevant provisions of this Order;

8.　　The Divestiture Trustee shall report in writing to Respondents and to the Commission every sixty (60) days concerning the Divestiture Trustee's efforts to accomplish the divestiture; and

9.　　Respondents may require the Divestiture Trustee and each of the Divestiture Trustee's consultants, accountants, attorneys and other representatives and assistants to sign a customary confidentiality agreement,

*Provided, however*, such agreement shall not restrict the Divestiture Trustee from providing any information to the Commission.

E.　　If the Commission determines that a Divestiture Trustee has ceased to act or failed to act diligently, the Commission may appoint a substitute Divestiture Trustee in the same manner as provided in this Paragraph.

30

F.    The Commission or, in the case of a court-appointed Divestiture Trustee, the court, may on its own initiative or at the request of the Divestiture Trustee issue such additional orders or directions as may be necessary or appropriate to accomplish the divestiture required by this Order.

G.    Respondents shall comply with all terms of the Divestiture Trustee Agreement, and any breach by Respondents of any term of the Divestiture Trustee Agreement shall constitute a violation of this Order.  Notwithstanding any paragraph, section, or other provision of the Divestiture Trustee Agreement, any modification of the Divestiture Trustee Agreement, without the prior approval of the Commission, shall constitute a failure to comply with this Order.

## VIII.

**IT IS FURTHER ORDERED** that

A.    Respondents shall submit to the Commission a verified written report setting forth in detail the manner and form in which it intends to comply, is complying, and has complied with this Order:

1.    Within sixty (60) days after the Order Date  and every sixty (60) days thereafter until the second annual anniversary of the Order Date; and

2.    On the second anniversary of the Order Date, and thereafter on the annual anniversary until this Order terminates.

B.    In addition to such other information that may be required, each verified written report filed by Respondents shall identify each Person who claims or asserts (whether or not the claim has been submitted for arbitration or the subject of judicial action) that Respondents have breached or violated any provision of this Order or any provision or term of any Customer Contract that is required by or relates to any provision of this Order, and for each such Person:

1.    State the name, phone number, email address, and street address of a natural Person who is the primary contact for Respondents with such Person;

2.    Describe in reasonable detail the basis of the Person's claim or assertion;

3.    Describe in reasonable detail whether Respondents' dispute the Person's claim or assertion, and if Respondents do dispute the claim or assertion, why it does; and,

4.    Provide copies of any letters, emails, court pleadings, arbitration documents, or any other written or electronic document that describe or reference the Person's claim or assertion and Respondents' response thereto.

C.    For purposes of determining or securing compliance with this Order, and subject to any legally recognized privilege, and upon written request and upon five (5) days notice to Respondents made to their principal United States offices, registered office of its United States subsidiary, or its headquarters address, Respondents shall, without restraint or interference, permit any duly authorized representative of the Commission:

31

1.  Access, during business office hours of Respondents and in the presence of counsel, to all facilities and access to inspect and copy all books, ledgers, accounts, correspondence, memoranda and all other records and documents in the possession or under the control of Respondents related to compliance with this Order, which copying services shall be provided by Respondents at the request of the authorized representative(s) of the Commission and at the expense of the Respondents; and,

2.  To interview officers, directors, or employees of Respondents, who may have counsel present, regarding such matters.

## IX.

**IT IS FURTHER ORDERED** that Respondents shall notify the Commission at least thirty (30) days prior to any proposed:

A. dissolution of such Respondents;

B. acquisition, merger or consolidation of Respondents; or,

C. any other change in the Respondents, including, but not limited to, assignment and the creation or dissolution of subsidiaries, if such change might affect compliance obligations arising out of the Order.

## X.

**IT IS FURTHER ORDERED** that this Order shall terminate on August 29, 2022.

By the Commission, Commissioner Ohlhausen not participating.


Richard C. Donohue
Acting Secretary

ISSUED:  August 29, 2012
SEAL

# APPENDIX A

## Appendix A
## CoStar Sales Markets

| Market Name | Market Product Type |
|---|---|
| **Albany/Schenectady/Troy** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Albany, Columbia, Fulton, Greene, Hamilton, Montgomery, Otsego, Rensselaer, Saratoga, Schenectady, Schoharie, Warren, Washington |
| **Albuquerque** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Bernalillo, Catron, Chaves, Cibola, Colfax, Curry, De Baca, Dona Ana, Eddy, Grant, Guadalupe, Harding, Hidalgo, Lea, Lincoln, Los Alamos, Luna, Mckinley, Mora, Otero, Quay, Rio Arriba, Roosevelt, San Juan, San Miguel, Sandoval, Santa Fe, Sierra, Socorro, Taos, Torrance, Union, Valencia |
| **Anchorage** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Anchorage, Matanuska-Susitna |
| **Asheville** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Alleghany, Ashe, Avery, Beaufort, Bertie, Bladen, Brunswick, Buncombe, Camden, Carteret, Caswell, Cherokee, Chowan, Clay, Columbus, Craven, Cumberland, Dare, Duplin, Edgecombe, Gates, Graham, Granville, Greene, Halifax, Harnett, Haywood, Henderson, Hertford, Hoke, Hyde, Jackson, Jones, Lee, Lenoir, Macon, Madison, Martin, Mcdowell, Mitchell, Montgomery, Moore, Nash, New Hanover, Northampton, Onslow, Pamlico, Pasquotank, Pender, Perquimans, Pitt, Polk, Richmond, Robeson, Rutherford, Sampson, Scotland, Surry, Swain, Transylvania, Tyrrell, Vance, Warren, Washington, Watauga, Wayne, Wilkes, Wilson, Yancey |
| **Atlanta** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Barrow, Bartow, Bibb, Butts, Carroll, Cherokee, Clayton, Cobb, Coweta, Crawford, Dawson, DeKalb, Douglas, Fayette, Forsyth, Fulton, Gwinnett, Hall, Haralson, Heard, Henry, Jackson, Jasper, Jones, Lamar, Meriwether, Monroe, Newton, Paulding, Pickens, Pike, Polk, Rockdale, Spalding, Twiggs, Walton |

| Augusta/Richmond County | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Abbeville, Aiken, Allendale, Appling, Atkinson, Bacon, Baker, Baldwin, Bamberg, Banks, Barnwell, Beaufort, Ben Hill, Berkeley, Berrien, Bibb, Bleckley, Brantley, Brooks, Bryan, Bulloch, Burke, Calhoun, Camden, Candler, Catoosa, Charleston, Charlton, Chatham, Chattahoochee, Chattooga, Chesterfield, Clarendon, Clarke, Clay, Clinch, Coffee, Colleton, Colquitt, Columbia, Cook, Crawford, Crisp, Dade, Darlington, Decatur, Dillon, Dodge, Dooly, Dorchester, Dougherty, Early, Echols, Edgefield, Effingham, Elbert, Emanuel, Evans, Fairfield, Fannin, Florence, Floyd, Franklin, Georgetown, Gilmer, Glascock, Glynn, Gordon, Grady, Greene, Greenwood, Habersham, Hampton, Hancock, Harris, Hart, Horry, Houston, Irwin, Jasper, Jeff Davis, Jefferson, Jenkins, Johnson, Jones, Kershaw, Lanier, Laurens, Lee, Lexington, Liberty, Lincoln, Long, Lowndes, Lumpkin, Macon, Madison, Marion, Marlboro, Mccormick, Mcduffie, Mcintosh, Miller, Mitchell, Montgomery, Morgan, Murray, Muscogee, Newberry, Oconee, Oglethorpe, Orangeburg, Peach, Pierce, Polk, Pulaski, Putnam, Quitman, Rabun, Randolph, Richland, Richmond, Saluda, Schley, Screven, Seminole, Stephens, Stewart, Sumter, Talbot, Taliaferro, Tattnall, Taylor, Telfair, Terrell, Thomas, Tift, Toombs, Towns, Treutlen, Troup, Turner, Twiggs, Union, Upson, Walker, Ware, Warren, Washington, Wayne, Webster, Wheeler, White, Whitfield, Wilcox, Wilkes, Wilkinson, Williamsburg, Worth |
| **AUSTIN** | PROPERTY, TENANT & COMPS |
| **Counties** | Bastrop, Caldwell, Hays, Travis, Williamson |
| **Bakersfield** | PROPERTY, TENANT & COMPS |
| **Counties** | Amador, Calaveras, Fresno, Kern, Kings, Madera, Mariposa, Merced, San Joaquin, Stanislaus, Tulare, Tuolumne |
| **Baltimore** | PROPERTY, TENANT & COMPS |
| **Counties** | Anne Arundel, Baltimore City, Baltimore County, Carroll, Cecil, Harford, Howard, Kent, Queen Annes |
| **Baton Rouge** | PROPERTY, TENANT & COMPS |
| **Counties** | Acadia, Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Bossier, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Claiborne, Concordia, De Soto, E Baton Rouge, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jeff n Davis, Jefferson, La Salle, Lafayette, Lafourche, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Orleans, Ouachita, Plaquemines, Pointe Coupee, Rapides, Red River, Richland, Sabine, St Bernard, St Charles, St Helena, St James, St John Baptist, St Landry, St Martin, St Mary, St Tammany, Tangipahoa, Tensas, Terrebonne, Union, Vermilion, Vernon, W Baton Rouge, Washington, Webster, West Carroll, West Feliciana, Winn |

| Beaumont/Port Arthur | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Acadia, Allen, Anderson, Andrews, Angelina, Aransas, Archer, Armstrong, Ascension, Assumption, Avoyelles, Bailey, Baylor, Beauregard, Bee, Bell, Bienville, Blanco, Borden, Bosque, Bossier, Bowie, Brazos, Brewster, Briscoe, Brooks, Brown, Burleson, Burnet, Caddo, Calcasieu, Caldwell, Calhoun, Callahan, Cameron, Camp, Carson, Cass, Castro, Catahoula, Cherokee, Childress, Claiborne, Clay, Cochran, Coke, Coleman, Collingsworth, Colorado, Comanche, Concho, Concordia, Cooke, Coryell, Cottle, Crane, Crockett, Crosby, Culberson, Dallam, Dawson, De Soto, De Witt, Deaf Smith, Dickens, Dimmit, Donley, Duval, E Baton Rouge, East Carroll, East Feliciana, Eastland, Ector, Edwards, El Paso, Erath, Evangeline, Falls, Fannin, Fayette, Fisher, Floyd, Foard, Franklin, Freestone, Frio, Gaines, Garza, Gillespie, Glasscock, Goliad, Gonzales, Grant, Gray, Grayson, Gregg, Grimes, Hale, Hall, Hamilton, Hansford, Hardeman, Hardin, Harrison, Hartley, Haskell, Hemphill, Hidalgo, Hill, Hockley, Hopkins, Houston, Howard, Hudspeth, Hutchinson, Iberia, Iberville, Irion, Jack, Jackson, Jasper, Jeff Davis, Jeff n Davis, Jefferson, Jim Hogg, Jim Wells, Jones, Karnes, Kenedy, Kent, Kerr, Kimble, King, Kinney, Kleberg, Knox, La Salle, Lafayette, Lafourche, Lamar, Lamb, Lampasas, Lavaca, Lee, Leon, Limestone, Lincoln, Lipscomb, Live Oak, Livingston, Llano, Loving, Lubbock, Lynn, Madison, Marion, Martin, Mason, Matagorda, Maverick, Mcculloch, Mclennan, Mcmullen, Menard, Midland, Milam, Mills, Mitchell, Montague, Moore, Morehouse, Morris, Motley, Nacogdoches, Natchitoches, Navarro, Newton, Nolan, Nueces, Ochiltree, Oldham, Orange, Orleans, Ouachita, Palo Pinto, Panola, Parmer, Pecos, Plaquemines, Pointe Coupee, Polk, Potter, Presidio, Rains, Randall, Rapides, Reagan, Real, Red River, Reeves, Refugio, Richland, Roberts, Robertson, Runnels, Rusk, Sabine, San Augustine, San Patricio, San Saba, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Somervell, St Bernard, St Charles, St Helena, St James, St John Baptist, St Landry, St Martin, St Mary, St Tammany, Starr, Stephens, Sterling, Stonewall, Sutton, Swisher, Tangipahoa, Taylor, Tensas, Terrebonne, Terrell, Terry, Throckmorton, Titus, Tom Green, Trinity, Tyler, Union, Upshur, Upton, Uvalde, Val Verde, Van Zandt, Vermilion, Vernon, Victoria, W Baton Rouge, Walker, Ward, Washington, Webb, Webster, West Carroll, West Feliciana, Wharton, Wheeler, Wichita, Wilbarger, Willacy, Winkler, Winn, Wood, Yoakum, Young, Zapata, Zavala |
| **Binghamton** | PROPERTY ONLY |
| **Counties** | Broome, Tioga |

| Birmingham | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Autauga, Baldwin, Barbour, Bibb, Blount, Bullock, Butler, Calhoun, Chambers, Cherokee, Chilton, Choctaw, Clarke, Clay, Cleburne, Coffee, Colbert, Conecuh, Coosa, Covington, Crenshaw, Cullman, Dale, Dallas, De Kalb, Elmore, Escambia, Etowah, Fayette, Franklin, Geneva, Greene, Hale, Henry, Houston, Jackson, Jefferson, Lamar, Lauderdale, Lawrence, Lee, Limestone, Lowndes, Macon, Madison, Marengo, Marion, Marshall, Mobile, Monroe, Montgomery, Morgan, Perry, Pickens, Pike, Randolph, Russell, Shelby, St Clair, Sumter, Talladega, Tallapoosa, Tuscaloosa, Walker, Washington, Wilcox, Winston |
| Boise City/Nampa | PROPERTY, TENANT & COMPS |
| **Counties** | Ada, Adams, Bannock, Bear Lake, Benewah, Bingham, Blaine, Boise, Bonner, Bonneville, Boundary, Butte, Camas, Canyon, Caribou, Cassia, Clark, Clearwater, Custer, Elmore, Franklin, Fremont, Gem, Gooding, Idaho, Jefferson, Jerome, Kootenai, Latah, Lemhi, Lewis, Lincoln, Madison, Malheur, Minidoka, Nez Perce, Oneida, Owyhee, Payette, Power, Shoshone, Teton, Twin Falls, Valley, Washington |
| BOSTON | PROPERTY, TENANT & COMPS |
| **Counties** | Bristol, Essex, Hillsborough, Middlesex, Norfolk, Plymouth, Rockingham, Strafford, Suffolk, Worcester |
| Bremerton/Silverdale | PROPERTY, TENANT & COMPS |
| **Counties** | Kitsap |
| BRK BRX QU | COMPS ONLY |
| **Counties** | Bronx, Kings, Queens |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 38 of 85

