**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

COSTAR GROUP, INC.,
COSTAR REALTY
INFORMATION, INC., and LOOPNET,
INC.

               Plaintiffs,

      v.

XCELIGENT, INC.,

            Defendant.

Case No. 4:16-cv-01288-FJG

**PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION**

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and adequately protect confidential material and upon consideration of the stipulated request of Plaintiffs CoStar Group, Inc., CoStar Realty Information, Inc., and LoopNet, Inc., as well as Defendant Xceligent, Inc. (each a "Party" and collectively, the "Parties"), through Counsel, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

1. **PRELIMINARY STATEMENT**

    a. **Purposes and Limitations**

The parties in this Action are direct business competitors. Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or

responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; CM/ECF Civil and Criminal Administrative Procedures Manual and Users Guide for the Western District of Missouri sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**b. Good Cause Statement**

This Action is likely to involve trade secrets, customer lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than in this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of Non-Parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Some of these materials and information are likely to be unknown to the opposing Party or its employees. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address

2

their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

## 2. DEFINITIONS

2.1     Action: The currently pending suit, *CoStar Group, Inc., et al. v. Xceligent, Inc.*, Case No. 4:16-cv-01288-FJG, pending in the United States District Court for the Western District of Missouri, Western Division.

2.2     Challenging Party: a Party or Non-Party that challenges a Designation of information or items under this Order.

2.3     CoStar: CoStar Group, Inc., CoStar Realty Information, Inc., and LoopNet, Inc., either individually or collectively.

2.4     Counsel: Outside Counsel of Record and In-house Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6     Designation: the identification by a Designating Party of information (regardless of how it is generated, stored or maintained) or tangible things as qualifying for either of the two categories of protection described in Sections 2.6(a) and (b), below:

(a)     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that the Designating Party in good faith believes in fact is confidential.

3

Information and items that may be designated as "CONFIDENTIAL" include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to Non-Parties.

Correspondence and other communications between the Parties or with Non-Parties may be designated as "CONFIDENTIAL" if the communication was made with the understanding or reasonable expectation that the communication or the information therein would not become generally available to the public.

Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like should not be designated as "CONFIDENTIAL."

(b) <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that is believed to be unknown to the opposing Party or Parties, or any Party's employees and in which the Designating Party has a confidentiality interest. For purposes of this Order, so-designated information includes, but is not limited to, trade secrets, product information, design information, research and development information, non-public financial information, pricing information, customer information, including without limitation identification data, and any other commercially or competitively sensitive information. For the avoidance of doubt, unless the information otherwise meets the definition of Highly Confidential, such information does not include the means by which

4

any Party appropriated, copied, altered or published another Party's intellectual property, or accessed or used another Party's website or database; the fact of such appropriation, copying, altering, publishing, use, or access; or communications relating to such topics.

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, and who is not an employee of a Party or a parent, subsidiary, or affiliate of a Party.

2.9     Foreign Actions:   *CoStar Group, Inc., et al. v. MaxVal Technologies Pvt. Ltd.,* Civil Suit No. 7 of 2016 (in India) and *CoStar Group, Inc., et al. v. Avion BPO Corp.,* IPV No. OR#671786 (in the Philippines).

2.10    Foreign Documents:   All documents obtained by CoStar pursuant to search or seizure or other orders entered by the courts overseeing the Foreign Actions, both in the past and in the future, as well as any other documents produced to CoStar, through search, seizure or other orders, discovery, or otherwise, in the Foreign Actions. Foreign Documents include any documents seized *ex parte* by CoStar and/or its agents pursuant to orders entered in the Foreign Actions, or from the defendants therein, whether before or after the date of this Order.

2.11    In-house Counsel: attorneys designated herein who are employees of a

5

Party or the corporate parent of a Party to this Action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel. Designated In-house Counsel for CoStar currently are Jonathan Coleman and Jaye Campbell; designated In-house Counsel on behalf of Xceligent currently is Paul Vogt. The foregoing designations may be altered by agreement of the Parties or by order of the Court.

2.12   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13   Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained, through their respective law firm, to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party, including such law firms' attorneys and support staff.

2.14   Party: any Party to this Action, including all of its officers, directors, and employees.

2.15   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors that are subject to a non-disclosure agreement with the Party that provides them Disclosure or Discovery Material covered by this Order.

