IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., and LOOPNET, INC.<br><br>     Plaintiffs,<br><br>     v.<br><br>XCELIGENT, INC.,<br><br>     Defendant. | Case No. 4:16-cv-01288-FJG |

**ORDER**

Before the Court are the parties' various discovery dispute letters. The Court believes a teleconference at this time to be unnecessary. After close review of the parties' letters, the Court is of the opinion that plaintiffs' requests, in particular, are overly broad.

The plaintiffs make three requests of the Court: that it (1) order defendant to produce or permit immediate inspection of all defendant's websites and databases; (2) order defendant to supplement its response to Interrogatory No. 1 within 14 days; and (3) order defendant to produce within 30 days all responsive, non-privileged documents that Xceligent identified through a reasonable search using the search terms and custodians that CoStar has proposed. Upon consideration of these requests, the Court is unconvinced that plaintiffs have sufficiently considered the proportionality requirements of the Federal Rules of Civil Procedure in framing their requests. Instead, plaintiffs' discovery requests, as reflected in their letter to the Court and the attachments

thereto, appear to be little more than a fishing expedition. Accordingly, the Court will **DENY** plaintiffs' requests made in their discovery dispute letter to the Court.

In an effort to better understand plaintiffs' position and to move this case forward, however, the Court **DIRECTS** plaintiffs to propose interrogatories and requests for production applicable to the three issues they raised by their discovery dispute letter that closely fit the proportionality guidelines reflected in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(b)(1) (in consideration of whether a matter is proportional to the needs of the case, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") Plaintiffs shall file these proposals, along with an explanation citing to legal authority as to how they fit the proportionality guidelines, on ECF on or before **June 7, 2017.** Plaintiffs' filing should be ten pages or fewer. Defendant shall file any opposition to these proposals (again ten pages or fewer) on ECF on or before **June 12, 2017**, and thereafter the Court will issue an order on the plaintiffs' proposed discovery.

Defendant has also raised issues via its own discovery dispute letter, namely requesting that plaintiffs produce documents related to the more than 9,000 allegedly infringing images referenced in the complaint (and in the proposed amended complaint), as well as guidance on the parameters for searching for responsive ESI (including search term and custodian identification). While the Court believes that plaintiffs should produce documents related to the 9,000 alleged infringing images, the Court is also sympathetic to the plaintiffs' concern that an ESI protocol should be agreed to prior to

production.  The Court, however, is concerned that defendant may be engaging in a fishing expedition of its own as to search terms and custodians.  The Court believes that these issues raised by defendant could be resolved if the parties were to engage in good faith efforts to meet and confer regarding an ESI protocol and parameters of searching for responsive ESI.  The parties are directed to refer to this Court's Civil ESI Principles and Civil ESI Checklist, available at http://www.mow.uscourts.gov/district/rules .  The parties are directed to file a status report on or before **JUNE 7, 2017**, indicating whether they have been able to reach agreement about an ESI protocol and an outline for initial parameters for searching for responsive ESI.  The Court expects plaintiffs to produce documents responsive to plaintiff's request for the alleged 9,000 infringing images within 14 days of the parties' agreement on an ESI protocol.

The Court cautions the parties that if they cannot agree on an ESI protocol and some initial parameters for conducting reasonable, proportional searches for ESI on or before **June 7, 2017**, the Court will appoint a special master under Federal Rule of Civil Procedure 53 to oversee all ESI discovery in this case.  The Court anticipates that the costs of the special master will be shared by the parties.

**IT IS SO ORDERED.**

Date: May 24, 2017 /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri Fernando J. Gaitan, Jr.
United States District Judge