IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., and LOOPNET, INC._____Plaintiffs,<br><br>v.<br><br>XCELIGENT, INC.,_____Defendant. | Case No. 4:16-cv-01288-FJG |

**ORDER**

On May 24, 2017, after reviewing discovery dispute letters from the parties in this matter, the Court entered an order denying plaintiffs' requests as overly broad and disproportional under the Federal Rules. The Court directed plaintiffs to propose interrogatories and requests for production that closely fit the proportionality guidelines reflected in the Federal Rules of Civil Procedure. Plaintiffs' proposals (along with citations to legal authority as to how they fit the proportionality guidelines) were due on or before June 7, 2017.

Instead of directly responding to the Court's May 24, 2017 Order, plaintiffs filed a response (Doc. No. 75) wherein the continue to argue that their original three requests from their May 2017 letter were justified under the rules (going so far as to explain why their first request (for access to all defendant's websites and databases) should have been granted, even though the parties have apparently reached agreement on that issue and there is nothing left for the Court to resolve).

With respect to search terms and custodians, plaintiffs argue that defendant has only used search terms and custodians that it unilaterally selected without input by plaintiffs. Plaintiffs also, in the alternative, propose that defendant answer the following interrogatory so that plaintiffs are better able to target their custodian-related discovery requests:

> Identify (1) each Xceligent employee and each Xceligent agent (which term shall include without limitation employees of Avion BPO, Inc., MaxVal Technologies Pvt., and Re BackOffice Inc. (the "Foreign Agents")) who copied, uploaded, or provided to Xceligent any data or copyrighted photograph(s) obtained from a CoStar website or database during the relevant time period; (2) each manager to whom such employee or agent reported; (3) each manager or trainer responsible for working with or supervising Xceligent's Foreign Agents who participated in the copying, uploading, or provision to Xceligent of data or copyrighted photograph(s) obtained from a CoStar website or database; (4) any IT professional who supported the technology used by Xceligent and/or the Foreign Agents to access CoStar websites and/or databases, including without limitation Virtual Private Networks (VPN), proxy services, and TOR browsers or other anonymizer software; and (5) any executive from Xceligent or DMGI that participated in the creation of company-wide real estate research policies or provided any directions to Xceligent employees or Foreign Agents with respect to CoStar websites and/or databases, or data or photographs obtained from such sources.

Defendant notes, in response, that plaintiffs have insisted that defendant be required to collect, search, and review documents and data for a disproportionate number of custodians (41 custodians, as of 6/5/17). Defendant also notes that the proposed interrogatory, above, would not narrow or refine the issues, given that defendant has no way of readily knowing whether any particular photograph on plaintiffs' websites or databases is "copyrighted" or whether the data is protectable, and

instead this interrogatory constitutes an improper attempt to shift the burden of identifying infringing images from plaintiffs to defendant.

With respect to defendant's response to Interrogatory No. 1, plaintiffs state that defendant should be required to supplement and continue to do so, because defendant is the only party conclusively aware of which copyrighted images it has taken from plaintiffs. Plaintiffs, in the alternative, propose limiting the interrogatory to the following:

> For each potentially infringing image or datum discovered by CoStar or Xceligent, pursuant to the agreed-upon database and website discovery protocol or otherwise, identify the Person who obtained, reproduced, acquired, or uploaded the relevant image or datum to Xceligent's databases and the date the image or datum was uploaded to Xceligent's databases, describe in detail the method by which that person did so including the software used or technical means used to acquire, edit, and upload that photograph or datum, and any purported permission Xceligent received to use such image or datum including the form of such permission.

In response, defendant notes that plaintiff's original Interrogatory No. 1 asked it to conduct a fishing expedition throughout its entire database to try to identify CoStar photographs or data, without knowing whether the photographs are legally copyrighted by plaintiffs or whether the data was something that plaintiffs claimed was proprietary. Defendant notes that the proposed interrogatory, above, suffers from similar problems, as the term "potentially infringing" is undefined, and there is no readily available means for defendant to determine whether an image or data is "potentially infringing." Defendant finally notes that, given plaintiffs are being provided access to defendant's database, plaintiffs should be able to conduct their own review and make their own determinations as to what images/data constitute infringement. Once plaintiffs have

3

conducted such a review, defendant proposes amending the first interrogatory as follows:

> For each image or data which plaintiffs identify as allegedly infringing, please identify: (1) the person who uploaded the photograph or data onto Xceligent's website or database; (2) the date the photograph or data was uploaded; and (3) any permission Xceligent received to use such image or data.

Upon considering the parties' responses to the Court's Order, again the Court concludes that plaintiffs' proposals are not consistent with the proportionality requirements of the Federal Rules. As an initial matter, the Court finds defendant's proposal regarding Interrogatory No. 1 is appropriate, and once plaintiffs identify allegedly infringing images, defendant shall respond by identifying the person who uploaded the photograph or data, give the date the photograph or data was uploaded, and describe any permission it received to use the image or data.

With respect to the issues regarding search terms and custodians, the Court believes that the likely better course is for plaintiffs to request (and be provided) incremental discovery – that is, plaintiffs should propose a clearly identified sample group of individual custodians and search terms that are likely to reveal what plaintiffs believe is defendant's offending conduct. Once the parties have had a chance to review the discovery in the sample group, they should have a better sense of whether discovery as to additional custodians is warranted or not, and the parties can then move on from there.

In order to discuss next steps to take in discovery, including the potential appointment of a special master under Federal Rule of Civil Procedure 53 to oversee all ESI discovery in this case, the Court will hold a teleconference on **Wednesday, July**

4

**12, 2017, at 1:00 p.m. CST** to discuss these matters with counsel. The parties will be notified via email of the Toll Free Conference number and the Access Code for teleconference participation.

**IT IS SO ORDERED.**


Date: <u>June 26, 2017</u>                               <u>/s/ FERNANDO J. GAITAN, JR.</u>
Kansas City, Missouri                       Fernando J. Gaitan, Jr.
                                                         United States District Judge