# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTER DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., and LOOPNET, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:16-cv-01288-FJG |
| v. | ) ) | |
| XCELIGENT, INC., | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## OF SPECIAL MASTER

Before the Special Master are submissions by both Plaintiffs and Defendant seeking relief with regard to ESI search protocols and methodologies. Pursuant to the August 2, 2017 Order appointing the undersigned Special Master, the disputes presented are within the jurisdiction of the Special Master. Based upon the submissions of the parties, and the argument and evidence presented at the October 5, 2017 hearing ("October Hearing"), the Special Master makes the following Report and Recommendation.

## BACKGROUND

This lawsuit consists of claims of numerous instances of copyright infringement by Plaintiffs, and counterclaims for antitrust violations by Defendant. The full history and claims are voluminous and will not be repeated here unless necessary to the issues before the Special Master. There is a substantial amount of ESI discovery already in process, either by agreement of the parties or as ordered by the Court outside of the Special Master's work. In addition, there remains significant disagreement as to the scope of additional ESI discovery.

Outside the scope of the present disputes, the parties have exchanged or are exchanging data from their respective databases of pictures and information about the properties appearing on their respective websites.  It is from this data that the Plaintiffs hope to prove the fact of infringement.  To date, Plaintiffs have identified 9,000 individual pictures that they believe infringe.  Within the present dispute is the scope of discovery as to Defendant's "researcher" employees ("Researcher Custodians"), who are tasked with collecting, preparing, and posting pictures and data about the properties on Defendant's website.  The discovery sought as to the Researcher Custodians, according to the Plaintiffs, is related to the intent, willfulness, and corporate involvement in the alleged copyright infringement, rather than the fact of infringement.  In the August 15, 2017 hearing with the Special Master ("August Hearing"), Defendant agreed to collect e-mail and cloud-based documents (e.g., Dropbox or Google Docs) for 13 of the Research Custodians originally requested by Plaintiffs based on information known at the time of the August Hearing.  Defendant provided the electronic search "hits" for those 13 custodians to Plaintiffs in September as part of the parties' negotiation over which steps to take next.

Subsequent to the August Hearing, additional information about the 9,000 pictures was provided to Plaintiffs and they have now identified 823 total Researcher Custodians connected with the 9,000 pictures.  Of the 810 newly identified Researcher Custodians, Plaintiffs have requested that e-mails and cloud-based documents be collected and reviewed for 3 custodians that Plaintiffs have identified as connected to a particularly high volume of the 9,000 pictures.  Plaintiffs also request that the remainder of the ESI, such as hard drives and paper files, be gathered for the 16 (13 original, plus 3 newly identified) Research Custodians.  There is no dispute as to the ESI that would be included in such a collection, only whether Defendant should

be required to undertake such a collection at this point. Finally, Plaintiffs ask that Defendant be ordered to actually review the collected documents of the Researcher Custodians – a process which had not yet started as of the October Hearing.

In addition to the newly identified Researcher Custodians, Plaintiffs have also requested that Defendant collect and search 3 additional Custodians: Ashley Herron, Dawn Harpster, and Alissa Goode. Plaintiffs identified Ms. Herron as performing an "audit" function with regard to the Avion employees in the Philippines, and Ms. Harpster and Ms. Goode as having direct contact with the Avion employees in the Philippines. Defendants position is that all three are merely researchers, and any relevant communications in their possession would also be in other employees' possession. While their exact duties are unclear at this time, these three additional custodians will be referred to as the "Liaison Custodians."[1]

On the other side of the dispute before the Special Master, Defendant requests Plaintiffs review and produce the results of five searches requested by Defendants. The first three searches, identified as Searches 6, 7, and 10, relate to discovery requested by Defendant seeking information regarding Plaintiffs' business practices relative to the use of pictures and data from competitor's websites. The other two searches, identified as Searches 19 and 23, seeking information regarding the antitrust counterclaims. Plaintiffs' objections to all of the searches primarily relate to the high number of "hits" the searches generated and the fear that the searches have returned a large percentage of false hits on non-responsive documents.

At the October Hearing, the Special Master requested more granular data from both sides on the "hits" at issue with the various custodians and searches. That granular data was provided to the Special Master on October 6, 2017. In addition, the Special Master requested

---

[1] In addition to these disputes, Plaintiffs' submission also included a request for "hit reports" that had been promised. It is the Special Master's understanding that this issue was resolved prior to the hearing.

that Defendant agree to collect the e-mails and cloud-based documents for the Liaison Custodians and run searches against the documents to get "hit" counts. Defendant agreed to collect and do a preliminary search, and provide the "hit" counts for the Liaison Custodians to Plaintiffs and the Special Master when complete.

Subsequent to the hearing, Defendant also agreed to proceed with review of the 13 original Researcher Custodians using the three searches of most importance to Plaintiffs – Proposed Searches 12, 15, and 18. In addition, Defendant agreed to review for production the search results of the 3 additional Researcher Custodians requested by Plaintiffs. Therefore, the only remaining disputes for resolution relative to the Defendant are the collection of other ESI beyond e-mails, and the addition of the Liaison Custodians to the search and review process. This Report and Recommendation will address these live issues only.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case*." Fed. R. Civ. P. 28(b)(1) (emphasis added). Proportionality hinges on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*; W.D. Mo. Civil ESI Principles, § 1.03. Proportionality does not require parity between the parties: where information is asymmetrical, "the burden of responding to discovery lies heavier on the party who has more information, and properly so." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

**DISCUSSION**

Both Plaintiffs and Defendant have submitted discovery disputes for decision. The Report and Recommendation of the Special Master is as follows:

**A. Plaintiffs' Submission**

*1. Collection of Additional Documents From Researcher Custodians*

It is unclear at this time whether additional documents outside of e-mails and cloud-based documents should be collected from the Researcher Custodians. Plaintiffs' argument in favor of collection is largely conjecture and speculation. But part of the reason it is largely conjecture and speculation is that Defendant has not reviewed or produced any e-mail or cloud-based documents from the Researcher Custodians. Therefore, the Special Master has no recommendation at this time as to the request for the collection of additional documents from the Researcher Custodians. Defendant has agreed to immediately begin reviewing for production documents from the Researcher Custodians. When those documents are produced, the parties are directed to meet-and-confer promptly on the need for additional collection from the Researcher Custodians. Any remaining dispute will then be addressed based upon actual information about the Researcher Custodians.

