IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

COSTAR GROUP, INC., COSTAR
REALTY INFORMATION, INC., and
LOOPNET, INC.,

    Plaintiffs,

v.

XCELIGENT, INC.,

    Defendant.

Case No. 4:16-cv-01288-FJG

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the stipulation of Plaintiffs and counterclaim defendants CoStar Group, Inc. ("CoStar Group") and CoStar Realty Information, Inc., ("CoStar Realty," and together with CoStar Group, "CoStar"),[1] and Alfred T. Giuliano, chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of the Defendant and counterclaim plaintiff Xceligent, Inc. ("Xceligent"), this Court hereby LIFTS the stay entered on December 27, 2017 (Doc. No. 189) and ORDERS that final judgment shall be and is hereby entered in the above-captioned action, pursuant to Federal Rule of Civil Procedure 58(a), as follows:

    1.    Judgment is hereby ENTERED in favor of CoStar and against Xceligent in the amount of five hundred million dollars ($500,000,000.00) on CoStar Realty's claims of copyright infringement, and on CoStar Group's claims of breach of contract, violation of the Computer Fraud and Abuse Act, violation of the Digital Millennium Copyright Act, and unfair competition. This Judgment includes damages of $50,000 per instance of

---

[1] LoopNet, Inc. was also a named plaintiff and counterclaim defendant at the time the Amended Complaint was filed. Since that time, LoopNet, Inc. merged into CoStar Realty, thereby ceasing to being a separate, stand-alone entity.

misappropriation of CoStar-owned data and statutory damages pursuant to 17 U.S.C. § 504(c) in the amount of $50,000 per instance of infringement of CoStar's copyrighted photographs.

2. All counterclaims asserted by Xceligent against CoStar are hereby DISMISSED WITH PREJUDICE.

3. Any obligations arising under the Court's July 28, 2017 Order (Doc. No. 100) with respect to the Philippines Documents are hereby dissolved.

4. This judgment redresses only acts, omissions, and injuries that are attributable to Xceligent alone, and does not redress acts, omissions, or injuries that are attributable to any other entity or individual, including without limitation any of Xceligent's former directors, officers, employees, representatives, affiliates, agents, or contractors. Nothing in this Judgment shall diminish either CoStar's or Xceligent's causes of action, claims, or rights with respect to such entities and individuals and/or any other non-parties to this action.

5. Any outstanding motions are hereby DENIED AS MOOT.

## **PERMANENT INJUNCTION**

This Court hereby ORDERS that a Permanent Injunction is entered as follows:

1. For the purposes of this Permanent Injunction, the following definitions shall apply:

a. "Circumvention Measures" means any method of circumventing CoStar's abuse monitor or blocking software including without limitation virtual private networks, proxies, anonymizers, and/or TOR browsers.

b. "CoStar" means all and any parent, subsidiary, sister company, affiliate, related entity, assignee, transferee, designee, predecessor or successor in interest. For the avoidance of doubt, the defined term CoStar includes LoopNet, Inc., which merged into CoStar Realty on January 1, 2017.

c. "CoStar Content" means both CoStar Photograph(s) and CoStar Data (both as defined below).

d. "CoStar Data" means any and all information or data, whether now in existence or later created, which (i) has been copied or otherwise obtained by Xceligent from any CoStar Website or CoStar Database or any other website or database owned and operated by CoStar now or in the future; and/or (ii) Xceligent otherwise knowingly obtained from CoStar, whether directly from CoStar or indirectly through a third party (or through a chain of third parties) which originally obtained the information or data from CoStar and which does not have CoStar's written authorization to distribute the information or data.

e. "CoStar Database" means any subscription or password-protected database owned or operated by CoStar, now or in the future, including databases licensed under the name or names CoStar, CoStar Property, CoStar Comps, CoStar Tenant, CoStar Suite, CoStar Market Analytics, CoStar Portfolio Strategy, CoStar Go, CoStar Mobile, CoStar Risk Analytics, CoStar Real Estate Manager, CoStar Brokerage Applications, CoStar Private Sale Network, CoStar News, CoStar Lease Comps, and/or CoStar Lease Analysis.

f. "CoStar Photograph(s)" means any and all copyrighted images (or portions thereof), whether in the form of a photograph, video, or other non-textual format,

and whether now in existence or later created, in which CoStar (including any of its parents, subsidiaries, or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106).