| Brownsville/Harlingen | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Anderson, Andrews, Angelina, Aransas, Archer, Armstrong, Bailey, Baylor, Bee, Bell, Blanco, Borden, Bosque, Bowie, Brazos, Brewster, Briscoe, Brooks, Brown, Burleson, Burnet, Calhoun, Callahan, Cameron, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collingsworth, Colorado, Comanche, Concho, Cooke, Coryell, Cottle, Crane, Crockett, Crosby, Culberson, Dallam, Dawson, De Witt, Deaf Smith, Dickens, Dimmit, Donley, Duval, Eastland, Ector, Edwards, El Paso, Erath, Falls, Fannin, Fayette, Fisher, Floyd, Foard, Franklin, Freestone, Frio, Gaines, Garza, Gillespie, Glasscock, Goliad, Gonzales, Gray, Grayson, Gregg, Grimes, Hale, Hall, Hamilton, Hansford, Hardeman, Hardin, Harrison, Hartley, Haskell, Hemphill, Hidalgo, Hill, Hockley, Hopkins, Houston, Howard, Hudspeth, Hutchinson, Irion, Jack, Jackson, Jasper, Jeff Davis, Jefferson, Jim Hogg, Jim Wells, Jones, Karnes, Kenedy, Kent, Kerr, Kimble, King, Kinney, Kleberg, Knox, La Salle, Lamar, Lamb, Lampasas, Lavaca, Lee, Leon, Limestone, Lipscomb, Live Oak, Llano, Loving, Lubbock, Lynn, Madison, Marion, Martin, Mason, Matagorda, Maverick, Mcculloch, Mclennan, Mcmullen, Menard, Midland, Milam, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Newton, Nolan, Nueces, Ochiltree, Oldham, Orange, Palo Pinto, Panola, Parmer, Pecos, Polk, Potter, Presidio, Rains, Randall, Reagan, Real, Red River, Reeves, Refugio, Roberts, Robertson, Runnels, Rusk, Sabine, San Augustine, San Patricio, San Saba, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Somervell, Starr, Stephens, Sterling, Stonewall, Sutton, Swisher, Taylor, Terrell, Terry, Throckmorton, Titus, Tom Green, Trinity, Tyler, Upshur, Upton, Uvalde, Val Verde, Van Zandt, Victoria, Walker, Ward, Washington, Webb, Wharton, Wheeler, Wichita, Wilbarger, Willacy, Winkler, Wood, Yoakum, Young, Zapata, Zavala |
| Buffalo/Niagara Falls | PROPERTY, TENANT & COMPS |
| **Counties** | Erie, Niagara |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 39 of 85

| Charleston WV | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Accomack, Albemarle, Alleghany, Amherst, Appomattox, Augusta, Barbour, Bath, Bedford, Bedford City, Bland, Boone, Botetourt, Braxton, Bristol City, Brooke, Brunswick, Buchanan, Buckingham, Buena Vista, Cabell, Calhoun, Campbell, Carroll, Charlotte, Charlottesville, Clay, Clifton Forge, Covington City, Craig, Culpeper, Danville City, Dickenson, Doddridge, Emporia City, Essex, Fayette, Floyd, Fluvanna, Franklin, Galax City, Giles, Gilmer, Grant, Grayson, Greenbrier, Greene, Greensville, Halifax, Hampshire, Hancock, Hardy, Harrison, Harrisonburg, Henry, Highland, Jackson, Kanawha, Lancaster, Lee, Lewis, Lexington City, Lincoln, Logan, Lunenburg, Lynchburg City, Madison, Marion, Marshall, Martinsville, Mason, Mcdowell, Mecklenburg, Mercer, Middlesex, Mineral, Mingo, Monongalia, Monroe, Montgomery, Nelson, Nicholas, Northampton, Northumberland, Norton City, Nottoway, Ohio, Orange, Page, Patrick, Pendleton, Pittsylvania, Pleasants, Pocahontas, Preston, Prince Edward, Pulaski, Putnam, Radford City, Raleigh, Randolph, Rappahannock, Richmond, Ritchie, Roane, Roanoke, Roanoke City, Rockbridge, Rockingham, Russell, Salem City, Scott, Shenandoah, Smyth, South Boston, Southampton, Staunton City, Summers, Taylor, Tazewell, Tucker, Tyler, Upshur, Washington, Wayne, Waynesboro, Webster, Westmoreland, Wetzel, Wirt, Wise, Wood, Wyoming, Wythe |
| Charleston/N Charleston | PROPERTY, TENANT & COMPS |
| Counties | Abbeville, Aiken, Allendale, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Chesterfield, Clarendon, Colleton, Darlington, Dillon, Dorchester, Edgefield, Fairfield, Florence, Georgetown, Greenwood, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Marlboro, Mccormick, Newberry, Oconee, Orangeburg, Richland, Saluda, Sumter, Union, Williamsburg |
| Charlotte | PROPERTY, TENANT & COMPS |
| Counties | Alexander, Anson, Burke, Cabarrus, Caldwell, Catawba, Chester, Cleveland, Gaston, Iredell, Lancaster, Lincoln, Mecklenburg, Rowan, Stanly, Union, York |
| Chattanooga | PROPERTY, TENANT & COMPS |
| Counties | Anderson, Bedford, Benton, Bledsoe, Blount, Bradley, Bristol City, Buncombe, Campbell, Carroll, Carter, Catoosa, Chester, Claiborne, Clay, Cocke, Coffee, Crockett, Cumberland, Dade, De Kalb, Decatur, Dyer, Fentress, Franklin, Gibson, Giles, Grainger, Greene, Grundy, Hamblen, Hamilton, Hancock, Hardeman, Hardin, Hawkins, Haywood, Henderson, Henry, Houston, Humphreys, Jackson, Jefferson, Johnson, Knox, Lake, Lauderdale, Lawrence, Lewis, Lincoln, Loudon, Madison, Marion, Marshall, Mcminn, Mcnairy, Meigs, Monroe, Moore, Morgan, Obion, Overton, Perry, Pickett, Polk, Putnam, Rhea, Roane, Scott, Sequatchie, Sevier, Sullivan, Unicoi, Union, Van Buren, Walker, Warren, Washington, Wayne, Weakley, White |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 40 of 85

| CHI COLLAR | COMPS ONLY |
|---|---|
| **Counties** | Boone, Kane, McHenry, Will, Winnebago |
| **CHI COOK** | **COMPS ONLY** |
| **Counties** | Cook, Kendall, Lake |
| **Chicago** | **PROPERTY & TENANT** |
| **Counties** | Boone, Bureau, Cook, DeKalb, DuPage, Grundy, Jasper, Kane, Kendall, Kenosha, La Salle, Lake, Lee, McHenry, Newton, Ogle, Porter, Racine, Will, Winnebago |
| **Cincinnati** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Boone, Bracken, Brown, Butler, Campbell, Clark, Clermont, Dearborn, Franklin, Gallatin, Grant, Greene, Hamilton, Kenton, Miami, Montgomery, Ohio, Pendleton, Preble, Warren |
| **CLEVELAND** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Ashtabula, Carroll, Cuyahoga, Erie, Geauga, Huron, Lake, Lorain, Medina, Portage, Richland, Stark, Summit |
| **COL SPRNGS** | **PROPERTY & COMPS** |
| **Counties** | El Paso, Teller |
| **Columbia** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Abbeville, Aiken, Allendale, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Chesterfield, Clarendon, Colleton, Darlington, Dillon, Dorchester, Edgefield, Fairfield, Florence, Georgetown, Greenwood, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Marlboro, Mccormick, Newberry, Orangeburg, Richland, Saluda, Sumter, Union, Williamsburg |
| **COLUMBUS** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Delaware, Fairfield, Franklin, Licking, Madison, Morrow, Pickaway, Union |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 41 of 85

| Columbus GA | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Aiken, Appling, Atkinson, Bacon, Baker, Baldwin, Banks, Ben Hill, Berrien, Bibb, Bleckley, Brantley, Brooks, Bryan, Bulloch, Burke, Calhoun, Camden, Candler, Catoosa, Charlton, Chatham, Chattahoochee, Chattooga, Clarke, Clay, Clinch, Coffee, Colquitt, Columbia, Cook, Crawford, Crisp, Dade, Decatur, Dodge, Dooly, Dougherty, Early, Echols, Edgefield, Effingham, Elbert, Emanuel, Evans, Fannin, Floyd, Franklin, Gilmer, Glascock, Glynn, Gordon, Grady, Greene, Habersham, Hamilton, Hancock, Harris, Hart, Houston, Irwin, Jeff Davis, Jefferson, Jenkins, Johnson, Jones, Lanier, Laurens, Lee, Liberty, Lincoln, Long, Lowndes, Lumpkin, Macon, Madison, Marion, Mcduffie, Mcintosh, Miller, Mitchell, Montgomery, Morgan, Murray, Muscogee, Oconee, Oglethorpe, Peach, Pierce, Polk, Pulaski, Putnam, Quitman, Rabun, Randolph, Richmond, Russell, Schley, Screven, Seminole, Stephens, Stewart, Sumter, Talbot, Taliaferro, Tattnall, Taylor, Telfair, Terrell, Thomas, Tift, Toombs, Towns, Treutlen, Troup, Turner, Twiggs, Union, Upson, Walker, Ware, Warren, Washington, Wayne, Webster, Wheeler, White, Whitfield, Wilcox, Wilkes, Wilkinson, Worth |
| Corpus Christi | PROPERTY, TENANT & COMPS |
| Counties | Anderson, Andrews, Angelina, Aransas, Archer, Armstrong, Bailey, Baylor, Bee, Bell, Blanco, Borden, Bosque, Bowie, Brazos, Brewster, Briscoe, Brooks, Brown, Burleson, Burnet, Calhoun, Callahan, Cameron, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collingsworth, Colorado, Comanche, Concho, Cooke, Coryell, Cottle, Crane, Crockett, Crosby, Culberson, Dallam, Dawson, De Witt, Deaf Smith, Dickens, Dimmit, Donley, Duval, Eastland, Ector, Edwards, El Paso, Erath, Falls, Fannin, Fayette, Fisher, Floyd, Foard, Franklin, Freestone, Frio, Gaines, Garza, Gillespie, Glasscock, Goliad, Gonzales, Gray, Grayson, Gregg, Grimes, Hale, Hall, Hamilton, Hansford, Hardeman, Hardin, Harrison, Hartley, Haskell, Hemphill, Hidalgo, Hill, Hockley, Hopkins, Houston, Howard, Hudspeth, Hutchinson, Irion, Jack, Jackson, Jasper, Jeff Davis, Jefferson, Jim Hogg, Jim Wells, Jones, Karnes, Kenedy, Kent, Kerr, Kimble, King, Kinney, Kleberg, Knox, La Salle, Lamar, Lamb, Lampasas, Lavaca, Lee, Leon, Limestone, Lipscomb, Live Oak, Llano, Loving, Lubbock, Lynn, Madison, Marion, Martin, Mason, Matagorda, Maverick, Mcculloch, Mclennan, Mcmullen, Menard, Midland, Milam, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Newton, Nolan, Nueces, Ochiltree, Oldham, Orange, Palo Pinto, Panola, Parmer, Pecos, Polk, Potter, Presidio, Rains, Randall, Reagan, Real, Red River, Reeves, Refugio, Roberts, Robertson, Runnels, Rusk, Sabine, San Augustine, San Patricio, San Saba, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Somervell, Starr, Stephens, Sterling, Stonewall, Sutton, Swisher, Taylor, Terrell, Terry, Throckmorton, Titus, Tom Green, Trinity, Tyler, Upshur, Upton, Uvalde, Val Verde, Van Zandt, Victoria, Walker, Ward, Washington, Webb, Wharton, Wheeler, Wichita, Wilbarger, Willacy, Winkler, Wood, Yoakum, Young, Zapata, Zavala |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 42 of 85

| Additional Submarkets | Mustang Is/Port Aransas, Rockport/N Aransas, North Beach |
|---:|:---|

| **Dallas/Ft. Worth** | **PROPERTY, TENANT & COMPS** |
|---:|:---|
| **Counties** | Collin, Dallas, Delta, Denton, Ellis, Henderson, Hood, Hunt, Johnson, Kaufman, Parker, Rockwall, Tarrant, Wise |

| **Davenport/Moline/Rock Island** | **PROPERTY, TENANT & COMPS** |
|---:|:---|
| **Counties** | Adair, Adams, Allamakee, Antelope, Appanoose, Arthur, Audubon, Banner, Benton, Black Hawk, Blaine, Boone, Box Butte, Boyd, Bremer, Brown, Buchanan, Buena Vista, Buffalo, Burt, Butler, Calhoun, Carroll, Cass, Cedar, Cerro Gordo, Chase, Cherokee, Cherry, Cheyenne, Chickasaw, Clarke, Clay, Clayton, Clinton, Colfax, Crawford, Cuming, Custer, Dakota, Dallas, Davis, Dawes, Dawson, Decatur, Delaware, Des Moines, Deuel, Dickinson, Dixon, Dodge, Douglas, Dubuque, Dundy, Emmet, Fayette, Fillmore, Floyd, Franklin, Fremont, Frontier, Furnas, Gage, Garden, Garfield, Gosper, Grant, Greeley, Greene, Grundy, Guthrie, Hall, Hamilton, Hancock, Hardin, Harlan, Harrison, Hayes, Henry, Hitchcock, Holt, Hooker, Howard, Humboldt, Ida, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Kearney, Keith, Keokuk, Keya Paha, Kimball, Knox, Kossuth, Lancaster, Lee, Lincoln, Linn, Logan, Louisa, Loup, Lucas, Lyon, Madison, Mahaska, Marion, Marshall, Mcpherson, Mercer, Merrick, Mills, Mitchell, Monona, Monroe, Montgomery, Morrill, Muscatine, Nance, Nemaha, Nuckolls, Obrien, Osceola, Otoe, Page, Palo Alto, Pawnee, Perkins, Phelps, Pierce, Platte, Plymouth, Pocahontas, Polk, Pottawattamie, Poweshiek, Red Willow, Richardson, Ringgold, Rock, Rock Island, Sac, Saline, Sarpy, Saunders, Scott, Scotts Bluff, Seward, Shelby, Sheridan, Sherman, Sioux, Stanton, Story, Tama, Taylor, Thayer, Thomas, Thurston, Union, Valley, Van Buren, Wapello, Warren, Washington, Wayne, Webster, Wheeler, Winnebago, Winneshiek, Woodbury, Worth, Wright, York |