2.17   Protected Material: any Disclosure or Discovery Material that bears a designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.18   Receiving Party: a Party that receives Disclosure or Discovery Material

from a Producing Party.

3. **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material, (b) all copies, excerpts, summaries, or compilations of Protected Material, and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

To the extent either Party wishes to use any Protected Material in a hearing or at trial, the Parties shall confer on appropriate procedures to protect that Information during the proceeding, consistent with the sealing requirements of the Court.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or an order of this Court otherwise directs. Final disposition shall be deemed to be the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice, and (b) final judgment herein, in either case after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Designations that are shown to be clearly unjustified and not voluntarily withdrawn upon notice under Section 6, or that have been made for

7

an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties), may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party should promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, to the extent practical, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "designation legend"), to each page that contains Protected Material. In the event designation through affixation of the applicable legend is impractical, as with electronic documents produced in native format, designation may be made in any manner that is reasonably designed to notify all recipients that the material has been designated, including through a cover letter that identifies the designated material by bates number.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has

indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate designation legend to each page that contains Protected Material.  In the event designation through affixation of the applicable legend is impractical, as with electronic documents produced in native format, designation may be made in any manner that is reasonably designed to notify all recipients that the material has been designated, including through a cover letter that identifies the designated material by bates number.

(b) for testimony given in depositions, any Party or the deponent (as a Designating Party), may designate deposition testimony (and corresponding transcripts and recordings) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by making a statement to that effect on the record during the deposition and advising the court reporter of the beginning and end of the testimony so designated orally at the deposition.  Alternatively, within thirty (30) days after receipt of a final transcript of a deposition, the deponent or any Party may designate the transcript and recording of the deposition, or any portion thereof, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying the court reporter and all Parties, in writing, of the specific pages and lines of the transcript and recording that should be so treated.

All deposition transcripts and recordings shall be treated as "HIGHLY CONFIDENTIAL" under the terms of this Order for thirty (30) days after receipt of the

final transcript, unless each Party and the deponent indicates, either on the record at the conclusion of the deposition or in writing following the deposition, that such Party or deponent does not intend to designate the deposition or any portion thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Counsel for a Party or a Non-Party witness shall have the right to exclude from depositions any person who is not authorized to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information pursuant to this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which CONFIDENTIAL or HIGHLY CONFIDENTIAL information is being used or discussed.

Any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, to the extent practicable the Producing Party should identify the protected portion(s).

5.3    Inadvertent Failures to Designate.   An inadvertent failure to designate qualified information or items does not, in any way, alter or waive the protected and confidential nature of the document otherwise deserving of such designation and does not remove it from the scope of this Order, provided that the Producing Party or

10

Designating Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the information was not properly designated. Such information shall be subject to this Order as if it had been initially so designated. If, prior to receiving such notice, the Receiving Party had disclosed the inadvertently undesignated material to persons or entities not authorized to receive it under this Order, the Receiving Party must make reasonable efforts to retrieve it or to otherwise assure that the material is treated in accordance with the provisions of this Order.

5.4    A party may change the designation of any Disclosure or Discovery Material produced by another Producing Party without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or designate any Disclosure or Discovery Material produced as "CONFIDENTIAL" as "HIGHLY CONFIDENTIAL" provided that said Disclosure or Discovery Material contains the upward Designating Party's own confidential information as described in Section 2.6. Increasing a designation shall be accomplished by providing written notice to all Parties identifying the Disclosure or Discovery Material whose designation is to be increased. Promptly after providing such notice, the upward Designating Party shall provide re-labeled copies of the material to each Receiving Party reflecting the new designation. The Receiving Party will replace the incorrectly designated material with the newly designated material and will destroy the incorrectly designated material. Any Party may object to the increased designation pursuant to Section 6.

6. **CHALLENGING DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a Designation at any time that is consistent with the Court's Scheduling Order. A Party is not obligated to challenge the propriety of a designation of Protected Material at the

11

time such designation is made, and a failure to do so does not preclude a subsequent challenge to the designation.

6.2 <u>Meet and Confer</u>. The Challenging Party must notify the Producing Party, in writing, of its objections and the reasons therefor. Thereafter, the parties shall meet and confer in a good-faith effort to resolve the objection. If the parties are unable to reach an agreement as to the challenged material, the Challenging Party may initiate the dispute resolution process under Local Rule 37.1.

6.3 <u>Burden of Persuasion.</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.