*2. Additional Liaison Custodians*

At the hearing, Plaintiffs' presented evidence as to the relevance of each of the Liaison Custodians. As to Ms. Herron, the Plaintiffs presented an email from the Avion production indicating that she was performing work directly with Avion "auditing" the work of the Avion employees. With regard to the other two Liaison Custodians, the evidence presented consisted of emails on which other Xceligent custodians also appear, with no evidence at this

5

time that Ms. Harpster and Ms. Goode are sufficiently discrete from other Custodians that their ESI should be added to the search process in this matter.

The Special Master agrees that Ms. Herron's apparent performance of an "audit" function with regard to the work of the Avion employees in the Philippines provides her with sufficient relevance to justify adding her as a Custodian. As to the other two Liaison Custodians, there is insufficient evidence to justify adding them at this time. Therefore, the Special Master recommends that Ms. Herron be added as a Custodian and her e-mails and cloud-based documents searched and reviewed for production.

**Defendant's Submission**

3. *Searches 6, 7, and 10*

Defendant notes, and Plaintiffs do not dispute, that the Court has already overruled Plaintiffs' objections to the document requests to which Searches 6, 7, and 10 are directed. As such, the issue of discoverability is resolved, and the only remaining issue is whether the terms proposed are sufficiently narrow such that the resulting pool of ESI for review is proportional to the needs of the case. The parties discussed proposed searches and custodians for months before the Special Master was appointed. There is evidence that Defendant has attempted to refine both Custodian lists and search terms in an effort to reach an agreement with Plaintiffs. What was presented to the Special Master for resolution was the current status of these discussions.

Plaintiffs argue that the terms chosen would logically result in false hits. Plaintiffs do not provide any evidence to support this conclusion, however, despite being uniquely in possession of such information. The only example provided, which was a modification of Search 7 that purportedly resulted in a mere 4% rate of "potentially responsive"

6

documents, is not particularly informative as multiple variables appear to have been changed that may have screened out other potentially responsive documents. Therefore, the Special Master is without sufficient information to analyze the dispute beyond the top-level results.

The granular information provided after the October Hearing indicates some potential areas for negotiation, such as the uniquely large number of hits for Custodian Caldwell, who appears to have been the source of a disproportionate number of the "family" documents collected in response to Search 7. This disproportionality may indicate unique circumstances creating false hits, such as how "family" documents were processed for Caldwell's ESI, or it may indicate a trove of responsive documents. Unfortunately, this detailed level of information was not provided prior to presenting the issue to the Special Master.

At this time, the Special Master recommends that Plaintiffs be directed to proceed with review of the results of Searches 6, 7, and 10. If, however, further analysis determines that specific terms within the search strings or the unique circumstances of certain Custodians is resulting in a demonstrably large number of false hits, Plaintiffs are encouraged to discuss the matter further with Defendant. Defendant is encouraged to be reasonable in such discussions. If, after such discussions, Plaintiffs wish to seek relief from the Special Master and can demonstrate specific modifications that will alleviate an undue burden, the Special Master will be available to address such issues expeditiously.

4. *Searches 19 and 23*

Plaintiffs' primary objection to Searches 19 and 23 is that the search strings logically would include a large number of false hits due to the words chosen (e.g., "package" and "CoStar w/15 LoopNet"). As with the prior searches, Plaintiffs do not provide any specific evidence to support this conclusion. By the time the issue was presented to the Special Master

7

for resolution, significant modifications had already occurred to both the terms and the Custodian list. As these searches are limited to six custodians and the total direct match hits are not disproportionate to the needs of the case, the Special Master recommends that Plaintiffs be required to proceed with review for production of documents collected by these hits.

Dated: October 10, 2017

  /s/ Daniel E. Blegen
Daniel E. Blegen
German May PC
1201 Walnut, Suite 2000
Kansas City, MO 64106
Tel.: 816-471-7700
Email: danb@germanmay.com

*Special Master*

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record for this case:

Eric M. Anielak
Elizabeth Fessler
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108
eanielak@shb.com
efessler@shb.com

Nicholas J. Boyle
C. Bryan Wilson
Matthew H. Blumenstein
Jonah E. Perlin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
nboyle@wc.com
bwilson@wc.com
mblumenstein@wc.com
jperlin@wc.com

*Attorneys for Plaintiffs CoStar Group,
Inc. and CoStar Realty Information, Inc.*

Robert A. Henderson
John M. Tyner
Amy D. Fitts
POLSINELLI PC
900 W. 48th Street, Suite 900
Kansas City, MO 64112
rhenderson@polsinelli.com
jtyner@polsinelli.com
afitts@polsinelli.com

*Attorneys for Defendant Xceligent, Inc.*

  /s/ Daniel E. Blegen
Daniel E. Blegen
*Special Master*

9