      g.    "CoStar Website(s)" means any website owned or operated by CoStar, now or in the future, including loopnet.com, costar.com, showcase.com, cityfeet.com, apartments.com, apartmentfinder.com, apartmenthomeliving.com, westsiderentals.com, apartamentos.com, forrent.com, forrentuniversity.com, after55.com, corporatehousing.com, cozy.co, bizbuysell.com, bizquest.com, landsofamerica.com, landandfarm.com, landwatch.com, costar.co.uk, propex.co.uk, showcase.co.uk, shopproperty.co.uk, findafranchise.com, belbex.com, realla.com, realla.co, thomas-daily.de, grecam.com.com, and webpages within those domains. For the avoidance of doubt, the defined term CoStar Website does not include third-party websites that are hosted, provided, or powered by CoStar or that reside on CoStar systems.

      h.    "Xceligent" means Xceligent, Inc., and all and any of its predecessors, successors-in-interest, assigns, transferees, designees, or agents; as well as those who purchase or otherwise have or gain access to all or any part of any Xceligent Database (as defined below), any of its source code, or any other significant portion of its assets; and includes all current and former Xceligent Employees (as defined below), but specifically excludes (i) CoStar or any of its successors or assigns; and (ii) the Trustee, the Estate, or any of the Trustee's agents, employees, attorneys, and professionals.

      i.    "Xceligent Database" means any database (or portion thereof) or website owned or operated by Xceligent currently, in the past, or in the future, including

4

any database (or portion thereof) or website licensed under the name or names CDX, CommercialSearch, realtor.com powered by CommercialSearch, XPRT, Contact Management System, and ClientLook.

j. "Xceligent Employee" means any individual who acts, acted or purports to act on behalf of Xceligent, including without limitation any former executive, director, officer or employee of Xceligent and any employee of any entity that was hired by Xceligent to perform commercial real estate research, whether in the United States or abroad. For the avoidance of doubt, "Xceligent Employee" does not mean the Trustee or any of the Trustee's agents, employees, attorneys, and professionals.

2. Xceligent is permanently restrained and enjoined from (a) infringing by any means, directly or indirectly, any exclusive rights under the Copyright Act in CoStar Photographs, (b) accessing CoStar Websites or CoStar Databases for the purposes of competitive use, including without limitation for the purposes of copying CoStar Data, verifying broker-sourced data using CoStar Data, or generating leads from CoStar Data, (c) employing Circumvention Measures to bypass CoStar's abuse monitor and/or blocking software for any purpose, (d) publishing CoStar Content in or on any Xceligent Database or in or on any other third party database or website without specific written authorization from CoStar, (e) providing CoStar Content to any other individual or entity for any purpose without specific written authorization from CoStar, or (f) inducing any individual or entity to provide CoStar Content or securing CoStar Content from any individual or entity without specific written authorization from CoStar.

3. If Xceligent is found to have violated the terms of this Judgment and Permanent Injunction by infringing a CoStar Photograph, copying CoStar Data relating to

a real estate listing, or accessing a CoStar Website for competitive purposes, Xceligent shall pay CoStar the amount of $50,000 per infringing photograph per day of infringement, and $50,000 per real estate listing. This relief is non-exclusive and shall be in addition to any other relief ordered by the Court.

4. Xceligent remains prohibited from selling, transferring, assigning, making available or continuing to make available all or any portion of the Xceligent Databases to any entity or individual other than CoStar unless Xceligent shall, to CoStar's satisfaction, identify, segregate, and permanently remove and delete all CoStar Content from the relevant database(s) or portions thereof. In the event that, contrary to this Order, any such Xceligent Database or portion thereof is sold, transferred, assigned or otherwise made available to any individual or entity (other than CoStar) without such remediation having taken place, such individual and/or entity shall be subject to this Order on the same terms as Xceligent.

5. Xceligent shall abide by the terms of use and terms of service applicable to the CoStar Databases and CoStar Websites.

6. This Court shall retain jurisdiction of this matter in law and equity for purposes of enforcing and/or adjudicating claims of violations of this Judgment and Permanent Injunction. Any such matters shall be raised by motion. The parties irrevocably and fully waive and relinquish any argument that venue in or jurisdiction by the Court is improper or inconvenient.

7. The parties irrevocably and fully waive any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside in whole or in part,

to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

**IT IS SO ORDERED.**

Date: December 3, 2019 **/S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri Fernando J. Gaitan, Jr.
United States District Judge