| **Deltona/Daytona Beach** | **PROPERTY, TENANT & COMPS** |
|---:|:---|
| **Counties** | Alachua, Bay, Bradford, Calhoun, Citrus, Columbia, Dixie, Escambia, Franklin, Gadsden, Gilchrist, Gulf, Hamilton, Holmes, Jackson, Jefferson, Lafayette, Leon, Levy, Liberty, Madison, Marion, Monroe, Okaloosa, Santa Rosa, Sumter, Suwannee, Taylor, Union, Volusia, Wakulla, Walton, Washington |

| **Denver** | **PROPERTY, TENANT & COMPS** |
|---:|:---|
| **Counties** | Adams, Arapahoe, Boulder, Broomfield, Clear Creek, Denver, Douglas, Elbert, Gilpin, Jefferson, Larimer, Park, Weld |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 43 of 85

| Des Moines | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Adair, Adams, Allamakee, Appanoose, Audubon, Benton, Black Hawk, Boone, Bremer, Buchanan, Buena Vista, Butler, Calhoun, Carroll, Cass, Cedar, Cerro Gordo, Cherokee, Chickasaw, Clarke, Clay, Clayton, Clinton, Crawford, Dallas, Davis, Decatur, Delaware, Des Moines, Dickinson, Dubuque, Emmet, Fayette, Floyd, Franklin, Fremont, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Harrison, Henry, Howard, Humboldt, Ida, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Lucas, Lyon, Madison, Mahaska, Marion, Marshall, Mills, Mitchell, Monona, Monroe, Montgomery, Muscatine, Obrien, Osceola, Page, Palo Alto, Plymouth, Pocahontas, Polk, Pottawattamie, Poweshiek, Ringgold, Sac, Scott, Shelby, Sioux, Story, Tama, Taylor, Union, Van Buren, Wapello, Warren, Washington, Wayne, Webster, Winnebago, Winneshiek, Woodbury, Worth, Wright |
| **DETROIT** | PROPERTY, TENANT & COMPS |
| **Counties** | Clinton, Eaton, Genesee, Ingham, Lapeer, Livingston, Macomb, Monroe, Oakland, St. Clair, Washtenaw, Wayne |
| **Duluth** | PROPERTY, TENANT & COMPS |
| **Counties** | Adams, Aitkin, Ashland, Barron, Bayfield, Becker, Beltrami, Benton, Big Stone, Blue Earth, Brown, Buffalo, Burnett, Calumet, Carlton, Cass, Chippewa, Clark, Clay, Clearwater, Cook, Cottonwood, Crawford, Crow Wing, Dodge, Door, Douglas, Dunn, Eau Claire, Faribault, Fillmore, Florence, Forest, Freeborn, Goodhue, Grant, Green, Green Lake, Houston, Hubbard, Iron, Itasca, Jackson, Juneau, Kanabec, Kandiyohi, Kewaunee, Kittson, Koochiching, La Crosse, Lac Qui Parle, Lafayette, Lake, Lake Of Woods, Langlade, Le Sueur, Lincoln, Lyon, Mahnomen, Manitowoc, Marathon, Marinette, Marquette, Marshall, Martin, Mcleod, Meeker, Menominee, Mille Lacs, Monroe, Morrison, Mower, Murray, Nicollet, Nobles, Norman, Oconto, Olmsted, Oneida, Otter Tail, Outagamie, Pennington, Pepin, Pine, Pipestone, Polk, Pope, Portage, Price, Red Lake, Redwood, Renville, Rice, Richland, Rock, Roseau, Rusk, Sauk, Sawyer, Shawano, Sibley, St Louis, Steele, Stevens, Swift, Taylor, Todd, Traverse, Trempealeau, Vernon, Vilas, Wabasha, Wadena, Waseca, Washburn, Watonwan, Waupaca, Waushara, Wilkin, Winnebago, Winona, Wood, Yellow Medicine |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 44 of 85

| El Paso | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Anderson, Andrews, Angelina, Aransas, Archer, Armstrong, Bailey, Baylor, Bee, Bell, Blanco, Borden, Bosque, Bowie, Brazos, Brewster, Briscoe, Brooks, Brown, Burleson, Burnet, Calhoun, Callahan, Cameron, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collingsworth, Colorado, Comanche, Concho, Cooke, Coryell, Cottle, Crane, Crockett, Crosby, Culberson, Dallam, Dawson, De Witt, Deaf Smith, Dickens, Dimmit, Donley, Duval, Eastland, Ector, Edwards, El Paso, Erath, Falls, Fannin, Fayette, Fisher, Floyd, Foard, Franklin, Freestone, Frio, Gaines, Garza, Gillespie, Glasscock, Goliad, Gonzales, Gray, Grayson, Gregg, Grimes, Hale, Hall, Hamilton, Hansford, Hardeman, Hardin, Harrison, Hartley, Haskell, Hemphill, Hidalgo, Hill, Hockley, Hopkins, Houston, Howard, Hudspeth, Hutchinson, Irion, Jack, Jackson, Jasper, Jeff Davis, Jefferson, Jim Hogg, Jim Wells, Jones, Karnes, Kenedy, Kent, Kerr, Kimble, King, Kinney, Kleberg, Knox, La Salle, Lamar, Lamb, Lampasas, Lavaca, Lee, Leon, Limestone, Lipscomb, Live Oak, Llano, Loving, Lubbock, Lynn, Madison, Marion, Martin, Mason, Matagorda, Maverick, McCulloch, McLennan, McMullen, Menard, Midland, Milam, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Newton, Nolan, Nueces, Ochiltree, Oldham, Orange, Palo Pinto, Panola, Parmer, Pecos, Polk, Potter, Presidio, Rains, Randall, Reagan, Real, Red River, Reeves, Refugio, Roberts, Robertson, Runnels, Rusk, Sabine, San Augustine, San Patricio, San Saba, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Somervell, Starr, Stephens, Sterling, Stonewall, Sutton, Swisher, Taylor, Terrell, Terry, Throckmorton, Titus, Tom Green, Trinity, Tyler, Upshur, Upton, Uvalde, Val Verde, Van Zandt, Victoria, Walker, Ward, Washington, Webb, Wharton, Wheeler, Wichita, Wilbarger, Willacy, Winkler, Wood, Yoakum, Young, Zapata, Zavala |
| Erie | PROPERTY, TENANT & COMPS |
| Counties | Bedford, Blair, Bradford, Cambria, Cameron, Centre, Clarion, Clearfield, Clinton, Crawford, Elk, Erie, Forest, Fulton, Greene, Huntingdon, Indiana, Jefferson, Juniata, Lawrence, Lycoming, Mckean, Mercer, Mifflin, Northumberland, Potter, Snyder, Somerset, Sullivan, Susquehanna, Tioga, Union, Venango, Warren, Wayne |
| Evansville | PROPERTY, TENANT & COMPS |
| Counties | Gibson, Henderson, Posey, Vanderburgh, Warrick, Webster |
| Fayetteville | PROPERTY, TENANT & COMPS |
| Counties | Cumberland, Hoke |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 45 of 85

| Fayetteville/Springdale/Rogers | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Arkansas, Ashley, Baxter, Benton, Boone, Bradley, Calhoun, Carroll, Chicot, Clark, Clay, Cleburne, Cleveland, Columbia, Conway, Craighead, Crawford, Cross, Dallas, Desha, Drew, Faulkner, Franklin, Fulton, Garland, Grant, Greene, Hempstead, Hot Spring, Howard, Independence, Izard, Jackson, Jefferson, Johnson, Lafayette, Lawrence, Lee, Lincoln, Little River, Logan, Lonoke, Madison, Marion, Mcdonald, Miller, Mississippi, Monroe, Montgomery, Nevada, Newton, Ouachita, Perry, Phillips, Pike, Poinsett, Polk, Pope, Prairie, Pulaski, Randolph, Saline, Scott, Searcy, Sebastian, Sevier, Sharp, St Francis, Stone, Union, Van Buren, Washington, White, Woodruff, Yell |
| Fort Smith | PROPERTY, TENANT & COMPS |
| Counties | Arkansas, Ashley, Baxter, Benton, Boone, Bradley, Calhoun, Carroll, Chicot, Clark, Clay, Cleburne, Cleveland, Columbia, Conway, Craighead, Crawford, Cross, Dallas, Desha, Drew, Faulkner, Franklin, Fulton, Garland, Grant, Greene, Hempstead, Hot Spring, Howard, Independence, Izard, Jackson, Jefferson, Johnson, Lafayette, Lawrence, Le Flore, Lee, Lincoln, Little River, Logan, Lonoke, Madison, Marion, Miller, Mississippi, Monroe, Montgomery, Nevada, Newton, Ouachita, Perry, Phillips, Pike, Poinsett, Polk, Pope, Prairie, Pulaski, Randolph, Saline, Scott, Searcy, Sebastian, Sequoyah, Sevier, Sharp, St Francis, Stone, Union, Van Buren, Washington, White, Woodruff, Yell |
| Fort Wayne | PROPERTY, TENANT & COMPS |
| Counties | Adams, Allen, Bartholomew, Benton, Blackford, Carroll, Cass, Clark, Clay, Clinton, Crawford, Daviess, Decatur, Dekalb, Dubois, Elkhart, Fayette, Floyd, Fountain, Fulton, Gibson, Grant, Greene, Harrison, Howard, Huntington, Jackson, Jay, Jefferson, Jennings, Knox, Kosciusko, La Porte, LaGrange, Lawrence, Marshall, Martin, Miami, Monroe, Montgomery, Noble, Orange, Owen, Parke, Perry, Pike, Posey, Pulaski, Randolph, Ripley, Rush, Scott, Spencer, St Joseph, Starke, Steuben, Sullivan, Switzerland, Tippecanoe, Tipton, Union, Vanderburgh, Vermillion, Vigo, Wabash, Warren, Warrick, Washington, Wayne, Wells, White, Whitley |
| Fresno | PROPERTY, TENANT & COMPS |
| Counties | Amador, Calaveras, Fresno, Kern, Kings, Madera, Mariposa, Merced, San Joaquin, Stanislaus, Tulare, Tuolumne |
| FRS - Fresno, Madera, Merced Counties (FR, MD, ME) | PROPERTY & TENANT |
| Counties | Fresno, Kings, Madera, Merced |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 46 of 85

| | |
|---|---|
| **Ft Lauderdale (Broward)** | **TENANT ONLY** |
| Counties | Broward |
| **FT LDRDALE** | **COMPS ONLY** |
| Counties | Broward |
| **Green Bay** | **PROPERTY, TENANT & COMPS** |
| Counties | Adams, Ashland, Barron, Bayfield, Brown, Buffalo, Burnett, Calumet, Chippewa, Clark, Crawford, Door, Douglas, Dunn, Eau Claire, Florence, Forest, Grant, Green Lake, Iron, Jackson, Juneau, Kewaunee, La Crosse, Lafayette, Langlade, Lincoln, Manitowoc, Marathon, Marinette, Marquette, Menominee, Monroe, Oconto, Oneida, Outagamie, Pepin, Pierce, Polk, Portage, Price, Richland, Rusk, Sawyer, Shawano, St Croix, Taylor, Trempealeau, Vernon, Vilas, Washburn, Waupaca, Waushara, Winnebago, Wood |
| **Greensboro/Winston-Salem** | **PROPERTY, TENANT & COMPS** |
| Counties | Alamance, Davidson, Davie, Forsyth, Guilford, Randolph, Rockingham, Rowan, Stokes, Yadkin |
| **Greenville/Spartanburg** | **PROPERTY, TENANT & COMPS** |
| Counties | Anderson, Cherokee, Greenville, Laurens, Pickens, Spartanburg |
| **Hampton Roads** | **PROPERTY, TENANT & COMPS** |
| Counties | Chesapeake, Currituck, Franklin City, Gloucester, Hampton City, Isle Of Wight, James City, Mathews, Newport News, Norfolk City, Poquoson City, Portsmouth, Suffolk City, Surry, Virginia Beach, Williamsburg, York |
| **Hartford** | **PROPERTY, TENANT & COMPS** |
| Counties | Franklin, Hampden, Hampshire, Hartford, Litchfield, Middlesex, New Haven, New London, Tolland, Windham |
| **HI DESERT** | **COMPS ONLY** |
| Counties | 92301, 92307, 92308, 92311, 92342, 92345, 92347, 92356, 92365, 92368, 92371, 92372, 92392, 92394, 92395 |
| **HOUSTON** | **PROPERTY, TENANT & COMPS** |
| Counties | Austin, Brazoria, Chambers, Fort Bend, Galveston, Harris, Liberty, Montgomery, San Jacinto, Waller |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 47 of 85