6.4 <u>Pendency of Challenge</u>. Unless the Designating Party has waived or withdrawn the Designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. Any person receiving Protected Material may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, appealing, or attempting to settle this Action. Protected Material may not be used for any other purpose, including, without limitation, any business, commercial, or competitive purpose. Such Protected Material (including its contents, or any portion or summary thereof) may not be disclosed to or discussed with any person other than the categories of persons

Case 4:16-cv-01288-FJG   Document 38   Filed 03/02/17   Page 12 of 27

described in this Order, and under the conditions and restrictions described in this Order. The Parties reserve their right to seek to use or challenge the use of Protected Material in the Foreign Actions.

When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that is reasonably likely to ensure that access is limited to the persons authorized under this Order.

7.2     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action and their respective staff or Professional Vendors;

(b) In-house Counsel (including the in-house legal department's administrative, clerical, or technical staff to whom disclosure is reasonably necessary for this Action, provided that such persons shall not be permitted to keep any Protected Material and that they have been advised of their obligations under this Order) for the Receiving Party, as designated in Section 2.10, above;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, videographers, and their staff, and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this Action;

(f) professional jury or trial consultants, mock jurors, insurers, and insurance counsel to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, provided that such author, recipient, custodian, or other person shall not be permitted to keep any Protected Material unless that individual already has access to such documents in the ordinary course of business;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, to be used solely for the purpose of the deposition and not retained by the witness, provided the disclosing party advises such persons of the obligations herein and they agree to be bound by this Order by executing the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the persons and entities identified in Section 7.2, above; and

(b) such officers or employees of the Party who are actively involved in the prosecution or defense of this Action and who have signed the "Acknowledgment and

14

Agreement to Be Bound" (Exhibit A).

7.4 The Parties specifically contemplate and hereby agree that during discovery any Party may request of the other permission to share particular documents or categories of documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" with a specified person or persons who have been provided with a copy of this Order and have signed a document agreeing to be bound by it (Exhibit A). In any such request, the Party making such request will specifically identify the documents or categories of documents to be shared and will specifically identify the particular person or persons for whom access to the documents is sought. The Party receiving such request shall consider the request in good faith. If the Party receiving such request declines to give the requested consent, it will provide the Party making such request with a reasoned basis for doing so. If the Parties cannot come to an agreement, the Party making such request may seek relief from the Court, but shall not disclose the Protected Material under this paragraph unless and until the Court grants such relief.

Every person given access to Protected Material shall be advised that the information is being disclosed or communicated pursuant and subject to the terms of this Order and may not be used, disclosed, or communicated other than pursuant to the terms hereof.

7.5 <u>Receipt and Use of Foreign Documents; Use of Protected Material in Foreign Actions</u>. The Foreign Documents may be reviewed and used in this Action by all Parties and their In-house Counsel and Outside Counsel of Record in this Action. Pursuant to Section 12.2 hereof, any objections to the authenticity, admissibility or any use in evidence of such documents are fully reserved. Pursuant to Section 5.4, a Party

15

or Non-Party may designate the Foreign Documents as Protected Material under this Order. The status of particular Foreign Documents may be challenged in accordance with Section 6.

7.6     Retention of Copies During this Litigation. Copies of Protected Material shall be maintained only in the offices or other places of work of Outside Counsel of Record and/or In-house Counsel for the Receiving Party and, to the extent supplied to Experts described in Section 7.2(c), above, in the offices or other places of work of those Experts. Copies of documents and exhibits containing Protected Material may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation. Notwithstanding any other provision of this Order, Protected Material (including copies) shall not be sent, taken, or transmitted to any person or destination outside of the United States without the written consent of the Designating Party or further order of this Court.

7.7     Consent to Disclosure and Use in Examination. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Designating Party consents to such disclosure or if the Court, after notice to all affected Parties and Non-Parties, orders such disclosure. Nor shall anything in this Order prevent any counsel of record from utilizing Protected Material (a) in the examination or cross-examination in this Action of any person who is identified on the document as being an author, source, or recipient of the Protected Material or who had personal knowledge of the Protected Material prior to its disclosure in this Action or the Foreign Actions, irrespective of which Party produced such information, or (b) in connection with preparing such a person to give testimony. A witness who is shown documents or information containing Protected

Material but who is not otherwise authorized to have access to copies of documents or testimony containing Protected Material shall not retain or copy portions of the transcripts of their depositions or testimony or any documents that contain Protected Material except to the extent necessary for the witness to review, make any changes, and sign the deposition transcript pursuant to Federal Rule of Civil Procedure 30(e).