| Huntington/Ashland | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Adair, Adams, Allen, Anderson, Ashland, Athens, Auglaize, Ballard, Barbour, Barren, Bath, Bell, Belmont, Boone, Bourbon, Boyd, Boyle, Braxton, Breathitt, Breckinridge, Brooke, Bullitt, Butler, Cabell, Caldwell, Calhoun, Calloway, Carlisle, Carroll, Carter, Casey, Champaign, Clark, Clay, Clinton, Columbiana, Coshocton, Crawford, Crittenden, Cumberland, Darke, Daviess, Defiance, Doddridge, Edmonson, Elliott, Estill, Fayette, Fleming, Floyd, Franklin, Fulton, Gallia, Garrard, Gilmer, Grant, Graves, Grayson, Green, Greenbrier, Greenup, Guernsey, Hampshire, Hancock, Hardin, Hardy, Harlan, Harrison, Hart, Henderson, Henry, Hickman, Highland, Hocking, Holmes, Hopkins, Jackson, Jefferson, Jessamine, Johnson, Kanawha, Knott, Knox, Larue, Laurel, Lawrence, Lee, Leslie, Letcher, Lewis, Lincoln, Livingston, Logan, Lucas, Lyon, Madison, Magoffin, Mahoning, Marion, Marshall, Martin, Mason, Mccracken, Mccreary, Mcdowell, Mclean, Meade, Meigs, Menifee, Mercer, Metcalfe, Mineral, Mingo, Monongalia, Monroe, Montgomery, Morgan, Muhlenberg, Muskingum, Nelson, Nicholas, Noble, Ohio, Oldham, Ottawa, Owen, Owsley, Paulding, Pendleton, Perry, Pike, Pleasants, Pocahontas, Powell, Preston, Pulaski, Putnam, Raleigh, Randolph, Ritchie, Roane, Robertson, Rockcastle, Ross, Rowan, Russell, Sandusky, Scioto, Scott, Seneca, Shelby, Simpson, Spencer, Summers, Taylor, Todd, Trimble, Trumbull, Tucker, Tuscarawas, Tyler, Union, Upshur, Van Wert, Vinton, Warren, Washington, Wayne, Webster, Wetzel, Whitley, Williams, Wirt, Wolfe, Wood, Woodford, Wyandot, Wyoming |
| Huntsville | PROPERTY, TENANT & COMPS |
| **Counties** | Autauga, Baldwin, Barbour, Bibb, Blount, Bullock, Butler, Calhoun, Chambers, Cherokee, Chilton, Choctaw, Clarke, Clay, Cleburne, Coffee, Colbert, Conecuh, Coosa, Covington, Crenshaw, Cullman, Dale, Dallas, De Kalb, Elmore, Escambia, Etowah, Fayette, Franklin, Geneva, Greene, Hale, Henry, Houston, Jackson, Jefferson, Lamar, Lauderdale, Lawrence, Lee, Limestone, Lowndes, Macon, Madison, Marengo, Marion, Marshall, Mobile, Monroe, Montgomery, Morgan, Perry, Pickens, Pike, Randolph, Russell, Shelby, St Clair, Sumter, Talladega, Tallapoosa, Tuscaloosa, Walker, Washington, Wilcox, Winston |
| Indianapolis | PROPERTY, TENANT & COMPS |
| **Counties** | Boone, Brown, Delaware, Hamilton, Hancock, Hendricks, Henry, Johnson, Madison, Marion, Morgan, Putnam, Shelby |
| Inland Empire | PROPERTY, TENANT & COMPS |
| **Counties** | Riverside, San Bernardino |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 48 of 85

| Jackson | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Adams, Alcorn, Amite, Attala, Benton, Bolivar, Calhoun, Carroll, Chickasaw, Choctaw, Claiborne, Clarke, Clay, Coahoma, Copiah, Covington, Forrest, Franklin, George, Greene, Grenada, Hancock, Harrison, Hinds, Holmes, Humphreys, Issaquena, Itawamba, Jackson, Jasper, Jeff n Davis, Jefferson, Jones, Kemper, Lafayette, Lamar, Lauderdale, Lawrence, Leake, Lee, Leflore, Lincoln, Lowndes, Madison, Marion, Marshall, Monroe, Montgomery, Neshoba, Newton, Noxubee, Oktibbeha, Panola, Pearl River, Perry, Pike, Pontotoc, Prentiss, Quitman, Rankin, Scott, Sharkey, Simpson, Smith, Stone, Sunflower, Tallahatchie, Tate, Tippah, Tishomingo, Tunica, Union, Walthall, Warren, Washington, Wayne, Webster, Wilkinson, Winston, Yalobusha, Yazoo |
| **Jacksonville** | PROPERTY, TENANT & COMPS |
| **Counties** | Baker, Clay, Duval, Nassau, St. Johns |
| **Kansas City** | PROPERTY, TENANT & COMPS |
| **Counties** | Andrew, Atchison, Bates, Buchanan, Caldwell, Cass, Clay, Clinton, De Kalb, Doniphan, Douglas, Franklin, Jackson, Jefferson, Johnson, Lafayette, Leavenworth, Linn, Livingston, Miami, Osage, Platte, Ray, Shawnee, Wabaunsee, Wyandotte |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 49 of 85

| Killeen/Temple/Fort Hood | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Anderson, Andrews, Angelina, Aransas, Archer, Armstrong, Bailey, Baylor, Bee, Bell, Blanco, Borden, Bosque, Bowie, Brazos, Brewster, Briscoe, Brooks, Brown, Burleson, Burnet, Calhoun, Callahan, Cameron, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collingsworth, Colorado, Comanche, Concho, Cooke, Coryell, Cottle, Crane, Crockett, Crosby, Culberson, Dallam, Dawson, De Witt, Deaf Smith, Dickens, Dimmit, Donley, Duval, Eastland, Ector, Edwards, El Paso, Erath, Falls, Fannin, Fayette, Fisher, Floyd, Foard, Franklin, Freestone, Frio, Gaines, Garza, Gillespie, Glasscock, Goliad, Gonzales, Gray, Grayson, Gregg, Grimes, Hale, Hall, Hamilton, Hansford, Hardeman, Hardin, Harrison, Hartley, Haskell, Hemphill, Hidalgo, Hill, Hockley, Hopkins, Houston, Howard, Hudspeth, Hutchinson, Irion, Jack, Jackson, Jasper, Jeff Davis, Jefferson, Jim Hogg, Jim Wells, Jones, Karnes, Kenedy, Kent, Kerr, Kimble, King, Kinney, Kleberg, Knox, La Salle, Lamar, Lamb, Lampasas, Lavaca, Lee, Leon, Limestone, Lipscomb, Live Oak, Llano, Loving, Lubbock, Lynn, Madison, Marion, Martin, Mason, Matagorda, Maverick, Mcculloch, Mclennan, Mcmullen, Menard, Midland, Milam, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Newton, Nolan, Nueces, Ochiltree, Oldham, Orange, Palo Pinto, Panola, Parmer, Pecos, Polk, Potter, Presidio, Rains, Randall, Reagan, Real, Red River, Reeves, Refugio, Roberts, Robertson, Runnels, Rusk, Sabine, San Augustine, San Patricio, San Saba, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Somervell, Starr, Stephens, Sterling, Stonewall, Sutton, Swisher, Taylor, Terrell, Terry, Throckmorton, Titus, Tom Green, Trinity, Tyler, Upshur, Upton, Uvalde, Val Verde, Van Zandt, Victoria, Walker, Ward, Washington, Webb, Wharton, Wheeler, Wichita, Wilbarger, Willacy, Winkler, Wood, Yoakum, Young, Zapata, Zavala |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 50 of 85

| Kingsport/Bristol/Bristol | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Accomack, Albemarle, Alleghany, Amherst, Anderson, Appomattox, Augusta, Barbour, Bath, Bedford, Bedford City, Benton, Bland, Bledsoe, Blount, Boone, Botetourt, Bradley, Braxton, Bristol City, Brooke, Brunswick, Buchanan, Buckingham, Buena Vista, Cabell, Calhoun, Campbell, Carroll, Carter, Charlotte, Charlottesville, Chester, Claiborne, Clay, Clifton Forge, Cocke, Coffee, Covington City, Craig, Crockett, Culpeper, Cumberland, Danville City, De Kalb, Decatur, Dickenson, Doddridge, Dyer, Emporia City, Essex, Fayette, Fentress, Floyd, Fluvanna, Franklin, Galax City, Gibson, Giles, Gilmer, Grainger, Grant, Grayson, Greenbrier, Greene, Greensville, Grundy, Halifax, Hamblen, Hamilton, Hampshire, Hancock, Hardeman, Hardin, Hardy, Harrison, Harrisonburg, Hawkins, Haywood, Henderson, Henry, Highland, Houston, Humphreys, Jackson, Jefferson, Johnson, Kanawha, Knox, Lake, Lancaster, Lauderdale, Lawrence, Lee, Lewis, Lexington City, Lincoln, Logan, Loudon, Lunenburg, Lynchburg City, Madison, Marion, Marshall, Martinsville, Mason, Mcdowell, Mcminn, Mcnairy, Mecklenburg, Meigs, Mercer, Middlesex, Mineral, Mingo, Monongalia, Monroe, Montgomery, Moore, Morgan, Nelson, Nicholas, Northampton, Northumberland, Norton City, Nottoway, Obion, Ohio, Orange, Overton, Page, Patrick, Pendleton, Perry, Pickett, Pittsylvania, Pleasants, Pocahontas, Polk, Preston, Prince Edward, Pulaski, Putnam, Radford City, Raleigh, Randolph, Rappahannock, Rhea, Richmond, Ritchie, Roane, Roanoke, Roanoke City, Rockbridge, Rockingham, Russell, Salem City, Scott, Sequatchie, Sevier, Shenandoah, Smyth, South Boston, Southampton, Staunton City, Sullivan, Summers, Taylor, Tazewell, Tucker, Tyler, Unicoi, Union, Upshur, Van Buren, Warren, Washington, Wayne, Waynesboro, Weakley, Webster, Westmoreland, Wetzel, White, Wirt, Wise, Wood, Wyoming, Wythe |
| **Knoxville** | PROPERTY, TENANT & COMPS |
| **Counties** | Anderson, Bedford, Benton, Bledsoe, Blount, Bradley, Bristol City, Buncombe, Campbell, Carroll, Carter, Catoosa, Chester, Claiborne, Clay, Cocke, Coffee, Crockett, Cumberland, Dade, De Kalb, Decatur, Dyer, Fentress, Franklin, Gibson, Giles, Grainger, Greene, Grundy, Hamblen, Hamilton, Hancock, Hardeman, Hardin, Hawkins, Haywood, Henderson, Henry, Houston, Humphreys, Jackson, Jefferson, Johnson, Knox, Lake, Lauderdale, Lawrence, Lewis, Lincoln, Loudon, Madison, Marion, Marshall, Mcminn, Mcnairy, Meigs, Monroe, Moore, Morgan, Obion, Overton, Perry, Pickett, Polk, Putnam, Rhea, Roane, Scott, Sequatchie, Sevier, Sullivan, Unicoi, Union, Van Buren, Walker, Warren, Washington, Wayne, Weakley, White |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 51 of 85

| LA CENTRAL | COMPS ONLY |
|---|---|
| Zip Codes | 90006, 90007, 90012, 90013, 90014, 90015, 90017, 90021, 90026, 90030, 90051, 90052, 90053, 90054, 90055, 90057, 90060, 90071, 90079, 90089 |

| LA EAST | COMPS ONLY |
|---|---|
| Zip Codes | 90006, 90007, 90012, 90013, 90014, 90015, 90017, 90021, 90022, 90026, 90030, 90031, 90032, 90033, 90041, 90042, 90050, 90051, 90052, 90053, 90054, 90055, 90057, 90060, 90063, 90065, 90071, 90079, 90089, 90631, 91001, 91003, 91006, 91007, 91009, 91010, 91016, 91017, 91024, 91025, 91030, 91031, 91101, 91102, 91103, 91104, 91105, 91106, 91107, 91108, 91109, 91114, 91115, 91116, 91117, 91118, 91124, 91125, 91126, 91702, 91706, 91711, 91722, 91723, 91724, 91731, 91732, 91733, 91734, 91740, 91741, 91744, 91745, 91746, 91747, 91748, 91750, 91754, 91755, 91765, 91766, 91767, 91768, 91769, 91770, 91773, 91775, 91776, 91778, 91780, 91789, 91790, 91791, 91792, 91793, 91801, 91802, 91803, 92621 |

| LA NORTH | COMPS ONLY |
|---|---|
| Zip Codes | 90006, 90007, 90012, 90013, 90014, 90015, 90017, 90021, 90026, 90030, 90039, 90051, 90052, 90053, 90054, 90055, 90057, 90060, 90071, 90079, 90089, 91011, 91012, 91020, 91021, 91040, 91041, 91042, 91043, 91046, 91201, 91202, 91203, 91204, 91205, 91206, 91207, 91208, 91209, 91210, 91214, 91221, 91222, 91224, 91225, 91226, 91301, 91302, 91303, 91304, 91305, 91306, 91307, 91311, 91316, 91321, 91324, 91325, 91326, 91330, 91331, 91335, 91340, 91341, 91342, 91343, 91344, 91345, 91350, 91351, 91352, 91354, 91355, 91356, 91361, 91362, 91364, 91367, 91381, 91384, 91387, 91390, 91401, 91402, 91403, 91404, 91405, 91406, 91407, 91408, 91409, 91411, 91412, 91413, 91423, 91436, 91501, 91502, 91503, 91504, 91505, 91506, 91523, 91601, 91602, 91603, 91604, 91605, 91606, 91607, 91608, 91609, 93510, 93532, 93534, 93535, 93536, 93543, 93544, 93550, 93551, 93552, 93553, 93563, 93591 |

| LA SOUTH | COMPS ONLY |
|---|---|
| Zip Codes | 90001, 90002, 90003, 90006, 90007, 90011, 90012, 90013, 90014, 90015, 90017, 90021, 90023, 90026, 90030, 90040, 90051, 90052, 90053, 90054, 90055, 90057, 90058, 90059, 90060, 90061, 90071, 90079, 90089, 90201, 90220, 90221, 90222, 90223, 90224, 90240, 90241, 90242, 90248, 90255, 90262, 90270, 90274, 90275, 90280, 90601, 90602, 90603, 90604, 90605, 90606, 90607, 90608, 90631, 90637, 90638, 90639, 90640, 90650, 90660, 90670, 90701, 90703, 90704, 90706, 90712, 90713, 90714, 90715, 90716, 90723, 90731, 90732, 90733, 90744, 90745, 90746, 90747, 90748, 90755, 90801, 90802, 90803, 90804, 90805, 90806, 90807, 90808, 90809, 90810, 90813, 90814, 90815, 90822, 90840, 90846 |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 52 of 85