7.8    The Parties' Use of Their Own Protected Material.  This Order shall have no effect upon, and shall not apply to, the Parties' use or disclosure of their own Protected Material for any purpose.

7.9    Manner of Use in Court Filings.  In the event a Party wishes to use any Protected Material in affidavits, declarations, briefs, memoranda of law, or other papers filed in this Action, the Party shall do one of the following:  (a) with the consent of the producing Party, file only a redacted copy of the information; (b) if appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (c) file such information under seal with the Court consistent with the sealing requirements of the Court, as set forth in Section 12.3, below.

7.10    Manner of Use in Hearing or at Trial.  To the extent either Party wishes to use any Protected Material in a hearing or at trial, the Parties shall confer on appropriate procedures to protect that Information during the proceeding, consistent with the sealing requirements of the Court, as set forth in Section 12.3, below.

7.11    Retention of Exhibit A.  Outside Counsel of Record for the Party that obtains the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) by any persons or entities receiving Protected Material shall retain them throughout this Action. If any Designating Party has good cause to believe that another Party has improperly

17

disclosed Protected Material, it may move for an order allowing it to inspect such records before the conclusion of this Action.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR ADMINISTRATIVE PROCEEDING**

If a Party is served with a subpoena or a court order issued in other litigation, or other lawful directive, that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party, to the extent permitted by law. Such notification shall include a copy of the subpoena, court order, or other directive;

(b) promptly notify in writing the Party who caused the subpoena, order, or other directive to issue in the other litigation that some or all of the material covered by the subpoena, order, or other directive is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected (including by seeking confidentiality designations with respect to such material before it is produced).

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court or administrative agency from which the subpoena, order, or other directive issued, unless the Party has obtained the Designating Party's permission or would otherwise be violating applicable law. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material.

Nothing in these provisions should be construed as requiring, authorizing, or encouraging a Receiving Party in this Action to disobey a lawful directive from another

18

court or administrative agency.

## 9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

(a) The terms of this Order are applicable to information produced by or seized from a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party may elect to:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the procedures in Section 9(b) above are adhered to and a Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's

confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order from this Court, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by this Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material. If the procedures in Section 9(b) are not adhered to, all rights as between the applicable Party and Non-Party shall be unaffected by this Order.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The Parties, or any Designating or Producing Party, shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Protected Material.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The Parties must identify a large volume of documents and other materials to be retrieved, collected, reviewed and made available for review and copying by the opposing Party. The Court recognizes that it would unduly delay the proceedings in this case for each Party to postpone document production in order to conduct a thorough

review of all the potentially responsive records and materials in order to identify which are attorney-client or accountant-client privileged, protected from disclosure by the attorney work-product doctrine, or are otherwise immune from discovery. In order to preserve the rights of all Parties and to permit the matter to proceed in accordance with the rules and schedule prescribed by the Court, pursuant to Federal Rule of Evidence 502, the Court hereby orders:

11.1   Each Party shall make reasonable efforts to identify all information that it deems privileged or subject to work product protection and to assert the privilege or protection if appropriate.

11.2   Pursuant to Federal Rule of Evidence 502(d), if information subject to a claim of attorney-client privilege or work product protection or otherwise immune from discovery is inadvertently or mistakenly disclosed or produced by the Producing Party in this litigation, after the Producing Party took reasonable steps to prevent disclosure (hereinafter referred to as "inadvertently disclosed information"), such disclosure or production shall in no way constitute a waiver or forfeiture of, or estoppel as to, any claim of privilege or work product protection or immunity for such information and its subject matter.

11.3   Pursuant to Federal Rule of Evidence 502(d) and (e), any inadvertent disclosure of the type described in Section 11.2 also does not waive any attorney-client privilege, accountant-client privilege, attorney work product protection, or other immunity for such inadvertently disclosed information in any other federal or state proceeding, whether or not involving the Parties.

11.4   In the event that a Receiving Party discovers that a Producing Party has

produced inadvertently disclosed information that bears indicia of privilege (either attorney-client or work product), it shall promptly so notify the Producing Party through its undersigned counsel.