| LA WEST | COMPS ONLY |
|---|---|
| Zip Codes | 90004, 90005, 90006, 90007, 90008, 90009, 90010, 90012, 90013, 90014, 90015, 90016, 90017, 90018, 90019, 90020, 90021, 90024, 90025, 90026, 90027, 90028, 90029, 90030, 90034, 90035, 90036, 90037, 90038, 90043, 90044, 90045, 90046, 90047, 90048, 90049, 90051, 90052, 90053, 90054, 90055, 90056, 90057, 90060, 90062, 90064, 90066, 90067, 90068, 90069, 90070, 90071, 90072, 90073, 90077, 90079, 90080, 90089, 90094, 90209, 90210, 90211, 90212, 90213, 90230, 90232, 90245, 90247, 90249, 90250, 90254, 90260, 90261, 90265, 90266, 90272, 90277, 90278, 90290, 90291, 90292, 90293, 90301, 90302, 90303, 90304, 90305, 90306, 90307, 90308, 90309, 90310, 90401, 90402, 90403, 90404, 90405, 90406, 90501, 90502, 90503, 90504, 90505, 90506, 90507, 90508, 90509, 90510, 90710, 90717 |
| Lafayette | PROPERTY, TENANT & COMPS |
| Counties | Acadia, Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Bossier, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Claiborne, Concordia, De Soto, E Baton Rouge, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jeff n Davis, Jefferson, La Salle, Lafayette, Lafourche, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Orleans, Ouachita, Plaquemines, Pointe Coupee, Rapides, Red River, Richland, Sabine, St Bernard, St Charles, St Helena, St James, St John Baptist, St Landry, St Martin, St Mary, St Tammany, Tangipahoa, Tensas, Terrebonne, Union, Vermilion, Vernon, W Baton Rouge, Washington, Webster, West Carroll, West Feliciana, Winn |
| LAS VEGAS | PROPERTY, TENANT & COMPS |
| Counties | Clark |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 53 of 85

| Lexington/Fayette | **PROPERTY, TENANT & COMPS** |
|---|---|
| **Counties** | Adair, Allen, Anderson, Ballard, Barren, Bath, Bell, Bourbon, Boyd, Boyle, Breathitt, Breckinridge, Bullitt, Butler, Caldwell, Calloway, Carlisle, Carroll, Carter, Casey, Clark, Clay, Clinton, Crittenden, Cumberland, Daviess, Edmonson, Elliott, Estill, Fayette, Fleming, Floyd, Franklin, Fulton, Garrard, Graves, Grayson, Green, Greenup, Hancock, Hardin, Harlan, Harrison, Hart, Henderson, Henry, Hickman, Hopkins, Jackson, Jefferson, Jessamine, Johnson, Knott, Knox, Larue, Laurel, Lawrence, Lee, Leslie, Letcher, Lewis, Lincoln, Livingston, Logan, Lyon, Madison, Magoffin, Marion, Marshall, Martin, Mason, Mccracken, Mccreary, Mclean, Meade, Menifee, Mercer, Metcalfe, Monroe, Montgomery, Morgan, Muhlenberg, Nelson, Nicholas, Ohio, Oldham, Owen, Owsley, Perry, Pike, Powell, Pulaski, Robertson, Rockcastle, Rowan, Russell, Scott, Shelby, Simpson, Spencer, Taylor, Todd, Trimble, Union, Warren, Washington, Wayne, Webster, Whitley, Wolfe, Woodford |
| Lincoln | **PROPERTY, TENANT & COMPS** |
| **Counties** | Adair, Adams, Allamakee, Antelope, Appanoose, Arthur, Audubon, Banner, Benton, Black Hawk, Blaine, Boone, Box Butte, Boyd, Bremer, Brown, Buchanan, Buena Vista, Buffalo, Burt, Butler, Calhoun, Carroll, Cass, Cedar, Cerro Gordo, Chase, Cherokee, Cherry, Cheyenne, Chickasaw, Clarke, Clay, Clayton, Clinton, Colfax, Crawford, Cuming, Custer, Dakota, Dallas, Davis, Dawes, Dawson, Decatur, Delaware, Des Moines, Deuel, Dickinson, Dixon, Dodge, Douglas, Dubuque, Dundy, Emmet, Fayette, Fillmore, Floyd, Franklin, Fremont, Frontier, Furnas, Gage, Garden, Garfield, Gosper, Grant, Greeley, Greene, Grundy, Guthrie, Hall, Hamilton, Hancock, Hardin, Harlan, Harrison, Hayes, Henry, Hitchcock, Holt, Hooker, Howard, Humboldt, Ida, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Kearney, Keith, Keokuk, Keya Paha, Kimball, Knox, Kossuth, Lancaster, Lee, Lincoln, Linn, Logan, Louisa, Loup, Lucas, Lyon, Madison, Mahaska, Marion, Marshall, Mcpherson, Merrick, Mills, Mitchell, Monona, Monroe, Montgomery, Morrill, Muscatine, Nance, Nemaha, Nuckolls, Obrien, Osceola, Otoe, Page, Palo Alto, Pawnee, Perkins, Phelps, Pierce, Platte, Plymouth, Pocahontas, Polk, Pottawattamie, Poweshiek, Red Willow, Richardson, Ringgold, Rock, Sac, Saline, Sarpy, Saunders, Scott, Scotts Bluff, Seward, Shelby, Sheridan, Sherman, Sioux, Stanton, Story, Tama, Taylor, Thayer, Thomas, Thurston, Union, Valley, Van Buren, Wapello, Warren, Washington, Wayne, Webster, Wheeler, Winnebago, Winneshiek, Woodbury, Worth, Wright, York |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 54 of 85

| Little Rock/N Little Rock | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Arkansas, Ashley, Baxter, Benton, Boone, Bradley, Calhoun, Carroll, Chicot, Clark, Clay, Cleburne, Cleveland, Columbia, Conway, Craighead, Crawford, Cross, Dallas, Desha, Drew, Faulkner, Franklin, Fulton, Garland, Grant, Greene, Hempstead, Hot Spring, Howard, Independence, Izard, Jackson, Jefferson, Johnson, Lafayette, Lawrence, Lee, Lincoln, Little River, Logan, Lonoke, Madison, Marion, Miller, Mississippi, Monroe, Montgomery, Nevada, Newton, Ouachita, Perry, Phillips, Pike, Poinsett, Polk, Pope, Prairie, Pulaski, Randolph, Saline, Scott, Searcy, Sebastian, Sevier, Sharp, St Francis, Stone, Union, Van Buren, Washington, White, Woodruff, Yell |
| Long Island | PROPERTY, TENANT & COMPS |
| Counties | Kings, Nassau, Queens, Staten Island, Suffolk |
| Los Angeles | PROPERTY & TENANT |
| Counties | Los Angeles, Ventura |
| Additional Submarkets | East San Bernardino, San Bernardino Outlying, North San Bernardino, Airport Area, West San Bernardino, Seal Beach, Cypress/Los Alamitos Ind, Cypress/Los Alamitos, Buena Park, Buena Park Ind |
| Louisville | PROPERTY, TENANT & COMPS |
| Counties | Bullitt, Clark, Floyd, Harrison, Henry, Jefferson, Meade, Nelson, Ohio, Oldham, Shelby, Spencer, Trimble, Washington |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 55 of 85

| Lubbock | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Anderson, Andrews, Angelina, Aransas, Archer, Armstrong, Bailey, Baylor, Bee, Bell, Blanco, Borden, Bosque, Bowie, Brazos, Brewster, Briscoe, Brooks, Brown, Burleson, Burnet, Calhoun, Callahan, Cameron, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collingsworth, Colorado, Comanche, Concho, Cooke, Coryell, Cottle, Crane, Crockett, Crosby, Culberson, Dallam, Dawson, De Witt, Deaf Smith, Dickens, Dimmit, Donley, Duval, Eastland, Ector, Edwards, El Paso, Erath, Falls, Fannin, Fayette, Fisher, Floyd, Foard, Franklin, Freestone, Frio, Gaines, Garza, Gillespie, Glasscock, Goliad, Gonzales, Gray, Grayson, Gregg, Grimes, Hale, Hall, Hamilton, Hansford, Hardeman, Hardin, Harrison, Hartley, Haskell, Hemphill, Hidalgo, Hill, Hockley, Hopkins, Houston, Howard, Hudspeth, Hutchinson, Irion, Jack, Jackson, Jasper, Jeff Davis, Jefferson, Jim Hogg, Jim Wells, Jones, Karnes, Kenedy, Kent, Kerr, Kimble, King, Kinney, Kleberg, Knox, La Salle, Lamar, Lamb, Lampasas, Lavaca, Lee, Leon, Limestone, Lipscomb, Live Oak, Llano, Loving, Lubbock, Lynn, Madison, Marion, Martin, Mason, Matagorda, Maverick, Mcculloch, Mclennan, Mcmullen, Menard, Midland, Milam, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Newton, Nolan, Nueces, Ochiltree, Oldham, Orange, Palo Pinto, Panola, Parmer, Pecos, Polk, Potter, Presidio, Rains, Randall, Reagan, Real, Red River, Reeves, Refugio, Roberts, Robertson, Runnels, Rusk, Sabine, San Augustine, San Patricio, San Saba, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Somervell, Starr, Stephens, Sterling, Stonewall, Sutton, Swisher, Taylor, Terrell, Terry, Throckmorton, Titus, Tom Green, Trinity, Tyler, Upshur, Upton, Uvalde, Val Verde, Van Zandt, Victoria, Walker, Ward, Washington, Webb, Wharton, Wheeler, Wichita, Wilbarger, Willacy, Winkler, Wood, Yoakum, Young, Zapata, Zavala |
| MANHATTAN | COMPS ONLY |
| Counties | New York County |
| Marin, Sonoma Counties(MS) | PROPERTY ONLY |
| Counties | Marin, Sonoma |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 56 of 85

| McAllen | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Anderson, Andrews, Angelina, Aransas, Archer, Armstrong, Bailey, Baylor, Bee, Bell, Blanco, Borden, Bosque, Bowie, Brazos, Brewster, Briscoe, Brooks, Brown, Burleson, Burnet, Calhoun, Callahan, Cameron, Camp, Carson, Cass, Castro, Cherokee, Childress, Clay, Cochran, Coke, Coleman, Collingsworth, Colorado, Comanche, Concho, Cooke, Coryell, Cottle, Crane, Crockett, Crosby, Culberson, Dallam, Dawson, De Witt, Deaf Smith, Dickens, Dimmit, Donley, Duval, Eastland, Ector, Edwards, El Paso, Erath, Falls, Fannin, Fayette, Fisher, Floyd, Foard, Franklin, Freestone, Frio, Gaines, Garza, Gillespie, Glasscock, Goliad, Gonzales, Gray, Grayson, Gregg, Grimes, Hale, Hall, Hamilton, Hansford, Hardeman, Hardin, Harrison, Hartley, Haskell, Hemphill, Hidalgo, Hill, Hockley, Hopkins, Houston, Howard, Hudspeth, Hutchinson, Irion, Jack, Jackson, Jasper, Jeff Davis, Jefferson, Jim Hogg, Jim Wells, Jones, Karnes, Kenedy, Kent, Kerr, Kimble, King, Kinney, Kleberg, Knox, La Salle, Lamar, Lamb, Lampasas, Lavaca, Lee, Leon, Limestone, Lipscomb, Live Oak, Llano, Loving, Lubbock, Lynn, Madison, Marion, Martin, Mason, Matagorda, Maverick, Mcculloch, Mclennan, Mcmullen, Menard, Midland, Milam, Mills, Mitchell, Montague, Moore, Morris, Motley, Nacogdoches, Navarro, Newton, Nolan, Nueces, Ochiltree, Oldham, Orange, Palo Pinto, Panola, Parmer, Pecos, Polk, Potter, Presidio, Rains, Randall, Reagan, Real, Red River, Reeves, Refugio, Roberts, Robertson, Runnels, Rusk, Sabine, San Augustine, San Patricio, San Saba, Schleicher, Scurry, Shackelford, Shelby, Sherman, Smith, Somervell, Starr, Stephens, Sterling, Stonewall, Sutton, Swisher, Taylor, Terrell, Terry, Throckmorton, Titus, Tom Green, Trinity, Tyler, Upshur, Upton, Uvalde, Val Verde, Van Zandt, Victoria, Walker, Ward, Washington, Webb, Wharton, Wheeler, Wichita, Wilbarger, Willacy, Winkler, Wood, Yoakum, Young, Zapata, Zavala |
| McAllen/Edinburg/Pharr | PROPERTY, TENANT & COMPS |
| Counties | Hidalgo |
| Memphis | PROPERTY, TENANT & COMPS |
| Counties | Crittenden, DeSoto, Fayette, Marshall, Shelby, Tate, Tipton, Tunica |
| Miami (Dade) | COMPS & TENANT |
| Counties | Miami-Dade |
| Milwaukee | PROPERTY, TENANT & COMPS |
| Counties | Columbia, Dane, Dodge, Fond Du Lac, Iowa, Jefferson, Kenosha, Milwaukee, Ozaukee, Racine, Rock, Sheboygan, Walworth, Washington, Waukesha |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 57 of 85