11.5    No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any right, privilege or other protection that the Producing Party had or may have had.   In thereafter seeking production of the inadvertently disclosed information, the Receiving Party shall not assert waiver or estoppel as a ground for such production.  Nor shall the Producing Party use the inadvertently disclosed information as a basis for arguing for the Receiving Party's disqualification.

11.6    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of attorney-client privilege, attorney work product, or other protection, the Receiving Parties shall return the material and all copies thereof and take reasonable efforts to destroy any electronic copies of the material (other than portions of back-up tapes or other similar archived material, which should be destroyed in accordance with standard retention policies) within fourteen (14) days of such request, and provide a certification of counsel that all such inadvertently disclosed material has been returned or deleted and/or destroyed.  The Producing Party shall maintain copies of all inadvertently disclosed material until any and all challenging to the Producing Party's privilege assertions regarding that material have been resolved by the Court.

11.7    Within fourteen (14) days of the certification that such inadvertently disclosed material has been returned or deleted and/or destroyed (except as permitted

by Section 12.6), the Producing Party shall serve via email a privilege log with respect to the inadvertently disclosed material.

11.8    Absent agreement of the parties or further order of this Court, any log prepared by a Producing Party of those documents that it has withheld or redacted on grounds of attorney-client privilege, the work product doctrine or some other applicable privilege, immunity or protection shall be done in accordance with the Federal Rules of Civil Procedure and the Court's Order Setting Protocol for Discovery of Electronically Stored Information, which will be separately submitted and entered.  Without waiving any rights otherwise available to them, the parties agree with respect to any such logs that the Producing Party shall have no obligation to log documents or information generated after the time this Action was commenced.

## 12. MISCELLANEOUS

12.1    Right to Further Relief.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material.  A Party that seeks to file any Protected Material shall file it under seal, as provided for in the CM/ECF Civil and Criminal Administrative Procedures Manual and Users Guide for the Western District of Missouri, available at http://www.mow.uscourts.gov/district/cm/admin_users_guide.pdf.    Protected  Material may only be filed under seal pursuant to a Court order authorizing the sealing of the

23

specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may not file the information in the public record unless otherwise instructed by the Court.

12.4    <u>Advice to Clients</u>.  This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any Party client the attorney's evaluation in a general way of Protected Material produced or exchanged under the terms of this Order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the contents of any Protected Material produced by another Party if such disclosure would be contrary to the terms of this Order.

12.5    <u>Duty to Ensure Compliance</u>.  Any Receiving Party disclosing Protected Material to any person not a Party as permitted by this Order shall have the duty to reasonably ensure that such person or entity observes the terms of this Order and shall be responsible upon breach of such duty for the failure of such person or entity to observe the terms of this Order.

12.6    <u>Modification and Exceptions</u>.  The Parties and any non-Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order.

## 13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material (other than portions of back-up tapes or other archived electronic material, which should be destroyed in accordance with standard retention policies).  As used in this subdivision, "all Protected

Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material, other than the material that is exempted from the return or destruction obligation as set forth in this Section 13. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all filed and draft versions of pleadings, motion papers and other Court filings, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition, hearing, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4, above (DURATION).

14. **VIOLATIONS.**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO ORDERED.**

Date: March 2, 2017                    /s/ FERNANDO J. GAITAN, JR._____
Kansas City, Missouri                 Fernando J. Gaitan, Jr.
                                      United States District Judge

25

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

|  |  |
|---|---|
| COSTAR GROUP, INC.,<br>COSTAR REALTY<br>INFORMATION, INC., and LOOPNET,<br>INC.<br><br>             Plaintiffs,<br><br>    v.<br><br>XCELIGENT, INC.,<br><br>          Defendant. | Case No. 4:16-cv-01288-FJG |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

My name is _____.

I work for

_____.

My business contact information is:

     _____

     _____

     _____

     I have read the attached Stipulated Protective Order Governing Confidential

Information ("Order") entered by the Court in the above-styled matter.  I understand the

responsibilities and obligations the Order imposes on me regarding **Confidential** or

**Highly Confidential** information I review in this Action.  I agree to be bound by all of the

provisions of the Order.

     I certify that:

- I did not receive any Confidential or Highly Confidential information before signing this acknowledgement;

- I believe I meet all requirements for receipt of information and other material designated as Confidential or Highly Confidential Information, pursuant to the Order;

- I have received a copy of the Order for my personal use and reference, and I have retained an executed copy of this Exhibit A.

Signed: _____

Dated: _____