| Minneapolis | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Anoka, Benton, Carver, Chisago, Dakota, Hennepin, Isanti, Pierce, Ramsey, Scott, Sherburne, St Croix, Stearns, Washington, Wright |
| **Mobile** | PROPERTY, TENANT & COMPS |
| **Counties** | Baldwin, Mobile |
| **Mobile/Pensacola** | PROPERTY, TENANT & COMPS |
| **Counties** | Autauga, Baldwin, Barbour, Bay, Bibb, Blount, Bullock, Butler, Calhoun, Chambers, Cherokee, Chilton, Choctaw, Clarke, Clay, Cleburne, Coffee, Colbert, Conecuh, Coosa, Covington, Crenshaw, Cullman, Dale, Dallas, De Kalb, Elmore, Escambia, Etowah, Fayette, Franklin, Geneva, George, Greene, Hale, Hancock, Harrison, Henry, Holmes, Houston, Jackson, Jefferson, Lamar, Lauderdale, Lawrence, Lee, Limestone, Lowndes, Macon, Madison, Marengo, Marion, Marshall, Mobile, Monroe, Montgomery, Morgan, Okaloosa, Pearl River, Perry, Pickens, Pike, Randolph, Russell, Santa Rosa, Shelby, St Clair, Stone, Sumter, Talladega, Tallapoosa, Tuscaloosa, Walker, Walton, Washington, Wilcox, Winston |
| **Montgomery** | PROPERTY, TENANT & COMPS |
| **Counties** | Autauga, Baldwin, Barbour, Bibb, Blount, Bullock, Butler, Calhoun, Chambers, Cherokee, Chilton, Choctaw, Clarke, Clay, Cleburne, Coffee, Colbert, Conecuh, Coosa, Covington, Crenshaw, Cullman, Dale, Dallas, De Kalb, Elmore, Escambia, Etowah, Fayette, Franklin, Geneva, Greene, Hale, Henry, Houston, Jackson, Jefferson, Lamar, Lauderdale, Lawrence, Lee, Limestone, Lowndes, Macon, Madison, Marengo, Marion, Marshall, Mobile, Monroe, Montgomery, Morgan, Perry, Pickens, Pike, Randolph, Russell, Shelby, St Clair, Sumter, Talladega, Tallapoosa, Tuscaloosa, Walker, Washington, Wilcox, Winston |
| **Myrtle Beach/Conway** | PROPERTY, TENANT & COMPS |
| **Counties** | Abbeville, Aiken, Allendale, Bamberg, Barnwell, Beaufort, Berkeley, Bladen, Brunswick, Calhoun, Carteret, Charleston, Chesterfield, Clarendon, Colleton, Columbus, Darlington, Dillon, Dorchester, Edgefield, Fairfield, Florence, Georgetown, Greenwood, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Marlboro, Mccormick, New Hanover, Newberry, Oconee, Onslow, Orangeburg, Pender, Richland, Robeson, Saluda, Scotland, Sumter, Union, Williamsburg |
| **N VIRGINIA** | COMPS ONLY |
| **Counties** | Alexandria, Arlington, Fairfax, Fairfax City, Falls Church, Fauquier, Loudoun, Manassas City, Manassas Park, Prince William, Stafford |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 58 of 85

| | |
|---|---|
| **Nashville** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Cannon, Cheatham, Christian, Davidson, Dickson, Hickman, Macon, Maury, Montgomery, Robertson, Rutherford, Smith, Stewart, Sumner, Trigg, Trousdale, Williamson, Wilson |
| **New Orleans/Metairie/Kenner** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Jefferson, Orleans, Plaquemines, St Bernard, St Charles, St John Baptist, St Tammany |
| **New York (Manhattan)** | **TENANT ONLY** |
| **Counties** | New York County |
| **New York City** | **PROPERTY ONLY** |
| **Counties** | New York County |
| **New York City Metro** | **PROPERTY & TENANT** |
| **Counties** | Bronx, Kings, New York, Queens, Staten Island |
| **Additional Submarkets** | Hudson Waterfront, Hudson Waterfront Ind |
| **NEWARK NNJ** | **COMPS ONLY** |
| **Counties** | Bergen, Essex, Hudson, Hunterdon, Mercer, Middlesex, Monmouth, Morris, Ocean, Orange, Passaic, Pike, Rockland, Somerset, Sussex, Union, Warren |
| **NORTHERN COLORADO** | **COMPS ONLY** |
| **Counties** | Larimer, Weld |
| **Northern New Jersey** | **PROPERTY & TENANT** |
| **Counties** | Bergen, Essex, Hudson, Hunterdon, Mercer, Middlesex, Monmouth, Morris, Ocean, Orange, Passaic, Pike, Rockland, Somerset, Sussex, Union, Warren |
| **NPA SOLANO** | **COMPS ONLY** |
| **Counties** | Napa, Solano |
| **Oakland (East Bay)** | **PROPERTY & TENANT** |
| **Counties** | Alameda, Contra Costa, Napa |
| **Additional Submarkets** | Milpitas |
| **Ocala** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Marion |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 59 of 85

| Oklahoma City | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Adair, Alfalfa, Atoka, Beaver, Beckham, Blaine, Bryan, Caddo, Canadian, Carter, Cherokee, Choctaw, Cimarron, Cleveland, Coal, Comanche, Cotton, Craig, Creek, Custer, Delaware, Dewey, Ellis, Garfield, Garvin, Grady, Grant, Greer, Harmon, Harper, Haskell, Hughes, Jackson, Jefferson, Johnston, Kay, Kingfisher, Kiowa, Latimer, Le Flore, Lincoln, Logan, Love, Major, Marshall, Mayes, Mcclain, Mccurtain, Mcintosh, Murray, Muskogee, Noble, Nowata, Okfuskee, Oklahoma, Okmulgee, Osage, Ottawa, Pawnee, Payne, Pittsburg, Pontotoc, Pottawatomie, Pushmataha, Roger Mills, Rogers, Seminole, Sequoyah, Stephens, Texas, Tillman, Tulsa, Wagoner, Washington, Washita, Woods, Woodward |
| Olympia | PROPERTY, TENANT & COMPS |
| Counties | Adams, Asotin, Benton, Chelan, Clallam, Columbia, Douglas, Ferry, Franklin, Garfield, Grant, Grays Harbor, Island, Jefferson, Kitsap, Kittitas, Klickitat, Lewis, Lincoln, Mason, Okanogan, Pacific, Pend Oreille, San Juan, Skagit, Spokane, Stevens, Thurston, Wahkiakum, Walla Walla, Whatcom, Whitman, Yakima |
| Omaha | PROPERTY, TENANT & COMPS |
| Counties | Adair, Adams, Allamakee, Antelope, Appanoose, Arthur, Audubon, Banner, Benton, Black Hawk, Blaine, Boone, Box Butte, Boyd, Bremer, Brown, Buchanan, Buena Vista, Buffalo, Burt, Butler, Calhoun, Carroll, Cass, Cedar, Cerro Gordo, Chase, Cherokee, Cherry, Cheyenne, Chickasaw, Clarke, Clay, Clayton, Clinton, Colfax, Crawford, Cuming, Custer, Dakota, Dallas, Davis, Dawes, Dawson, Decatur, Delaware, Des Moines, Deuel, Dickinson, Dixon, Dodge, Douglas, Dubuque, Dundy, Emmet, Fayette, Fillmore, Floyd, Franklin, Fremont, Frontier, Furnas, Gage, Garden, Garfield, Gosper, Grant, Greeley, Greene, Grundy, Guthrie, Hall, Hamilton, Hancock, Hardin, Harlan, Harrison, Hayes, Henry, Hitchcock, Holt, Hooker, Howard, Humboldt, Ida, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Kearney, Keith, Keokuk, Keya Paha, Kimball, Knox, Kossuth, Lancaster, Lee, Lincoln, Linn, Logan, Louisa, Loup, Lucas, Lyon, Madison, Mahaska, Marion, Marshall, Mcpherson, Merrick, Mills, Mitchell, Monona, Monroe, Montgomery, Morrill, Muscatine, Nance, Nemaha, Nuckolls, Obrien, Osceola, Otoe, Page, Palo Alto, Pawnee, Perkins, Phelps, Pierce, Platte, Plymouth, Pocahontas, Polk, Pottawattamie, Poweshiek, Red Willow, Richardson, Ringgold, Rock, Sac, Saline, Sarpy, Saunders, Scott, Scotts Bluff, Seward, Shelby, Sheridan, Sherman, Sioux, Stanton, Story, Tama, Taylor, Thayer, Thomas, Thurston, Union, Valley, Van Buren, Wapello, Warren, Washington, Wayne, Webster, Wheeler, Winnebago, Winneshiek, Woodbury, Worth, Wright, York |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 60 of 85

| Omaha/Council Bluffs | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Cass, Douglas, Harrison, Mills, Pottawattamie, Sarpy, Saunders, Washington |
| Orange County | PROPERTY, TENANT & COMPS |
| Counties | Orange |
| Additional Submarkets | Downey Ind, Long Beach North Ind, Long Beach SW Ind, Norwalk/Bellflower Ind, Paramount North Ind, Paramount South Ind, Santa Fe Springs Ind, Signal Hill Ind, Diamond Bar Ind, Montebello/Whittier Ind, Mid-Cities, Southeast Los Angeles, Cerritos Ind, Long Beach SE Ind, Long Beach: Suburban, La Mirada Ind, Lakewood Ind, Long Beach: Downtown |
| Orlando | PROPERTY, TENANT & COMPS |
| Counties | Brevard, Lake, Orange, Osceola, Seminole |
| Pensacola/Ferry Pass/Brent | PROPERTY, TENANT & COMPS |
| Counties | Escambia, Santa Rosa |
| Peoria | PROPERTY, TENANT & COMPS |
| Counties | Adams, Alexander, Brown, Bureau, Carroll, Cass, Champaign, Christian, Clark, Clay, Coles, Crawford, Cumberland, De Witt, Douglas, Edgar, Edwards, Effingham, Fayette, Ford, Franklin, Fulton, Gallatin, Greene, Hamilton, Hancock, Hardin, Henderson, Henry, Iroquois, Jackson, Jasper, Jefferson, Jo Daviess, Johnson, Kankakee, Knox, Lawrence, Livingston, Logan, Macon, Marion, Marshall, Mason, Massac, Mcdonough, Mclean, Menard, Mercer, Montgomery, Morgan, Moultrie, Peoria, Perry, Piatt, Pike, Pope, Pulaski, Putnam, Randolph, Richland, Rock Island, Saline, Sangamon, Schuyler, Scott, Shelby, Stark, Stephenson, Tazewell, Union, Vermilion, Wabash, Warren, Washington, Wayne, White, Whiteside, Williamson, Woodford |
| PHI 5 Counties | COMPS ONLY |
| Counties | Bucks, Chester, Delaware, Montgomery, Philadelphia |
| Philadelphia Metro & Suburbs | PROPERTY & TENANT |
| Counties | Adams, Atlantic, Berks, Bucks, Burlington, Camden, Carbon, Chester, Columbia, Cumberland, Dauphin, Delaware, Franklin, Gloucester, Kent, Lackawanna, Lancaster, Lebanon, Lehigh, Luzerne, Monroe, Montgomery, Montour, New Castle, Northampton, Perry, Philadelphia, Salem, Schuylkill, Sussex, Wyoming, York |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 61 of 85

| PHILDLPHIA | COMPS ONLY |
|---|---|
| **Counties** | Adams, Atlantic, Berks, Bucks, Burlington, Camden, Carbon, Chester, Columbia, Cumberland, Dauphin, Delaware, Franklin, Gloucester, Kent, Lackawanna, Lancaster, Lebanon, Lehigh, Luzerne, Monroe, Montgomery, Montour, New Castle, Northampton, Perry, Philadelphia, Salem, Schuylkill, Sussex, Wyoming, York |
| **PHOENIX** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Maricopa, Pinal |
| **Pittsburgh** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Allegheny, Armstrong, Beaver, Butler, Fayette, Washington, Westmoreland |
| **Port St Lucie/Fort Pierce** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Alachua, Bay, Bradford, Calhoun, Citrus, Columbia, Dixie, Escambia, Franklin, Gadsden, Gilchrist, Gulf, Hamilton, Holmes, Jackson, Jefferson, Lafayette, Leon, Levy, Liberty, Madison, Marion, Martin, Monroe, Okaloosa, Santa Rosa, St Lucie, Sumter, Suwannee, Taylor, Union, Wakulla, Walton, Washington |
| **PORTLAND** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Clackamas, Clark, Columbia, Cowlitz, Deschutes, Lane, Linn, Marion, Multnomah, Polk, Skamania, Washington, Yamhill |
| **Portland/South Portland** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Androscoggin, Aroostook, Cumberland, Franklin, Hancock, Kennebec, Knox, Lincoln, Oxford, Penobscot, Piscataquis, Sagadahoc, Somerset, Waldo, Washington, York |
| **Providence** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Bristol, Kent, Newport, Providence, Washington |
| **Raleigh/Durham** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Alamance, Chatham, Durham, Franklin, Johnston, Orange, Person, Wake |
| **Reno/Sparks** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Carson City, Churchill, Douglas, Elko, Esmeralda, Eureka, Humboldt, Lander, Lincoln, Lyon, Mineral, Nye, Pershing, Storey, Washoe, White Pine |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 62 of 85

| Richmond | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Amelia, Caroline, Charles City, Chesterfield, Colonial Hghts Cty, Cumberland, Dinwiddie, Fredericksburg, Goochland, Hanover, Henrico, Hopewell City, King And Queen, King George, King William, Louisa, New Kent, Petersburg, Powhatan, Prince George, Richmond, Richmond City, Spotsylvania, Stafford, Sussex |
| **Roanoke** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Accomack, Albemarle, Alleghany, Amherst, Appomattox, Augusta, Barbour, Bath, Bedford, Bedford City, Bland, Boone, Botetourt, Braxton, Bristol City, Brooke, Brunswick, Buchanan, Buckingham, Buena Vista, Cabell, Calhoun, Campbell, Carroll, Charlotte, Charlottesville, Clay, Clifton Forge, Covington City, Craig, Culpeper, Danville City, Dickenson, Doddridge, Emporia City, Essex, Fayette, Floyd, Fluvanna, Franklin, Galax City, Giles, Gilmer, Grant, Grayson, Greenbrier, Greene, Greensville, Halifax, Hampshire, Hancock, Hardy, Harrison, Harrisonburg, Henry, Highland, Jackson, Kanawha, Lancaster, Lee, Lewis, Lexington City, Lincoln, Logan, Lunenburg, Lynchburg City, Madison, Marion, Marshall, Martinsville, Mason, Mcdowell, Mecklenburg, Mercer, Middlesex, Mineral, Mingo, Monongalia, Monroe, Montgomery, Nelson, Nicholas, Northampton, Northumberland, Norton City, Nottoway, Ohio, Orange, Page, Patrick, Pendleton, Pittsylvania, Pleasants, Pocahontas, Preston, Prince Edward, Pulaski, Putnam, Radford City, Raleigh, Randolph, Rappahannock, Richmond, Ritchie, Roane, Roanoke, Roanoke City, Rockbridge, Rockingham, Russell, Salem City, Scott, Shenandoah, Smyth, South Boston, Southampton, Staunton City, Summers, Taylor, Tazewell, Tucker, Tyler, Upshur, Washington, Wayne, Waynesboro, Webster, Westmoreland, Wetzel, Wirt, Wise, Wood, Wyoming, Wythe |
| **Rochester** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Albany, Allegany, Broome, Cattaraugus, Cayuga, Chautauqua, Chemung, Chenango, Clinton, Columbia, Cortland, Delaware, Erie, Essex, Franklin, Fulton, Genesee, Greene, Hamilton, Herkimer, Jefferson, Lewis, Livingston, Madison, Monroe, Montgomery, Niagara, Oneida, Onondaga, Ontario, Orleans, Oswego, Otsego, Rensselaer, Saratoga, Schenectady, Schoharie, Schuyler, Seneca, St Lawrence, Steuben, Sullivan, Tioga, Tompkins, Ulster, Warren, Washington, Wayne, Wyoming, Yates |
| **SACRAMENTO** | **PROPERTY, TENANT & COMPS** |
| **Counties** | El Dorado, Placer, Sacramento, San Joaquin, Solano, Sutter, Yolo, Yuba |
| **Salinas** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Salinas |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 63 of 85

| | |
|---|---|
| **Salt Lake City** | **PROPERTY, TENANT & COMPS** |
| Counties | Cache, Davis, Franklin, Juab, Morgan, Salt Lake, Summit, Tooele, Utah, Weber |
| **San Antonio** | **PROPERTY, TENANT & COMPS** |
| Counties | Atascosa, Bandera, Bexar, Comal, Guadalupe, Kendall, Medina, Wilson |
| **San Bernardino/Riverside (Inland Empire)** | **TENANT ONLY** |
| Counties | Riverside, San Bernardino |
| **San Diego** | **PROPERTY, TENANT & COMPS** |
| Counties | San Diego |
| Additional Submarkets | South Riverside |
| **San Francisco** | **PROPERTY & TENANT** |
| Counties | San Francisco, San Mateo |
| Additional Submarkets | Palo Alto South, Embarcadero/101, Downtown Palo Alto |
| **San Jose (South Bay)** | **PROPERTY & TENANT** |
| Counties | San Benito, Santa Clara |
| Additional Submarkets | Newark, Menlo Park-Sand Hill, Menlo Park-Atherton, Menlo Park-East/EPA, Fremont West of 880, Fremont East of 880 |
| **San Luis Obispo/Paso Robles** | **PROPERTY, TENANT & COMPS** |
| Counties | Kern, San Luis Obispo, Santa Barbara |
| **Santa Barbara/Sta Maria/Goleta** | **PROPERTY, TENANT & COMPS** |
| Counties | Kern, San Luis Obispo, Santa Barbara |
| **Santa Cruz/Watsonville** | **PROPERTY, TENANT & COMPS** |
| Counties | Monterey, Santa Cruz |
| **Savannah** | **PROPERTY, TENANT & COMPS** |
| Counties | Bryan, Chatham, Effingham |
| **Seattle** | **PROPERTY, TENANT & COMPS** |
| Counties | King, Pierce, Snohomish |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 64 of 85

| Shreveport/Bossier City | PROPERTY, TENANT & COMPS |
|---|---|
| Counties | Acadia, Allen, Ascension, Assumption, Avoyelles, Beauregard, Bienville, Bossier, Caddo, Calcasieu, Caldwell, Cameron, Catahoula, Claiborne, Concordia, De Soto, E Baton Rouge, East Carroll, East Feliciana, Evangeline, Franklin, Grant, Iberia, Iberville, Jackson, Jeff n Davis, Jefferson, La Salle, Lafayette, Lafourche, Lincoln, Livingston, Madison, Morehouse, Natchitoches, Orleans, Ouachita, Plaquemines, Pointe Coupee, Rapides, Red River, Richland, Sabine, St Bernard, St Charles, St Helena, St James, St John Baptist, St Landry, St Martin, St Mary, St Tammany, Tangipahoa, Tensas, Terrebonne, Union, Vermilion, Vernon, W Baton Rouge, Washington, Webster, West Carroll, West Feliciana, Winn |
| SNJ 3 Counties | COMPS ONLY |
| Counties | Burlington, Camden, Gloucester |
| SNTA CLARA | COMPS ONLY |
| Counties | San Benito, Santa Clara |
| Additional Submarkets | Newark, Menlo Park-Sand Hill, Menlo Park-Atherton, Menlo Park-East/EPA, Fremont West of 880, Fremont East of 880 |
| South Bend/Mishawaka | PROPERTY, TENANT & COMPS |
| Counties | Adams, Allen, Bartholomew, Benton, Blackford, Carroll, Cass, Clark, Clay, Clinton, Crawford, Daviess, Decatur, Dekalb, Dubois, Elkhart, Fayette, Floyd, Fountain, Fulton, Gibson, Grant, Greene, Harrison, Howard, Huntington, Jackson, Jay, Jefferson, Jennings, Knox, Kosciusko, La Porte, LaGrange, Lawrence, Marshall, Martin, Miami, Monroe, Montgomery, Noble, Orange, Owen, Parke, Perry, Pike, Posey, Pulaski, Randolph, Ripley, Rush, Scott, Spencer, St Joseph, Starke, Steuben, Sullivan, Switzerland, Tippecanoe, Tipton, Union, Vanderburgh, Vermillion, Vigo, Wabash, Warren, Warrick, Washington, Wayne, Wells, White, Whitley |
| South Florida | PROPERTY & TENANT |
| Counties | Broward, Miami/Dade, Palm Beach |
| Southwest Florida | PROPERTY, TENANT & COMPS |
| Counties | Charlotte, Collier, Lee, Sarasota |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 65 of 85

| Spokane | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Ada, Adams, Asotin, Bannock, Bear Lake, Benewah, Benton, Bingham, Blaine, Boise, Bonner, Bonneville, Boundary, Butte, Camas, Canyon, Caribou, Cassia, Chelan, Clallam, Clark, Clearwater, Columbia, Custer, Douglas, Elmore, Ferry, Franklin, Fremont, Garfield, Gem, Gooding, Grant, Grays Harbor, Idaho, Island, Jefferson, Jerome, Kitsap, Kittitas, Klickitat, Kootenai, Latah, Lemhi, Lewis, Lincoln, Madison, Mason, Minidoka, Nez Perce, Okanogan, Oneida, Owyhee, Pacific, Payette, Pend Oreille, Power, San Juan, Shoshone, Skagit, Spokane, Stevens, Teton, Thurston, Twin Falls, Valley, Wahkiakum, Walla Walla, Washington, Whatcom, Whitman, Yakima |
| **Springfield (Missouri)** | PROPERTY, TENANT & COMPS |
| **Counties** | Adair, Atchison, Audrain, Barry, Barton, Benton, Bollinger, Boone, Butler, Callaway, Camden, Cape Girardeau, Carroll, Carter, Cedar, Chariton, Christian, Clark, Cole, Cooper, Dade, Dallas, Daviess, Dent, Douglas, Dunklin, Gasconade, Gentry, Greene, Grundy, Harrison, Henry, Hickory, Holt, Howard, Howell, Iron, Jasper, Knox, Laclede, Lawrence, Lewis, Linn, Macon, Madison, Maries, Marion, McDonald, Mercer, Miller, Mississippi, Moniteau, Monroe, Montgomery, Morgan, New Madrid, Newton, Nodaway, Oregon, Osage, Ozark, Pemiscot, Perry, Pettis, Phelps, Pike, Polk, Pulaski, Putnam, Ralls, Randolph, Reynolds, Ripley, Saline, Schuyler, Scotland, Scott, Shannon, Shelby, St Clair, St Francois, Ste Genevieve, Stoddard, Stone, Sullivan, Taney, Texas, Vernon, Wayne, Webster, Worth, Wright |
| **ST. LOUIS** | PROPERTY, TENANT & COMPS |
| **Counties** | Bond, Calhoun, Clinton, Crawford, Franklin, Jefferson, Jersey, Lincoln, Macoupin, Madison, Monroe, St. Charles, St. Clair, St. Louis, St. Louis City, Warren, Washington |
| **STCK MDESTO** | PROPERTY, TENANT & COMPS |
| **Counties** | San Joaquin, Stanislaus |
| **Stockton/Modesto** | PROPERTY, TENANT & COMPS |
| **Counties** | Amador, Calaveras, Fresno, Kern, Kings, Madera, Mariposa, Merced, San Joaquin, Stanislaus, Tulare, Tuolumne |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 66 of 85

| Syracuse | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Albany, Allegany, Broome, Cattaraugus, Cayuga, Chautauqua, Chemung, Chenango, Clinton, Columbia, Cortland, Delaware, Erie, Essex, Franklin, Fulton, Genesee, Greene, Hamilton, Herkimer, Jefferson, Lewis, Livingston, Madison, Monroe, Montgomery, Niagara, Oneida, Onondaga, Ontario, Orleans, Oswego, Otsego, Rensselaer, Saratoga, Schenectady, Schoharie, Schuyler, Seneca, St Lawrence, Steuben, Sullivan, Tioga, Tompkins, Ulster, Warren, Washington, Wayne, Wyoming, Yates |
| **Tallahassee** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Alachua, Bay, Bradford, Calhoun, Citrus, Columbia, Dixie, Escambia, Franklin, Gadsden, Gilchrist, Gulf, Hamilton, Holmes, Jackson, Jefferson, Lafayette, Leon, Levy, Liberty, Madison, Marion, Okaloosa, Santa Rosa, Sumter, Suwannee, Taylor, Union, Wakulla, Walton, Washington |
| **TAMPA** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Hernando, Hillsborough, Manatee, Pasco, Pinellas, Polk, Sarasota |
| **Toledo** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Fulton, Hancock, Henry, Lenawee, Lucas, Monroe, Ottawa, Sandusky, Seneca, Wood |
| **TRNTON CNJ** | **COMPS ONLY** |
| **Counties** | Mercer, Middlesex, Monmouth, Somerset |
| **Tucson** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Pima, Pinal |
| **Tulsa** | **PROPERTY, TENANT & COMPS** |
| **Counties** | Adair, Alfalfa, Atoka, Beaver, Beckham, Blaine, Bryan, Caddo, Canadian, Carter, Cherokee, Choctaw, Cimarron, Cleveland, Coal, Comanche, Cotton, Craig, Creek, Custer, Delaware, Dewey, Ellis, Garfield, Garvin, Grady, Grant, Greer, Harmon, Harper, Haskell, Hughes, Jackson, Jefferson, Johnston, Kay, Kingfisher, Kiowa, Latimer, Le Flore, Lincoln, Logan, Love, Major, Marshall, Mayes, Mcclain, Mccurtain, Mcintosh, Murray, Muskogee, Noble, Nowata, Okfuskee, Oklahoma, Okmulgee, Osage, Ottawa, Pawnee, Payne, Pittsburg, Pontotoc, Pottawatomie, Pushmataha, Roger Mills, Rogers, Seminole, Sequoyah, Stephens, Texas, Tillman, Tulsa, Wagoner, Washington, Washita, Woods, Woodward |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 67 of 85

| Utica/Rome | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Albany, Allegany, Broome, Cattaraugus, Cayuga, Chautauqua, Chemung, Chenango, Clinton, Columbia, Cortland, Delaware, Erie, Essex, Franklin, Fulton, Genesee, Greene, Hamilton, Herkimer, Jefferson, Lewis, Livingston, Madison, Monroe, Montgomery, Niagara, Oneida, Onondaga, Ontario, Orleans, Oswego, Otsego, Rensselaer, Saratoga, Schenectady, Schoharie, Schuyler, Seneca, St Lawrence, Steuben, Sullivan, Tioga, Tompkins, Ulster, Warren, Washington, Wayne, Wyoming, Yates |
| **Visalia/Porterville** | PROPERTY, TENANT & COMPS |
| **Counties** | Amador, Calaveras, Fresno, Kern, Kings, Madera, Mariposa, Merced, San Joaquin, Stanislaus, Tulare, Tuolumne |
| **W PALM BCH** | COMPS ONLY |
| **Counties** | Palm Beach |
| **WASH DC** | COMPS ONLY |
| **Counties** | Charles, District of Columbia, Fauquier, Frederick, Montgomery, Prince George's, Stafford, Washington |
| **Washington DC Metro** | PROPERTY & TENANT |
| **Counties** | Alexandria, Arlington, Berkeley, Calvert, Caroline, Charles, Clarke, District of Columbia, Fairfax, Fairfax City, Falls Church, Fauquier, Frederick, Fredericksburg, Hampshire, Jefferson, King George, Loudoun, Manassas City, Manassas Park, Montgomery, Morgan, Prince George's, Prince William, Spotsylvania, St Marys, Stafford, Warren, Washington, Winchester |
| **West Michigan** | PROPERTY, TENANT & COMPS |
| **Counties** | Alcona, Alger, Allegan, Alpena, Antrim, Arenac, Baraga, Barry, Bay, Benzie, Berrien, Branch, Calhoun, Cass, Charlevoix, Cheboygan, Chippewa, Clare, Clinton, Crawford, Delta, Dickinson, Eaton, Emmet, Gladwin, Gogebic, Grand Traverse, Gratiot, Hillsdale, Houghton, Huron, Ingham, Ionia, Iosco, Iron, Isabella, Jackson, Kalamazoo, Kalkaska, Kent, Keweenaw, Lake, Leelanau, Lenawee, Luce, Mackinac, Manistee, Marquette, Mason, Mecosta, Menominee, Midland, Missaukee, Montcalm, Montmorency, Muskegon, Newaygo, Oceana, Ogemaw, Ontonagon, Osceola, Oscoda, Otsego, Ottawa, Presque Isle, Roscommon, Saginaw, Sanilac, Schoolcraft, Shiawassee, St. Joseph, Tuscola, Van Buren, Wexford |
| **West Palm Beach** | TENANT ONLY |
| **Counties** | Palm Beach |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 68 of 85

| Westchester/Southern CT | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Bronx, Dutchess, Fairfield, Litchfield, New Haven, Putnam, Westchester |

| Wichita | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Allen, Anderson, Barber, Barton, Bourbon, Brown, Butler, Chase, Chautauqua, Cherokee, Cheyenne, Clark, Clay, Cloud, Coffey, Comanche, Cowley, Crawford, Decatur, Dickinson, Edwards, Elk, Ellis, Ellsworth, Finney, Ford, Geary, Gove, Graham, Grant, Gray, Greeley, Greenwood, Hamilton, Harper, Harvey, Haskell, Hodgeman, Jewell, Kearny, Kingman, Kiowa, Labette, Lane, Lincoln, Logan, Lyon, Marion, Marshall, Mcpherson, Meade, Mitchell, Montgomery, Morris, Morton, Nemaha, Neosho, Ness, Norton, Osborne, Ottawa, Pawnee, Phillips, Pottawatomie, Pratt, Rawlins, Reno, Republic, Rice, Riley, Rooks, Rush, Russell, Saline, Scott, Sedgwick, Seward, Sheridan, Sherman, Smith, Stafford, Stanton, Stevens, Sumner, Thomas, Trego, Wallace, Washington, Wichita, Wilson, Woodson |

| Wilmington (North Carolina) | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Alleghany, Ashe, Avery, Beaufort, Bertie, Bladen, Brunswick, Buncombe, Camden, Carteret, Caswell, Cherokee, Chowan, Clay, Columbus, Craven, Cumberland, Dare, Duplin, Edgecombe, Gates, Graham, Granville, Greene, Halifax, Harnett, Haywood, Henderson, Hertford, Hoke, Hyde, Jackson, Jones, Lee, Lenoir, Macon, Madison, Martin, Mcdowell, Mitchell, Montgomery, Moore, Nash, New Hanover, Northampton, Onslow, Pamlico, Pasquotank, Pender, Perquimans, Pitt, Polk, Richmond, Robeson, Rutherford, Sampson, Scotland, Surry, Swain, Transylvania, Tyrrell, Vance, Warren, Washington, Watauga, Wayne, Wilkes, Wilson, Yancey |
| **Additional Submarkets** | Carolina Beach |

| Yakima | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Adams, Asotin, Benton, Chelan, Clallam, Columbia, Douglas, Ferry, Franklin, Garfield, Grant, Grays Harbor, Island, Jefferson, Kitsap, Kittitas, Klickitat, Lewis, Lincoln, Mason, Okanogan, Pacific, Pend Oreille, San Juan, Skagit, Spokane, Stevens, Thurston, Wahkiakum, Walla Walla, Whatcom, Whitman, Yakima |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 69 of 85

| Youngstown/Warren/Boardman | PROPERTY, TENANT & COMPS |
|---|---|
| **Counties** | Adams, Allen, Ashland, Athens, Auglaize, Belmont, Champaign, Clinton, Columbiana, Coshocton, Crawford, Darke, Defiance, Fayette, Fulton, Gallia, Guernsey, Hancock, Hardin, Harrison, Henry, Highland, Hocking, Holmes, Jackson, Jefferson, Knox, Lawrence, Logan, Lucas, Mahoning, Marion, Meigs, Mercer, Monroe, Morgan, Muskingum, Noble, Ottawa, Paulding, Perry, Pike, Putnam, Ross, Sandusky, Scioto, Seneca, Shelby, Trumbull, Tuscarawas, Van Wert, Vinton, Washington, Wayne, Williams, Wood, Wyandot |

Case 4:16-cv-01288-FJG   Document 26-6   Filed 01/27/17   Page 70 of 85

**Confidential Appendix B**
**Currently Restricted Customers**

**[Redacted From the Public Record Version, But Incorporated By Reference]**

**Confidential Appendix C**
**Core Based Statistical Areas for LoopNet Customer Data**

**[Redacted From the Public Record Version, But Incorporated By Reference]**

**Confidential Appendix D**
**List of LoopNet Employees Excluded From the Definition of "Potential Employee"**

**[Redacted From the Public Record Version, But Incorporated By Reference]**

# APPENDIX E

# APPENDIX E

To settle concerns arising from CoStar Group, Inc.'s ("CoStar") proposed acquisition of LoopNet, Inc. ("LoopNet"), CoStar has agreed to enter into a consent order (the "Order") with the Federal Trade Commission ("FTC"). This document explains some provisions of the Order that may affect how CoStar does business with you. The FTC and CoStar agreed that CoStar would send this document to you to be sure you are aware of the Order and its key terms.

This Order does not impose obligations on you. Rather, it gives you certain rights in your business dealings with CoStar. Below is a brief description of those rights, and directions on how you can get more information about the FTC's Order.

You are defined in the Order as a "Currently Restricted Customer," meaning that the Order grants you new rights under your contract with CoStar. First, CoStar must quickly modify your contract to allow you, if you want: (1) to provide commercial real estate listings and information derived independently from CoStar's databases to CoStar's competitors; (2) to subscribe to a commercial real estate listings or information product offered by CoStar's competitors; (3) to invest in CoStar's competitors (up to a limit); and (4) to endorse publicly services or products marketed by CoStar's competitors.

But if you decide to modify your contract with CoStar so as to allow you to provide commercial real estate listings and information to CoStar's competitors, or if you choose to make a passive investment of 10% or more of the equity in a CoStar competitor, the Order permits CoStar to require you to keep records to verify that any of the listings or information provided to CoStar's competitors were derived independently of CoStar's databases. CoStar also may require you to agree to occasional confidential audits conducted by a monitor, who the FTC has appointed at CoStar's expense, to verify that information from CoStar's database has not been provided to CoStar's competitors. The Order further permits CoStar to prohibit you from acquiring an interest of greater than 20% in a CoStar competitor or from participating in the management of a CoStar competitor. In addition, the Order allows CoStar to prohibit you from making your employees available on a regular or recurring basis to gather information for CoStar's competitors. These limitations may be part of the contract modification.

Also, if you have a contract with CoStar that has a term longer than 1 year, the Order allows you to terminate the contract, for any reason and without payment or penalty of any kind, on 1 year's written notice.

The Order also protects you from the early termination of your contract by CoStar except in certain circumstances. With a few exceptions, CoStar may not terminate its services without prior notice to you, unless: (1) CoStar obtains an order from a judge or an arbitrator; or (2) CoStar follows a procedure outlined in the Order that requires CoStar to provide written notice of the termination to the monitor, discuss the reasons for the termination with you within 2 days after the termination, and follow other steps. In many circumstances, you will have the right to arbitrate any contract dispute with CoStar.

The Order also ensures that CoStar will not penalize you if you provide commercial real estate listings or information to CoStar's competitors, endorse or invest in CoStar's competitors, or exercise your right to terminate a multi-year contract. CoStar may continue to charge different prices and offer different products to its customers, and may terminate or decline to renew contracts if customers refuse to agree to the contract terms permitted by the Order. However, the Order generally ensures that CoStar will not offer less favorable prices, product offerings, or other contract terms, and will not terminate your relationship with CoStar because you are doing business with CoStar's competitors.

The Order gives you additional protections with respect to how you purchase CoStar products. For example, CoStar may not require you to subscribe to one of CoStar's products as a condition to subscribing to another CoStar product. Similarly, CoStar may not require you to subscribe to products covering one or several geographic areas as a condition to subscribing to products covering other geographic areas. However, CoStar may continue to offer its customers discounts if they purchase more than one of CoStar's products or subscribe to products covering more than one geographic area. CoStar also may offer its listings and information products to its customers bundled together on new platforms, although CoStar has agreed that if it does, it will also continue to offer the products separately for about 3 years at commercially reasonable prices.

For more information: This document summarizes some but not all of the Order and its terms. CoStar's actual obligations are described in the Order itself, which you can read and download in its entirety on the Federal Trade Commission's web site at [insert link]. If you have any questions about the Order, you may contact CoStar at ftccompliance@costar.com or the FTC at [link]. Guy Dorey is the FTC's monitor; you may reach him at guy@dorey.com.

# APPENDIX F

# APPENDIX F

To settle concerns arising from CoStar Group, Inc.'s ("CoStar") proposed acquisition of LoopNet Inc. ("LoopNet"), CoStar has agreed to enter into a consent order (the "Order") with the Federal Trade Commission ("FTC"). This document explains some provisions of the Order that may affect how CoStar does business with you. The FTC and CoStar agreed that CoStar would send this document to you to be sure you are aware of the Order and its key terms.

This Order does not impose obligations on you. Rather, it gives you certain rights in your business dealings with CoStar. Below is a brief description of those rights, and directions on how you can get more information about the FTC's Order.

The Order makes clear that you may choose to do business and to provide commercial real estate listings and information to CoStar's competitors, and that CoStar won't offer you less favorable price or other contract terms because of that. CoStar may by contract continue to prohibit you from providing data from CoStar's database to CoStar's competitors. However, your contract allows you to provide CoStar's competitors with commercial real estate listings and information derived independently of CoStar's databases.

The Order also protects you from the early termination of your contract by CoStar except in certain circumstances. With a few exceptions, CoStar may not terminate its services without prior notice to you, unless: (1) CoStar obtains an order from a judge or an arbitrator; or (2) CoStar follows a procedure outlined in the Order that requires CoStar to provide written notice of the termination to the monitor appointed by the Commission, discuss the reasons for the termination with you within 2 days after the termination, and follow other steps. In many circumstances, you will have the right to arbitrate any contract dispute with CoStar.

The Order also ensures that CoStar will not penalize you if you provide commercial real estate listings or information to CoStar's competitors, endorse or invest in CoStar's competitors, or exercise your right to terminate a multi-year contract. CoStar may continue to charge different prices and offer different products to its customers, and may terminate or decline to renew contracts if customers do not agree to the contract terms permitted by the Order. However, the Order generally ensures that CoStar will not offer less favorable prices, product offerings, or other contract terms, and will not terminate your relationship with CoStar because you are doing business with CoStar's competitors.

The Order gives you additional protections with respect to how you purchase CoStar products. For example, CoStar may not require you to subscribe to one of CoStar's products as a condition to subscribing to another CoStar product. Similarly, CoStar may not require you to subscribe to products covering one or several geographic areas as a condition to subscribing to products covering other geographic areas. However, CoStar may continue to offer its customers discounts if they purchase more than one of CoStar's products or subscribe to products covering more than one geographic area. CoStar also may offer its listings and information products to its customers bundled together on new platforms, although CoStar has agreed that if it does, it will also continue to offer the products separately for about 3 years at commercially reasonable prices.

For more information:  This document summarizes some but not all of the Order and its terms.
CoStar's actual obligations are described in the Order itself, which you can read and download in
its entirety on the Federal Trade Commission's web site at [insert link].  If you have any
questions about the Order, you may contact CoStar at ftccompliance@costar.com or the FTC at
[link].  Guy Dorey is the FTC's monitor; you may reach him at guy@dorey.com.

# APPENDIX G

# APPENDIX G

To settle concerns arising from CoStar Group, Inc.'s ("CoStar") proposed acquisition of LoopNet, Inc. ("LoopNet"), CoStar has agreed to enter into a consent order (the "Order") with the Federal Trade Commission ("FTC"). This document explains some provisions of the Order that may affect how CoStar does business with you. The FTC and CoStar agreed that CoStar would send this document to you to be sure you are aware of the Order and its key terms.

<u>This Order does not impose obligations on you. Rather, it gives you certain rights in your business dealings with CoStar. Below is a brief description of those rights, and directions on how you can get more information about the FTC's Order.</u>

You do not have to contract with CoStar to accept a data extract or the right to maintain data from a CoStar database in your database. However, if you do contract with CoStar to accept a data extract or the right to maintain data from a CoStar database in your database, you may become a "Future Restricted Customer" as that term is defined by the Order. For Future Restricted Customers that choose to provide commercial real estate listings and information to CoStar's competitors, the Order permits CoStar to enter contracts with them to keep records to verify that any of the listings or information provided to CoStar's competitors were derived independently of CoStar's databases. CoStar also may contract with such customers to agree to occasional confidential audits conducted by a monitor, who the FTC has appointed at CoStar's expense, to verify that information from CoStar's database has not been provided to CoStar's competitors. The Order further permits CoStar to enforce contract terms prohibiting Future Restricted Customers from acquiring an interest of greater than 20% in a CoStar competitor or from participating in the management of a CoStar competitor. In addition, the Order allows CoStar to enforce contract terms to prohibit Future Restricted Customers from making their employees available on a regular or recurring basis to gather information for CoStar's competitors.

If you have a contract with CoStar that has a term longer than 1 year, the Order allows you to terminate the contract, for any reason and without payment or penalty of any kind, on 1 year's written notice.

The Order also protects you from the early termination of your contract by CoStar except in certain circumstances. With a few exceptions, CoStar may not terminate its services without prior notice to you, <u>unless</u>: (1) CoStar obtains an order from a judge or an arbitrator; or (2) CoStar follows a procedure outlined in the Order that requires CoStar to provide written notice of the termination to the monitor, discuss the reasons for the termination with you within 2 days after the termination, and follow other steps. In many circumstances, you will have the right to arbitrate any contract dispute with CoStar.

The Order also ensures that CoStar will not penalize you if you provide commercial real estate listings or information to CoStar's competitors, endorse or invest in CoStar's competitors, or exercise your right to terminate a multi-year contract. CoStar may continue to charge different prices and offer different products to its customers, and may terminate or decline to renew contracts if customers refuse to agree to the contract terms permitted by the Order. However, the

Order generally ensures that CoStar will not offer less favorable prices, product offerings, or other contract terms, and will not terminate your relationship with CoStar because you are doing business with CoStar's competitors.

The Order gives you additional protections with respect to how you purchase CoStar products. For example, CoStar may not require you to subscribe to one of CoStar's products as a condition to subscribing to another CoStar product. Similarly, CoStar may not require you to subscribe to products covering one or several geographic areas as a condition to subscribing to products covering other geographic areas. However, CoStar may continue to offer its customers discounts if they purchase more than one of CoStar's products or subscribe to products covering more than one geographic area. CoStar also may offer its listings and information products to its customers bundled together on new platforms, although CoStar has agreed that if it does, it will also continue to offer the products separately for about 3 years at commercially reasonable prices.

For more information: This document summarizes some but not all of the Order and its terms. CoStar's actual obligations are described in the Order itself, which you can read and download in its entirety on the Federal Trade Commission's web site at [insert link]. If you have any questions about the Order, you may contact CoStar at ftccompliance@costar.com or the FTC at [link]. Guy Dorey is the FTC's monitor; you may reach him at guy@dorey.com.

**Confidential Appendix H**
**Monitor Agreement**

**[Redacted From the Public Record Version, But Incorporated By Reference]**

**Confidential Appendix I**
**CoStar/DMG Information, Inc. Purchase Agreement**

**[Redacted From the Public Record Version, But Incorporated By Reference]**

**Confidential Appendix J**
**Audit Agreement**

**[Redacted From the Public Record Version, But Incorporated By Reference]**